**<u>Exhibit Cover Sheet</u>**


**Party
submitting:** Plaintiff          **Ex. #** 121


**Admitted: Yes   or    No  (circle one)**


**Debtor:**   Keith A. Yerian


**Case No.:** 6:15-bk-01720-KSJ

*Adv. No.:*  6:15-ap-00064-KSJ


**Nature of Hearing/
Docket No:**   Trial

_____

**United States Bankruptcy Court
Middle District of Florida**


**Dated**          , 20___.

**By:**                    ,  **Deputy Clerk**


**APPENDIX B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

KEITH A. YERIAN,                                    CASE NO.:  6:15-bk-01720-KSJ

        Debtor.                                 CHAPTER 7

_____/

RICHARD B. WEBBER, II,
CHAPTER 7 TRUSTEE,

        Plaintiff,                              ADV. NO.: 15-ap-64

v.

KEITH A. YERIAN;
SUN Y. PAK; and MWAGUSI
SOFTWARE, LLC,

        Defendants.

_____/

**AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR, TO AVOID
FRAUDULENT TRANSFERS AND RECOVER THE VALUE
THEREOF, AND FOR INJUNCTIVE RELIEF**

COMES NOW, Richard B. Webber, II, the duly appointed Chapter 7 Trustee in the

above-referenced Chapter 7 Case ("Trustee" or "Plaintiff"), and pursuant to §§ 105, 544, 548,

550 and 727 of the United States Bankruptcy Code; § 726.105 and § 726.108 of the Florida

Statutes; and Federal Rules of Bankruptcy Procedure 7001, 7064, and 7065, and hereby files this

Amended Complaint objecting to the Discharge of the Debtor, Keith A. Yerian, to avoid

fraudulent transfers and recover the value thereof, for injunctive relief, and for an accounting,

and in support thereof states as follows:

        1.      Keith A. Yerian, the Debtor ("Debtor"), filed a Voluntary Petition under Chapter

7 of the Bankruptcy Code on February 27, 2015.

2.     The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's Bankruptcy Estate.

3.     Defendant, Sun Y. Pak ("Pak"), is *sui generis* and the spouse of the Debtor.

4.     Defendant, Mwagusi Software, LLC, is a revoked/inactive Nevada limited liability company.

## JURISDICTION

5.     Debtor's case is pending in the United States Bankruptcy Court in the Middle District of Florida, Orlando Division, Case 6:15-bk-01720-KSJ.

6.     This proceeding is a "core proceeding" pursuant to 28 U.S.C. Section 157(b)(2)(H) and (J).

7.     This Court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157.

8.     Venue is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409.

## FACTS

9.     The Debtor was previously married to Deborah Y. Yerian ("Deborah Yerian").

10.     Deborah Yerian is a creditor of Debtor as a result of their divorce.

11.     The Debtor originally failed to schedule or provide notice of Debtor's Chapter 7 bankruptcy case to Deborah Yerian.

12.     The Debtor later amended his Schedules to include Deborah Yerian at the request of the Trustee.

13.     The Debtor's Amended Schedules were filed after the 341 Meeting of Creditors. See ECF #51.

14.     On or about December 19, 1996, Deborah Yerian and Debtor formed ETC Computers, Inc. ("ETC Computers"), an active Ohio corporation.  A true and correct copy of the Ohio Secretary of State report for ETC Computers is attached hereto as Exhibit "A" and incorporated by reference herein.

15.     Deborah Yerian and Debtor each own a 50% interest in ETC Computers.

16.     Debtor failed to disclose his ownership interest in ETC Computers on Schedule B, Question 13 and on his Statement of Financial Affairs, Question 18.

17.     On or about August 25, 2003, Deborah Yerian and Debtor formed IMobile, LLC, an active Ohio corporation.  A true and correct copy of the Ohio Secretary of State report for IMobile, LLC is attached hereto as Exhibit "B" and incorporated by reference herein.

18.     Deborah Yerian and Debtor each own a 50% interest in IMobile, LLC.

19.     Debtor failed to disclose his ownership interest in BGlobal, LLC on Schedule B, Question 13 and on his Statement of Financial Affairs, Question 18.

20.     On or about November 19, 2003, Deborah Yerian and Debtor formed BGlobal, LLC, an active Ohio corporation.  A true and correct copy of the Ohio Secretary of State report for BGlobal, LLC is attached hereto as Exhibit "C" and incorporated by reference herein.

21.     Deborah Yerian and Debtor each own a 50% interest in BGlobal, LLC.

22.     Debtor failed to disclose his ownership interest in BGlobal, LLC on Schedule B, Question 13 and on his Statement of Financial Affairs, Question 18.

23.     The Debtor is the sole member of Yerian Properties, LLC, a Florida limited liability company.  A true and correct copy of the Sunbiz Report showing Yerian Properties LLC's active status and the manager as the Debtor, along with a true and correct copy of Yerian

Properties LLC's Articles of Organization, is attached hereto as Exhibit "D" and is incorporated by reference herein.

24.     The Debtor failed to list his membership interest in Yerian Properties, LLC on his Schedule B, Question 13 and on his Statement of Financial Affairs, Question 18.

25.     Yerian Properties, LLC owns real property in Brevard County, Florida (the "Brevard Property") which is now Property of the Estate, because the sole member (the Debtor) of Yerian Properties, LLC filed bankruptcy.  A true and correct copy of the Special Warranty Deed, dated May 30, 2012, given to Yerian Properties, LLC for the Brevard Property along with a copy of the Brevard County Property Appraiser's report on the Brevard Property, are attached hereto as Composite Exhibit "E" and incorporated by reference herein.

26.     Yerian Properties, LLC also owns real property in Carolina, Puerto Rico (the "Puerto Rico Property") which is now Property of the Estate, because the sole member (the Debtor) of Yerian Properties, LLC filed bankruptcy.  A true and correct copy of the deed, dated August 3, 2012, given to Yerian Properties, LLC is attached hereto as Exhibit "F and incorporated by reference herein.

27.     Yerian Properties, LLC is allegedly owned by the Debtor's self-directed IRA held with IRA Services Trust Company.

28.     Upon information and belief, in addition to owning Yerian Properties, LLC and the property allegedly owned by Yerian Properties, LLC, the Debtor's self-directed IRA contains other assets of the Debtor, including cash.

29.     The Debtor's self-directed IRA is not exempt under Florida law.

30.     Even if the Court should determine that the Debtor's self-directed IRA is exempt under Florida law, the Debtor's actions have caused the self-directed IRA to lose its exempt status.

31.     For example, Debtor has written checks from his self-directed IRA to Mwagusi Software, LLC.  A copy of a check written from the Debtor's self-directed IRA to Mwagusi Software, LLC for "Reimbursement of LLC Startup Costs" is attached hereto as Exhibit "G" and incorporated herein by reference.  The self-directed IRA account number has been redacted for purposes of confidentiality.

32.     As an additional example, during June and July 2014, the Debtor made various purchases in Puerto Rico from his Yerian Properties, LLC bank account at such merchants as Wal-Mart, Best Buy, IKEA, and Home Depot.  Copies of the Debtor's Yerian Properties, LLC Fifth Third bank account statements from June 1, 2014 through July 31, 2014 are attached hereto as Exhibit "H" and incorporated herein by reference.  The bank account number has been redacted for purposes of confidentiality.

33.     Debtor has also made various other purchases from his self-directed IRA account that are unrelated to the Brevard Property or the Puerto Rico Property.

34.     During November and December 2014, Debtor made various other purchases in Florida with his Yerian Properties, LLC bank account at such merchants that include, but are not limited to, PayPal, Home Depot, Harbor Freight, Jerry Browns Auto, Squid Lips, and "IRC License/Tag/AS."  Copies of the Debtor's Yerian Properties, LLC Fifth Third bank account statements from November 1, 2014 are attached hereto as Exhibit "I" and incorporated herein by reference.  The bank account number has been redacted for purposes of confidentiality.

35.     The Debtor failed to disclose the ownership of his self-directed IRA and any of the assets owned by the Debtor's self-directed IRA in his Petition or Schedules.

36.     The Debtor is also a Manager of Mwagusi Software, LLC, a revoked/inactive Nevada limited liability company.  A true and correct copy of the Nevada Secretary of State report for Mwagusi Software, LLC is attached as Exhibit "J" and incorporated by reference herein.

37.     The Debtor did not disclose his interest in Mwagusi Software, LLC on either Schedule B, Question 13 or on the Statement of Financial Affairs, Question 18.

38.     ETC Computers serviced its clients' computer hardware and software needs and operated a retail store as part of its business.

39.     The Debtor diverted business income and funds that were property of ETC Computers to the Debtor and to Mwagusi Software, LLC for the Debtor's benefit.

40.     The Debtor also diverted ETC Computers' customers to Mwagusi Software, LLC, thereby depriving ETC Computers of income and corporate opportunities.

41.     ETC Computers and ETC Computers' other shareholder, Deborah Yerian, suffered losses as a result of Debtor's diversion of ETC Computers' income and customers to the Debtor and to Mwagusi Software, LLC.

42.     In exchange for the Debtor diverting ETC Computers' customers to Mwagusi Software, LLC, Debtor and Defendant Pak received benefits from Mwagusi Software LLC, which included, but was not limited to, salary, commissions, and the payment of Debtor's and Defendant Pak's personal expenses.

43.     On Schedule D, the Debtor listed Dean Barker as holding a lien on a 1998 BMW M Roadster convertible, VIN No. WBSCK9334WLC87296 and a 2008 Smart for Two

automobile, VIN No. WMEEJ31X18K131519.

44.     Dean Barker does not hold a lien recorded on the titles of the 1998 BMW or the 2008 Smart for Two vehicles.  A true and correct copy of the Trustee's lien search for both vehicles is attached hereto as Exhibit "K" and incorporated by reference herein.

45.     The Debtor and Defendant Pak originally held an E*Trade financial account #8472 as joint tenants, which in February 2011 had a balance of $434,248.00.

46.     On March 15, 2012, the Debtor transferred $256,000 to Defendant Pak from account number ending #8472 to an E*Trade account owned by Defendant Pak with an account number ending #5634.  A true and correct copy evidencing that transaction and the E*Trade financial account is attached hereto as Exhibit "L" and incorporated by reference herein.

47.     On July 25, 2012, Defendant Pak purchased real property located at 5667 Treasure Lane in Grant-Valkaria, Florida 32949 for $175,000 by wiring the funds from her account ending in #5634.  A true and correct copy of the statement for Defendant Pak's E*Trade financial account ending in #5634 that identifies the outgoing wire is attached hereto as Exhibit "M" and incorporated by reference herein.

48.     A copy of the Warranty Deed to Defendant Pak, dated July 27, 2012, for the Grant Valkaria Property is attached hereto as Exhibit "N" and incorporated by reference herein.

49.     The balance of $81,000 transferred from Debtor's and Pak's E*Trade account #8472 remains unaccounted for by Defendant Pak.

## COUNT I: § 727(a)(2)(A)

50.     The averments of Paragraphs 1-49 are incorporated by reference as if fully set forth herein.

51.     This Count is brought against the Debtor pursuant to § 727(a)(2)(A) of the

Bankruptcy Code.

52.     The Debtor, with intent to hinder, delay or defraud a creditor has transferred or concealed property of the Estate within one year of the Petition date.

53.     As one example, the Debtor concealed assets with the intent to hinder, delay, or defraud creditor, Deborah Yerian.

54.     The Debtor also concealed assets from the Trustee.

WHEREFORE, Plaintiff Trustee prays that this Court will enter final judgment denying the Defendant/Debtor's discharge pursuant to §727(a)(2)(A) of the Bankruptcy Code and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT II: § 727(a)(4)

55.     The averments of Paragraphs 1-49 are incorporated by reference as if fully set forth herein.

56.     This Count is brought against the Debtor pursuant to § 727(a)(4) of the Bankruptcy Code.

57.     The Debtor knowingly and fraudulently in connection with this Bankruptcy Case made a false oath or account.

58.     The Debtor knowingly and fraudulently failed to list Yerian Properties, LLC and its assets, which includes the Brevard Property and the Puerto Rico Property, on Schedule B, Question 13 and on Statement of Financial Affairs, Question 18.

59.     The Debtor knowingly and fraudulently failed to disclose the ownership of his self-directed IRA and any of the assets owned by the Debtor's self-directed IRA on his Petition.

60.     The Debtor knowingly and fraudulently failed to list Mwagusi Software, LLC on Schedule B, Question 13 and on Statement of Financial Affairs, Question 18.

61.     The Debtor knowingly and fraudulently concealed and failed to disclose the benefits received from Mwagusi Software, LLC on Statement of Financial Affairs, Question 1.

62.     The Debtor knowingly and fraudulently provided answers to questions at the § 341 Meeting of Creditors that were inaccurate.

63.     The Debtor knowingly and fraudulently scheduled Dean Barker as a secured creditor on Schedule D to mislead the Trustee into believing that there were liens on the 1998 BMW and the 2008 Smart for Two vehicles and that there was no equity in the vehicles.

64.     The Debtor knowingly and fraudulently failed to list ETC Computers on Schedule B, Question 13 and on Statement of Financial Affairs, Question 18.

65.     The Debtor knowingly and fraudulently failed to list IMobile, LLC on Schedule B, Question 13 and on Statement of Financial Affairs, Question 18.

66.     The Debtor knowingly and fraudulently failed to list BGlobal, LLC on Schedule B, Question 13 and on Statement of Financial Affairs, Question 18.

WHEREFORE, Plaintiff Trustee prays that this Court will enter final judgment denying Defendant/Debtor's discharge pursuant to § 727(a)(4) of the Bankruptcy Code and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT III: § 727(a)(5)

67.     The averments of Paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

68.     This Count is brought against the Debtor pursuant to §727(a)(5) of the Bankruptcy Code.

69.     The Debtor has failed to explain satisfactorily any loss or deficiency of assets in the amount of approximately $81,000 to meet his liabilities, which is the approximate balance of

the funds transferred by Debtor to Defendant Pak's E*Trade account, number ending #5634, which remains unaccounted for by Debtor.

WHEREFORE, Plaintiff Trustee prays that this Court will enter final judgment denying Defendant/Debtor's discharge pursuant to § 727(a)(5) of the Bankruptcy Code and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT IV: § 550

70.     The averments of Paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

71.     This Count is brought against Defendant Pak pursuant to § 550 of the Bankruptcy Code to recover $256,000 as the result of avoided fraudulent transfers.

72.     Trustee should be awarded the value of the assets transferred by Debtor to Defendant Pak in the amount of $256,000.

WHEREFORE, Plaintiff Trustee prays that this Court will enter a final judgment against Defendant Pak in the amount of $256,000 and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT V: Fraudulent Transfer

73.     The averments of paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

74.     This Count is brought against Defendant Pak to recover the $256,000 transferred to her by Debtor pursuant to § 544(b) of the Bankruptcy Code and §§ 726.105(1)(a) and 726.108, Florida Statutes.

75.     As outlined above, on or within four (4) years before the day of filing a Petition initiating this case, the Debtor voluntarily and intentionally engaged in a scheme to transfer substantially all of his available valuable assets to Defendant Pak.

76.     Such transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors.

77.     There is at least one actual holder of an allowed unsecured claim pursuant to § 502 of the Bankruptcy Code (Deborah Yerian), among others, who have standing to assert a claim for relief under §§ 726.105(1)(a) and 726.108 of the Florida Statutes for the recovery of the fraudulent transfers herein.

WHEREFORE, based thereon, the transfer of the assets to Defendant Pak within a four (4) year period before the Bankruptcy Case should be avoided and the Trustee should recover the $256,000 transferred to Defendant Pak pursuant to § 544(b) and § 550(a) of the Bankruptcy Code and §§ 726.105(1)(a) and 726.108 of the Florida Statues, and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT VI: Fraudulent Transfer

78.     The averments of paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

79.     This Count is brought against Defendant Pak to recover the $256,000 transferred to her by Debtor pursuant to § 544(b) of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108, Florida Statutes.

80.     As outlined above, on or within four (4) years before the day of filing a Petition initiating this case, the Debtor voluntarily and intentionally engaged in a scheme to transfer substantially all of his available valuable assets to Defendant Pak.

81.     Such transfers were made without the Debtor receiving a reasonably equivalent value from Defendant Pak in exchange for the transfer or obligation, and the Debtor was engaged: (a) in a business or transaction or was about in a business or transaction for which the remaining property of the Debtor was unreasonably small capital; or (b) the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

82.     There is at least one actual holder of an allowed unsecured claim pursuant to § 502 of the Bankruptcy Code (Deborah Yerian), among others, who have standing to assert a claim for relief under §§ 726.105(1)(b) and 726.108 of the Florida Statutes for the recovery of the fraudulent transfers herein.

WHEREFORE, based thereon, the transfer of the assets to Defendant Pak within a four (4) year period before the Bankruptcy Case should be avoided and the Trustee should recover the $256,000 transferred to Defendant Pak pursuant to § 544(b) and § 550(a) of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108 of the Florida Statues, and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT VII: Fraudulent Transfer

83.     The averments of paragraphs 1-49 above are incorporated herein and are made part hereof by specific reference.

84.     This Count is brought against Mwagusi Software, LLC to recover the value of the assets diverted by the Debtor from ETC Computers to Mwagusi Software, LLC pursuant to § 544(b) of the Bankruptcy Code and §§ 726.105(1)(a) and 726.108, Florida Statutes.

85.     As outlined above, on or within four (4) years before the day of filing a Petition initiating this case, the Debtor voluntarily and intentionally engaged in a scheme to transfer

substantially all of the available valuable assets from ETC Computers to Mwagusi Software, LLC.

86.     Such transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors.

87.     There is at least one actual holder of an allowed unsecured claim pursuant to § 502 of the Bankruptcy Code (Deborah Yerian), among others, who have standing to assert a claim for relief under §§ 726.105(1)(a) and 726.108 of the Florida Statutes for the recovery of the fraudulent transfers herein.

WHEREFORE, based thereon, the transfer of the assets by Debtor from ETC Computers to Mwagusi Software, LLC within a four (4) year period before the Bankruptcy Case should be avoided and the Trustee should recover the value of said assets transferred to Mwagusi Software, LLC pursuant to § 544(b) and § 550(a) of the Bankruptcy Code and §§ 726.105(1)(a) and 726.108 of the Florida Statues, and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT VIII: Fraudulent Transfer

88.     The averments of paragraphs 1-49 above are incorporated herein and are made part hereof by specific reference.

89.     This Count is brought against Mwagusi Software, LLC to recover the revenue diverted by the Debtor from ETC Computers to Mwagusi Software, LLC pursuant to § 544(b) of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108, Florida Statutes.  Pursuant to § 544(b) and § 550(a) of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108 of the Florida Statues, the transfers of ETC Computers customers to Mwagusi Software, LLC should be avoided and the Trustee should recover the value of the assets so transferred.

90.     The transfer of assets by the Debtor to Mwagusi Software, LLC was made on or within four years before the filing of the Petition and in exchange for which the Debtor received less than reasonably equivalent value, and the Debtor was engaged: (a) in a business or transaction or was about in a business or transaction for which the remaining property of the Debtor was unreasonably small capital; or (b) the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

91.     There is at least one actual holder of an allowed unsecured claim pursuant to § 502 of the Bankruptcy Code (Deborah Yerian), among others, who have standing to assert a claim for relief under §§ 726.105(1)(b) and 726.108 of the Florida Statutes for the recovery of the fraudulent transfers detailed herein.

`WHEREFORE the transfer of the assets to Mwagusi Software, LLC within a four (4) year period before the Bankruptcy Case should be avoided; the Plaintiff, Trustee, should recover the value of such assets transferred pursuant to § 544(b) and § 550(a) of the Bankruptcy Code and §§ 726.105(1)(b) and 726.108 of the Florida Statues; and the Plaintiff, Trustee, prays for such other relief as is just and proper under the circumstances of the adversary proceeding, including an accounting.

## COUNT IX: Injunction

92.     The averments of Paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

93.     The assets of the Debtor and Defendant Pak in any E*Trade financial accounts and the Debtor's self-directed IRA are easily fungible and could be transferred.

94.     Moreover, even if such assets could not be transferred, there could be substantial diminishment of the assets unless disposition thereof is restrained and enjoined by this Court.

95.     This action is brought pursuant to § 105 of the Bankruptcy Code.

96.     The Debtor's and/or Defendant Pak's use, sale or disposition of assets compromising the transfers will cause injury to the creditors, the Trustee and/or the Estate.

97.     Plaintiff has no adequate remedy at law.

98.     If the Trustee does not receive emergency relief in the form of an injunction prohibiting Debtor or Defendant Pak from continuing to use, sell or otherwise dispose of the assets comprising the transfers from the Debtor and directing Defendant Pak, pursuant to § 105 of the Bankruptcy Code and Rule 7001(7), 7064 and 7065 of the Federal Rules of Bankruptcy Procedure, the Trustee will suffer direct, immediate and substantial harm.

99.     Based on the foregoing, this Court should issue an order prohibiting Debtor and Defendant Pak from using, selling or otherwise disposing of any funds in each of their E*Trade accounts or the Debtor's self-directed IRA.

WHEREFORE this Court should issue an order directing Defendant Debtor and Defendant Pak to not dissipate assets, to freeze the assets in any E*Trade accounts and the Debtor's self-directed IRA, and for such other relief as is just and proper under the circumstances of the adversary proceeding.

## COUNT X: Accounting

100.    The averments of paragraphs 1-49 above are incorporated herein and are made part hereof by specific reference.

101.    This Count is brought against Mwagusi Software, LLC for an accounting.

102.    The Debtor had a fiduciary relationship with ETC Computers as a 50% shareholder.

103.    Pursuant to an agreement between the Debtor and Mwagusi Software, LLC, the

Debtor, despite his role as a fiduciary of ETC Computers, diverted customers from ETC Computers to Mwagusi Software, LLC in exchange for consideration from Mwagusi Software, LLC, which included, but was not limited to, salary, commissions, and the payment of Debtor's and Pak's personal expenses.

104. The Debtor's diversion of ETC Computers' customers to Mwagusi Software, LLC caused damages to ETC Computers.

105. An accounting of Mwagusi Software, LLC's revenue is necessary to determine the amount of damages to ETC Computers as result of the Debtor's diversion of customers to Mwagusi Software, LLC.

106. Plaintiff has no other adequate remedy at law.

WHEREFORE the Plaintiff, Trustee, prays that this Court order that Mwagusi Software, LLC account for all funds received from ETC Computers' customers, for the funds paid to or for the benefit of the Debtor and Defendant Pak, and for such other relief as is just and proper under the circumstances of the adversary proceeding.

DATED: February 26, 2016.

/s/ Bradley J. Anderson, Esquire
Bradley J. Anderson, Esquire
Florida Bar No. 0105695
ZIMMERMAN, KISER & SUTCLIFFE, P.A.
315 E. Robinson St., Suite 600 (32801)
P.O. Box 3000
Orlando, FL 32802
Telephone: (407) 425-7010
Facsimile: (407) 425-2747
Attorney for Chapter 7 Trustee
banderson@zkslawfirm.com
jwenhold@zkslawfirm.com
service@zkslawfirm.com



 your **BUSINESS** begins here

Jon Husted & the Office | Elections & Voting | Business Service | Legislation & Ballot Issues | Businesses | Records | Media Center | Publications

 General Information     Business Search     UCC Search    Trade Mark / Service Mark Search    Prepayment Accounts    Business Report Download    Help

Business Name
Business Name - Exact
Detailed Business Search
Number Search
Agent/Contact Name
Agent/Contact Name - Exact
Prior Business Name

## Corporation Details

| Corporation Details | |
|---|---|
| Entity Number | 962286 |
| Business Name | ETC COMPUTERS, INC. |
| Filing Type | CORPORATION FOR PROFIT |
| Status | Active |
| Original Filing Date | 12/19/1996 |
| Expiry Date | |

| Location: DOYLESTOWN | County: WAYNE | State: OHIO |
|---|---|---|

| Agent / Registrant Information |
|---|
| DEBORAH W YERIAN<br>17830 GALEHOUSE RD<br>DOYLESTOWN,OH 44230<br>Effective Date: 09/28/1998<br>Contact Status: Active |

| Incorporator Information |
|---|
| KEITH ALAN YERIAN<br>DEBORAH W YERIAN<br>CHRISTINA J YERIAN |

| Filings | | |
|---|---|---|
| Filing Type | Date of Filing | Document Number/Image |
| DOMESTIC ARTICLES/FOR PROFIT | 12/19/1996 | 5697_0483 |
| AGENT NAME/ADDRESS TAX UPDATE | 02/01/1999 | AGNTUPDT |
| AGENT NAME/ADDRESS TAX UPDATE | 04/07/1999 | AGNTUPDT |

Return To Search Page    Return To Search List    Printer Friendly Report



**EXHIBIT**

**A**



Jon Husted
Ohio Secretary

Jon Husted & the Office | Elections & Voting | Business Service | Legislation & Ballot Issues | Businesses | Records | Media Center | Publications

## Business Filing Portal

your **BUSINESS** begins here

General Information | Business Search | UCC Search | Trade Mark / Service Mark Search | Prepayment Accounts | Business Report Download | Help

Business Name
Business Name - Exact
Detailed Business Search
Number Search
Agent/Contact Name
Agent/Contact Name - Exact
Prior Business Name

## Corporation Details

| Corporation Details | |
|---|---|
| Entity Number | 1407654 |
| Business Name | IMOBILE, LLC |
| Filing Type | DOMESTIC LIMITED LIABILITY COMPANY |
| Status | Active |
| Original Filing Date | 08/25/2003 |
| Expiry Date | |

| Location: | | County: | | State: | |
|---|---|---|---|---|---|

| Agent / Registrant Information |
|---|
| DEBBIE W. YERIAN |
| 17830 GALEHOUSE ROAD |
| DOYLESTOWN,OH 442309714 |
| Effective Date: 08/25/2003 |
| Contact Status: Active |

| Incorporator Information |
|---|
| DEBBIE W. YERIAN |
| KEITH A. YERIAN |

| Filings | | |
|---|---|---|
| **Filing Type** | **Date of Filing** | **Document Number/Image** |
| ARTICLES OF ORGANIZATION/DOM. LIMITED LIABILITY CO | 08/25/2003 | 200323803866 |
| TRADE NAME/ORIGINAL FILING | 09/08/2003 | 200325203486 |

Return To Search Page    Return To Search List    Printer Friendly Report



EXHIBIT
**B**



## Jon Husted
## Ohio Secretary

Jon Husted & the Office | Elections & Voting | Business Service | Legislation & Ballot Issues | Businesses | Records | Media Center | Publications

## Business Filing Portal

your **BUSINESS** begins here

General Information | Business Search | UCC Search | Trade Mark / Service Mark Search | Prepayment Accounts | Business Report Download | Help

Business Name
Business Name - Exact
Detailed Business Search
Number Search
Agent/Contact Name
Agent/Contact Name - Exact
Prior Business Name

### Corporation Details

| Corporation Details | |
|---|---|
| Entity Number | 1424224 |
| Business Name | BGLOBAL, LLC |
| Filing Type | DOMESTIC LIMITED LIABILITY COMPANY |
| Status | Active |
| Original Filing Date | 11/19/2003 |
| Expiry Date | |
| Location: | County:          State: |

| Agent / Registrant Information |
|---|
| DEBBIE W. YERIAN |
| 17830 GALEHOUSE ROAD |
| DOYLESTOWN,OH 44230 |
| Effective Date: 11/19/2003 |
| Contact Status: Active |

| Incorporator Information |
|---|
| DEBBIE W. YERIAN |
| KEITH A. YERIAN |

| Filings | | |
|---|---|---|
| **Filing Type** | **Date of Filing** | **Document Number/Image** |
| ARTICLES OF ORGANIZATION/DOM. LIMITED LIABILITY CO | 11/19/2003 | 200332501878 |

Return To Search Page    Return To Search List    Printer Friendly Report



EXHIBIT
C



# Detail by Entity Name

**Florida Limited Liability Company**

YERIAN PROPERTIES LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L12000069133 |
| **FEI/EIN Number** | 45-5348049 |
| **Date Filed** | 05/22/2012 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

5767 Treasure Lane
Grant, FL 32949

Changed: 03/23/2013

**Mailing Address**

5767 Treasure Lane
Grant, FL 32949

Changed: 03/23/2013

**Registered Agent Name & Address**

NATIONWIDE CORPORATE SERVICES INC
80 SW 8TH ST
SUITE 2000
MIAMI, FL 33130

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

YERIAN, KEITH A
5767 Treasure Lane
Grant, FL 32949

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2013 | 03/23/2013 |
| 2014 | 04/24/2014 |



EXHIBIT

**D**

**Document Images**

04/24/2014 -- ANNUAL REPORT            | View image in PDF format |

03/23/2013 -- ANNUAL REPORT            | View image in PDF format |

05/22/2012 -- Florida Limited Liability | View image in PDF format |

Copyright © and  Privacy Policies

State of Florida, Department of State

# Electronic Articles of Organization
## For
## Florida Limited Liability Company

L12000069133
FILED 8:00 AM
May 22, 2012
Sec. Of State
thampton

## Article I

The name of the Limited Liability Company is:

YERIAN PROPERTIES LLC

## Article II

The street address of the principal office of the Limited Liability Company is:

17878 GALEHOUSE RD
DOYLESTOWN, OH. US 44230

The mailing address of the Limited Liability Company is:

17878 GALEHOUSE RD
DOYLESTOWN, OH. US 44230

## Article III

The purpose for which this Limited Liability Company is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The name and Florida street address of the registered agent is:

NATIONWIDE CORPORATE SERVICES INC
80 SW 8TH ST
SUITE 2000
MIAMI, FL. 33130

Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.

Registered Agent Signature: THOMAS V WALKER OBO NATIONWIDE CORPORATE

# Article V

The name and address of managing members/managers are:

L12000069133
FILED 8:00 AM
May 22, 2012
Sec. Of State
thampton

Title: MGR
KEITH A YERIAN
17878 GALEHOUSE RD
DOYLESTOWN, OH. 44230 US

Signature of member or an authorized representative of a member

Electronic Signature: THOMAS V WALKER

I am the member or authorized representative submitting these Articles of Organization and affirm that the facts stated herein are true. I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S. I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of the LLC and every year thereafter to maintain "active" status.




**Dana Blickley, CFA**
**Property Appraiser**
**Brevard County, FL**

**Property Details**

## General Parcel Information

| Parcel ID: | 29-36-10-KL-01742.0-0025.00 | Millage Code: | 54U0 | Exemption: | | Use Code: | 110 |
|---|---|---|---|---|---|---|---|
| Site Address: | 1381 GIDDINGS ST SW , PALM BAY 32908 | | | | | Tax ID: | 2904150 |

*Site Address is assigned by Brevard County Address Assignment for E-911 purposes and may not reflect the postal community name.*

### Owner Information

| Owner Name: | YERIAN PROPERTIES LLC |
|---|---|
| Second Name: | |
| | |
| Mailing Address: | 5767 TREASURE LANE |
| City, State, Zipcode: | GRANT-VALKARIA, FL 32949 |

### Abbreviated Description

| Plat Book/Page: 0019/0082 | Sub Name: PORT MALABAR UNIT 36 | LOT 25 BLK 1742 |
|---|---|---|

### Value Summary

| Roll Year: | 2012 | 2013 | 2014 |
|---|---|---|---|
| Market Value Total:[1] | $67,840 | $73,740 | $87,720 |
| Agricultural Market Value: | $0 | $0 | $0 |
| Assessed Value Non-School: | $67,840 | $73,740 | $81,110 |
| Assessed Value School: | $67,840 | $73,740 | $87,720 |
| Homestead Exemption:[2] | $0 | $0 | $0 |
| Additional Homestead:[2] | $0 | $0 | $0 |
| Other Exemptions:[2] | $0 | $0 | $0 |
| Taxable Value Non-School:[3] | $67,840 | $73,740 | $81,110 |
| Taxable Value School:[3] | $67,840 | $73,740 | $87,720 |

### Land Information

| Acres: | 0.23 |
|---|---|
| Site Code: | 1 |

*1: Market value is established for ad valorem purposes in accordance with s.193.011(1) and (8), Florida Statutes. This value does not represent anticipated selling price for the property.*

*2: Exemptions are applicable for the year shown and may or may not be applicable if an owner change has occurred.*

*3: The Additional Homestead exemption does not apply when calculating taxable value for school districts pursuant to Amendment 1.*

## Sale Information

| Official Records Book/Page | Sale Date | Sale Amount | Deed Type | Sale Screening Code | Sale Screening Source | Physical Change Code | Vacant/Improved |
|---|---|---|---|---|---|---|---|
| 6624/0211 | 5/30/2012 | $73,000 | WD | 12 | | | I |
| 6591/0923 | 5/1/2012 | $100 | CT | 11 | | | I |
| 5533/6333 | 8/29/2005 | $218,300 | WD | 24 | 03 | | I |
| 5460/7804 | 4/27/2005 | $35,900 | WD | | | | V |
| 5141/3147 | 11/29/2003 | $7,500 | WD | | | | V |
| 2682/2826 | 2/28/1986 | $4,300 | NN | | | | |

*Sale screening and sale screening source codes are for assessment purposes only and have no bearing on potential marketability of the property.*

## Building Information

| PDC # | Use Code | Year Built | Story Height | Frame Code | Exterior Code | Interior Code | Roof Type | Roof Material | Floors Code | Ceiling Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 110 | 2007 | 9 | 03 | 03 | 03 | 02 | 04 | 03 | 03 |

**EXHIBIT E**

Prepared by and Return to:
Genesis Title Company
Tamara Decelles
1140 Kyle Wood Lane
Brandon, Florida 33511-4731
Our File Number: 0412009

---

**For official use by Clerk's office only**

---

STATE OF UTAH        )      **SPECIAL WARRANTY DEED**
COUNTY OF SALT LAKE    )       (Corporate Seller)
                       )

     THIS INDENTURE, made this 30 day of May, 2012, between DLJ Mortgage
Capital, Inc., a corporation of the state of Delaware, whose mailing address is: 3815 Southwest Temple Street, Salt Lake City, Utah
84114, party of the first part, and Yerian Properties LLC, a Florida Limited Liability Company, whose mailing address is: 17878
Galehouse Road, Doylestown, OH 44230, party/parties of the second part,

                     W I T N E S S E T H:

     First party, for and in consideration of the sum of Seventy Three Thousand dollars & no cents ($73,000.00) and other
valuable considerations, receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, aliens, remises, releases, conveys
and confirms unto second party/parties, his/her/their heirs and assigns, the following described property, to wit in the County of
Brevard , State of Florida:

     Lot 25, Block 1742, PORT MALABAR UNIT THIRTY SIX, as per plat thereof, recorded in Plat Book 19,
     Pages 82 through 94, of the Public Records of Brevard County, Florida

     Parcel ID: 2904150

     Subject, however, to all covenants, conditions, restrictions, reservations, limitations, easements and to all applicable zoning
ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.

     TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

     TO HAVE AND TO HOLD the same in fee simple forever.

     AND the party of the first part hereby covenants with said party of the second part, that it is lawfully seized of said land in fee
simple; that it has good right and lawful authority to sell and convey said land; that it hereby fully warrants the title to said land and
will defend the same against the lawful claims of all persons claiming by, through or under the party of the first part.

     IN WITNESS WHEREOF, first party has signed and sealed these present the date set forth above.

Signed, sealed and delivered              DLJ Mortgage Capital, Inc.
in the presence of:

Witness signature    05/30/12
Dhari Handy, REO Closer

Print witness name

By: _____ 5-30-12
Print Name: DEBRA REILLY, DOC. CONTROL OFFICER
Doc. Control Officer-Select Portfolio Servicing, Inc.
Attorney-in-Fact
3815 SW Temple St., Salt Lake City, UT 84114
(Corporate Seal)

Witness signature    5/30/12
Renee Vanderlinden, REO Closer

Print witness name

State of Utah
County of Salt Lake

     THE FOREGOING INSTRUMENT was acknowledged before me this 30 day of May, 2012, by
DEBRA REILLY, DOC. CONTROL OFFICER as Doc. Control Officer of Select Portfolio Servicing, Inc., as
Attorney-in-Fact for DLJ Mortgage Capital, Inc.,who is personally known to me or who has produced valid driver's license as
identification.

Notary Public

Print Notary Name

My Commission Expires: 10/10/2012

Notary Seal

**DHARI HANDY**
Notary Public State of Utah
My Commission Expires on:
October 10, 2012
Comm. Number: 576414

DEED - Special Warranty Deed - Corporate



---Expedí primera copia certificada el mismo día de su otorgamiento a favor de YERIAN PROPERTIES LLC------ DOY FE ------

NOTARIA PÚBLICO

EXHIBIT
F

------------------------------ESCRITURA NUMERO SIETE (7)------------------------------

----------------------------------C O M P R A V E N T A----------------------------------

-- En la ciudad de Bayamón, Puerto Rico, a los tres (3) días del mes de agosto de dos mil doce (2012).------

------------------------------------------A N T E  M I------------------------------------------

--- YIVETTE CARRION DE JESUS, Abogada y Notario Público de ésta Isla, con residencia, vecindad y estudio abierto en Bayamón, Puerto Rico. ------

------------------------------------- C O M P A R E C E N -------------------------------

---DE LA PRIMERA PARTE: DON JUAN VELAZQUEZ BIRD, también conocido como YuYú, mayor de edad, solteros por divorcio, vecino de Cayey, Puerto Rico y DOÑA ANNIE RIVERA CASELLAS mayor de edad, soltera por divorcio, vecina de San Juan Puerto Rico. A quienes identifico mediante sus licencias de conducir otorgadas por el Estado Libre Asociado de Puerto Rico, las cuales contienen su foto y firma y fueron presentadas voluntariamente denominados de aquí en adelante como "LA PARTE VENDEDORA". Se aneja a la presente escritura Sentencia de Divorcio relativa al estado civil de Los Vendedores.------

---DE LA SEGUNDA PARTE: YERIAN PROPERTIES LLC, Corporación --------creada al amparo de las Leyes del Estado de la Florida, según surge de la Resolución presentada en unidad de acto al presente otorgamiento, la cual autoriza al Señor Keith Alan Yerian, a comparecer en representación de la Corporación, quien es mayor de edad, casado, propietario y vecino del estado de Ohio de los Estados Unidos de América. Este a su vez confiere poder autorizando DON ERNESTO BERRIOS RIVERA, para que lo represente en este acto jurídico únicamente, quien es mayor de edad, casado propietario y vecino de Cayey, Puerto Rico. A quien identifico personalmente mediante su licencia de conducir la cual contiene su foto y firma, presentada voluntariamente. Autorizado a comparecer y otorgar la presente escritura mediante Limited Power Of Attorney, suscrito el 27 de julio del corriente, en el estado de Florida de los Estados Unidos de América, elevado a Escritura de Protocolización de Poder ante esta Fe Datario, el viernes 3 de agosto de 2012, mediante la Escritura Número Seis (6) denominado de aquí en lo adelante como "LA

--- YIVETTE CARRION DE JESUS, Abogada y Notario Público de ésta Isla, con residencia, vecindad y estudio abierto en Bayamón, Puerto Rico. ------------------

---------------------------------- **C O M P A R E C E N** ----------------------------------

---**DE LA PRIMERA PARTE: DON JUAN VELAZQUEZ BIRD, también conocido como YuYú,** mayor de edad, solteros por divorcio, vecino de Cayey, Puerto Rico y **DOÑA ANNIE RIVERA CASELLAS** mayor de edad, soltera por divorcio, vecina de San Juan Puerto Rico. A quienes identifico mediante sus licencias de conducir otorgadas por el Estado Libre Asociado de Puerto Rico, las cuales contienen su foto y firma y fueron presentadas voluntariamente denominados de aquí en adelante como **"LA PARTE VENDEDORA".** Se aneja a la presente escritura Sentencia de Divorcio relativa al estado civil de Los Vendedores.---------------------------------------------------------------------------------

---**DE LA SEGUNDA PARTE: YERIAN PROPERTIES LLC, Corporación -------- -creada al amparo de las Leyes del Estado de la Florida, según surge de la Resolución presentada en unidad de acto al presente otorgamiento, la cual autoriza al Señor Keith Alan Yerian, a comparecer en representación de la Corporación,** quien es mayor de edad, casado, propietario y vecino del estado de Ohio de los Estados Unidos de América. Este a su vez confiere poder autorizando **DON ERNESTO BERRIOS RIVERA,** para que lo represente en este acto jurídico únicamente, quien es mayor de edad, casado propietario y vecino de Cayey, Puerto Rico. A quien identifico personalmente mediante su licencia de conducir la cual contiene su foto y firma, presentada voluntariamente. Autorizado a comparecer y otorgar la presente escritura mediante **Limited Power Of Attorney,** suscrito el 27 de julio del corriente, en el estado de Florida de los Estados Unidos de América, elevado a Escritura de Protocolización de Poder ante esta Fe Datario, el viernes 3 de agosto de 2012, mediante la Escritura Número Seis (6) denominado de aquí en lo adelante como **"LA PARTE COMPRADORA".**--------------------------------------------------------------------

------------------------------------------ **DOY FE** ------------------------------------------

---De haber identificado a los comparecientes de la **Primera Parte y la Segunda Parte;** como queda antes indicado en su comparecencia, por no conocerlos



1

personalmente y de conformidad a los medios establecidos en el Artículo Diecisiete C (17c) de la Ley Notarial vigente. Yo, la Notario hago constar que ha habido unidad de acto en este otorgamiento y por sus dichos y manifestaciones también la doy de su edad, estado civil, ocupación y vecindad. Me aseguran tener y a mi juicio tienen, la capacidad legal necesaria para este otorgamiento, sin que me conste nada en contrario y en tal virtud libremente: --------------------------

--------------------------------- **EXPONEN** -----------------------------------

--- **PRIMERO:** Manifiesta **"LA PARTE VENDEDORA"** es dueña en pleno dominio de la propiedad inmueble objeto de la presente escritura; la cual se describe a continuación: --------------------------------------------------------------



---**URBANA: PROPIEDAD HORIZONTAL: Apartamento residencial siete guión L** de forma irregular que está localizado en el séptimo piso del edificio Condominio Lagomar situado en el kilómetro ocho, hectómetro dos de la carretera estatal veintiséis en el Barrio Cangrejo Arriba del Municipio de Carolina, Puerto Rico que mide veintinueve pies tres pulgadas de largo por su parte más larga, por cincuenta y ocho pies diez pulgadas de ancho por su parte más ancha que hacen un área de mil cuatrocientos diez punto treinta pies cuadrados aproximadamente, equivalentes a CIENTO VEINTIUNO PUNTO CERO SIETE metros cuadrados. Sus lindes y distancias son las siguientes: por el Norte, en distancia de nueve pies cuatro pulgadas con el poso de los elevadores, separado por pared interior y en una distancia de cincuenta pies seis pulgadas con parte del vestíbulo de los elevadores y corredor común separado por pared interior, puerta de entrada y conductos de ventilación; por el Este, en cuatro pies dos pulgadas con el espacio exterior separado por baranda de la terraza, en trece pies seis pulgadas con el apartamento siete guión A, separado por pared interior y en nueve pies siete pulgadas con el pozo y vestíbulo del elevador, separado por pared interior; por el Sur, en distancia de cincuenta y ocho pies diez pulgadas con el espacio exterior separado por pared exterior y baranda de la terraza; por el Oeste, en cuatro pies dos pulgadas con el espacio exterior separado por baranda de la terraza y en veinticinco pies una pulgada con el apartamento siete guión K separado por pared interior y conducto de ventilación.------------------------------------------------------------------
---**Inscrito al Folio CIENTO SETENTA Y NUEVE (179) del Tomo QUINIENTOS NOVENTA Y CUATRO (594) de Carolina, Finca número TREINTA Y UN MIL QUINIENTOS DIEZ, inscripción primera; Registro de la Propiedad de Carolina, Sección Primera.**------------------------------------------

---------------------------------------**TITULO**-----------------------------------------
---**El dominio de la descrita finca consta inscrito a favor de la parte vendedora.** Adquirió **"La Parte Vendedora"** estando casados dicho inmueble a título de dominio mediante la escritura número ciento sesenta y ocho (168) sobre Compraventa otorgada el veintiséis (26) de julio del año mil novecientos setenta y siete (1977), ante el notario Orlin P. Goble.---------
---**Inscrita al Folio ciento setenta y nueve (179) del Tomo quinientos noventa y cuatro (594), inscripción primera; Registro de la Propiedad de Carolina, Sección Primera.**--------------------------------------------------------

---------------------------------**CARGAS Y GRAVAMENES**-----------------------------

--- Escritura sobre Hipoteca número ciento veintiuno (121) otorgada el día seis (6) de mayo de dos mil cuatro (2004) ante la notario público Alexandra M. Serracante Cadilla, en San Juan, Puerto Rico, mediante la cual Ju**KRY0001177** Bird y Annie Rivera Casellas, constituyeron hipoteca a favor de Doral Mortage



--- **PRIMERO:** Manifiesta **"LA PARTE VENDEDORA"** es dueña en pleno dominio de la propiedad inmueble objeto de la presente escritura; la cual se describe a continuación: ------------------------------------------------------------------



**---URBANA: PROPIEDAD HORIZONTAL: Apartamento residencial siete guión L** de forma irregular que está localizado en el séptimo piso del edificio Condominio Lagomar situado en el kilómetro ocho, hectómetro dos de la carretera estatal veintiséis en el Barrio Cangrejo Arriba del Municipio de Carolina, Puerto Rico que mide veintinueve pies tres pulgadas de largo por su parte más larga, por cincuenta y ocho pies diez pulgadas de ancho por su parte más ancha que hacen un área de mil cuatrocientos diez punto treinta pies cuadrados aproximadamente, equivalentes a CIENTO VEINTIUNO PUNTO CERO SIETE metros cuadrados. Sus lindes y distancias son las siguientes: por el Norte, en distancia de nueve pies cuatro pulgadas con el poso de los elevadores, separado por pared interior y en una distancia de cincuenta pies seis pulgadas con parte del vestíbulo de los elevadores y corredor común separado por pared interior, puerta de entrada y conductos de ventilación; por el Este, en cuatro pies dos pulgadas con el espacio exterior separado por baranda de la terraza, en trece pies seis pulgadas con el apartamento siete guión A, separado por pared interior y en nueve pies siete pulgadas con el pozo y vestíbulo del elevador, separado por pared interior; por el Sur, en distancia de cincuenta y ocho pies diez pulgadas con el espacio exterior separado por pared exterior y baranda de la terraza; por el Oeste, en cuatro pies dos pulgadas con el espacio exterior separado por baranda de la terraza y en veinticinco pies una pulgada con el apartamento siete guión K separado por pared interior y conducto de ventilación.------------------------------------------------------------------------
**---Inscrito al Folio CIENTO SETENTA Y NUEVE (179) del Tomo QUINIENTOS NOVENTA Y CUATRO (594) de Carolina, Finca número TREINTA Y UN MIL QUINIENTOS DIEZ, inscripción primera; Registro de la Propiedad de Carolina, Sección Primera.**------------------------------------------

------------------------------------**TITULO**-------------------------------------
**---El dominio de la descrita finca consta inscrito a favor de la parte vendedora. Adquirió "La Parte Vendedora" estando casados dicho inmueble a título de dominio mediante la escritura número ciento sesenta y ocho (168) sobre Compraventa otorgada el veintiséis (26) de julio del año mil novecientos setenta y siete (1977), ante el notario Orlin P. Goble.**---------
**---Inscrita al Folio ciento setenta y nueve (179) del Tomo quinientos noventa y cuatro (594), inscripción primera; Registro de la Propiedad de Carolina, Sección Primera.**-------------------------------------------------------------

------------------------**CARGAS Y GRAVAMENES**-------------------------

--- Escritura sobre Hipoteca número ciento veintiuno (121) otorgada el día seis (6) de mayo de dos mil cuatro (2004) ante la notario público Alexandra M. Serracante Cadilla, en San Juan, Puerto Rico, mediante la cual Juan Velázquez Bird y Annie Rivera Casellas, constituyeron hipoteca a favor de Doral Mortage Corporation por noventa y seis mil dólares ($96,000.00), con intereses al cinco punto seiscientos veinticinco por ciento (5.625%) anual vencedero al primero (1ro) de junio de dos mil veinte (2034).-----------------------------------------------
--- Inscrita al Folio dieciocho (18) del Tomo novecientos cincuenta y siete (957) inscripción octava (8va.), finca treinta y un mil quinientos diez (31510)-------------
---La misma será cancelada por el vendedor en su oportunidad.--------------------

---Por su procedencia: no afecta servidumbre alguna.-------------------------------

2

-------------------------------------------**COMPRAVENTA**-------------------------------------------

Los Comparecientes tienen convenida la compraventa del inmueble descrito en la presente escritura y lo llevan a cabo conforme a las siguientes:--------------------

-------------------------------------**CLAUSULAS Y CONDICIONES**---------------------------

---**Primera:** "LA PARTE VENDEDORA" por la presente vende, cede, y traspasa a "LA PARTE COMPRADORA" el inmueble descrito en el hecho expositivo PRIMERO de esta escritura, con todos sus usos, pertenencias accesiones y todo lo que le sea anejo y le pertenezca, quedando obligada "LA PARTE VENDEDORA" al saneamiento en caso de evicción y demás con arreglo a la Ley.------------------------------------------------------------------------------------

---**Segunda:** Se verifica esta compraventa por el convenido y ajustado precio de **CIEN MIL DOLARES ($100,000.00)** cuya cantidad confiesa "LA PARTE VENDEDORA" haber recibido de manos de "LA PARTE COMPRADORA" al momento de otorgar la presente escritura.------------------------------------------------

---**Tercera:** "LA PARTE COMPRADORA" entrará en posesión de la propiedad antes descrita sin otro acto que el presente otorgamiento, a menos que por escrito hayan llegado a otro acuerdo. --------------------------------------------------------

---Uno **(1):** La SEGUNDA PARTE entrará en posesión de el (los) inmueble (s) objeto de esta compraventa sin más formalidad que el presente otorgamiento. Adquiere el (los) inmueble (s) objeto de esta compraventa en pleno dominio, libre de cargas y gravámenes hipotecarios, aunque sujeta a aquellas servidumbres a que se encuentra afecta por su procedencia y que se encuentren inscritas en el Registro de la Propiedad.------------------------------------

---Dos **(2):** La SEGUNDA PARTE manifiesta haber examinado detenidamente las condiciones físicas de el (los) inmueble (s) objeto de esta compraventa y que por no encontrar que dicha propiedad adolezca de vicios de ninguna clase, la (s) recibe y acepta la(s) misma(s) en las condiciones en que se encuentra(n) "as is". A su entera satisfacción, y en particular esta conforme con las condiciones topográficas del solar.-------------------------------------------------------------

---Tres **(3):** Las partes se obligan a otorgar cualquier documentación adicional, necesaria y/o conveniente para que esta escritura pueda inscribirse en el Registro de la Propiedad, si así lo requiere cualquiera de ellas o la Notario



traspasa a **"LA PARTE COMPRADORA"** el inmueble descrito en el hecho expositivo PRIMERO de esta escritura, con todos sus usos, pertenencias accesiones y todo lo que le sea anejo y le pertenezca, quedando obligada **"LA PARTE VENDEDORA"** al saneamiento en caso de evicción y demás con arreglo a la Ley.-------------------------------------------------------------------



---**Segunda:** Se verifica esta compraventa por el convenido y ajustado precio de **CIEN MIL DOLARES ($100,000.00)** cuya cantidad confiesa **"LA PARTE VENDEDORA"** haber recibido de manos de **"LA PARTE COMPRADORA"** al momento de otorgar la presente escritura.-------------------------------------------

---**Tercera:** **"LA PARTE COMPRADORA"** entrará en posesión de la propiedad antes descrita sin otro acto que el presente otorgamiento, a menos que por escrito hayan llegado a otro acuerdo. ------------------------------------------------

---Uno **(1):** La SEGUNDA PARTE entrará en posesión de  el (los) inmueble (s) objeto de esta compraventa sin más formalidad que el presente otorgamiento. Adquiere el  (los) inmueble (s) objeto de esta compraventa en pleno dominio, libre de cargas y gravámenes hipotecarios, aunque sujeta a aquellas servidumbres  a que se encuentra afecta por su procedencia y que se encuentren inscritas en el Registro de la Propiedad.------------------------------

---Dos **(2):** La SEGUNDA PARTE manifiesta haber examinado detenidamente las condiciones físicas de el (los) inmueble (s) objeto de esta compraventa y que por no encontrar que dicha propiedad adolezca de vicios de ninguna clase, la (s) recibe y acepta la(s) misma(s) en las condiciones en que se encuentra(n) "as is".  A su entera satisfacción, y en particular esta conforme con las condiciones topográficas del solar.-------------------------------------------------

---Tres **(3):** Las partes se obligan a otorgar cualquier documentación adicional, necesaria y/o conveniente para que esta escritura pueda inscribirse en el Registro de la Propiedad, si así lo requiere cualquiera de ellas o la Notario Autorizante.-------------------------------------------------------------------------

---Cuatro (4): **"LA PRIMERA PARTE"** queda obligada al saneamiento para el caso de evicción y le garantiza a **"LA SEGUNDA PARTE"** un título inscribible sin más cargas ni gravámenes que los que se expresan en esta escritura. ------------

3

correspondientes a periodos anteriores al día de hoy sobre el inmueble objeto de esta compraventa, bien hayan sido ya impuestas o que sean impuestas posteriormente a la fecha del presente otorgamiento, serán por cuenta y cargo de **"LA PARTE VENDEDORA"** y las que se impongan correspondientes a periodos posteriores al día de hoy serán por cuenta y cargo de **"LA PARTE COMPRADORA"**.---------------------------------------------------------------------

---**Quinta:** Los honorarios por concepto del otorgamiento de esta escritura y los sellos de rentas internas del original serán por cuenta y cargo de **"LA PARTE COMPRADORA"**; los de la copia certificada así como todos los demás gastos, incluyendo los de su inscripción en el Registro de la Propiedad serán por cuenta de **"LA PARTE COMPRADORA"**. --------------------------------------------------------

---**Sexta:** Yo, la Notario, DOY FE de haberles hecho a las partes comparecientes las reservas y advertencias legales pertinentes.---------------------

---**Séptima:** Los aquí comparecientes manifiestan haber recibido copia de un estudio registral realizado hace menos de treinta (30) días atrás en el cual se expresa la situación registral de la propiedad descrita y de sus cargas y gravámenes existentes a la fecha en que el estudio se realizó; dichas cargas y gravámenes, si existen, son los que a su vez se reflejan en esta escritura. Reconocen los comparecientes que este Notario les ha explicado el alcance y significado de lo que expresa el estudio de título y manifiesta y garantiza **"LA PARTE VENDEDORA"** que dicho estudio refleja la realidad sobre la titularidad, cargas y gravámenes de la propiedad al día de hoy. Así mismo, reconocen los comparecientes que esta Notario les ha advertido de la conveniencia de que se acredite la titularidad y el estado de cargas con la certificación del Registro de la Propiedad, ello con el fin de corroborar la veracidad y vigencia de lo expresado en el ya referido estudio de título, en cualquiera de cuyo caso se podría posponer el cierre para hacer las gestiones pertinentes sin que por esta posposición la Notario vaya a hacer cargos adicionales a los ya facturados; más por ratificar **"LA PARTE VENDEDORA"** que es el único titular del inmueble y que no existen sobre la propiedad gravámenes, contribuciones pendientes o cargas otras que no sean las



*K A Y*

*PP{ EBR}*

de **"LA PARTE VENDEDORA"** y las que se impongan correspondientes a períodos posteriores al día de hoy serán por cuenta y cargo de **"LA PARTE COMPRADORA"**.------------------------------------------------------------------------

---**Quinta:** Los honorarios por concepto del otorgamiento de esta escritura y los sellos de rentas internas del original serán por cuenta y cargo de **"LA PARTE COMPRADORA"**; los de la copia certificada así como todos los demás gastos, incluyendo los de su inscripción en el Registro de la Propiedad serán por cuenta de **"LA PARTE COMPRADORA"**. ----------------------------------------------------------

---**Sexta:** Yo, la Notario, DOY FE de haberles hecho a las partes comparecientes las reservas y advertencias legales pertinentes.---------------------

---**Séptima:** Los aquí comparecientes manifiestan haber recibido copia de un estudio registral realizado hace menos de treinta (30) días atrás en el cual se expresa la situación registral de la propiedad descrita y de sus cargas y gravámenes existentes a la fecha en que el estudio se realizó; dichas cargas y gravámenes, si existen, son los que a su vez se reflejan en esta escritura. Reconocen los comparecientes que este Notario les ha explicado el alcance y significado de lo que expresa el estudio de título y manifiesta y garantiza **"LA PARTE VENDEDORA"** que dicho estudio refleja la realidad sobre la titularidad, cargas y gravámenes de la propiedad al día de hoy. Así mismo, reconocen los comparecientes que esta Notario les ha advertido de la conveniencia de que se acredite la titularidad y el estado de cargas con la certificación del Registro de la Propiedad, ello con el fin de corroborar la veracidad y vigencia de lo expresado en el ya referido estudio de título, en cualquiera de cuyo caso se podría posponer el cierre para hacer las gestiones pertinentes que por esta posposición la Notario vaya a hacer cargos adicionales a los ya facturados; más por ratificar **"LA PARTE VENDEDORA"** que es el único titular del inmueble y que no existen sobre la propiedad gravámenes, contribuciones pendientes o cargas otras que no sean las que aquí antes han sido relacionadas, las partes comparecientes han acordado proceder con este otorgamiento sin mayor dilación, relevando en su consecuencia a la Notario de realizar toda otra gestión para corroborar el título y las cargas y gravámenes que actualmente pesan sobre el inmueble objeto de esta escritura. ---

---**Octava:** Se le advierte a **"LA PARTE COMPRADORA"** que es su deber y



4

obligación el solicitar el cambio de dueño, así como de cualificar para la exoneración contributiva si así fuere el caso, ante el Centro de Recaudaciones Municipales (CRIM) de la oficina del área que competa y entregar a la notaria autorizante copia de dicha solicitud dentro de los cinco (5) días del otorgamiento de la presente escritura. Yo, la Notaria, doy fe que de conformidad con el Artículo Once (11) de la Ley Setenta y Cinco (75) de dos de julio del mil novecientos ochenta y siete (1987), según enmendada por la Ley Doscientos Cincuenta (250) de cuatro (4) de septiembre de dos mil cuatro (2004), en este acto le entregué copia al Comprador del formulario sobre exoneración------------- contributiva que deberá ser cumplimentada por éste si el inmueble adquirido fuere su residencia principal para ser entregado debidamente cumplimentado a la Notario otorgante para remitir al CRIM. ------------------------------------------------



---En este acto la notario autorizante entrega a "LA PARTE VENDEDORA" Planilla Informativa de Segregación, Agrupación o Traslado de Bienes Inmuebles para ser cumplimentada y firmada por el transmitente, a ser sometida al Departamento de Hacienda y para acompañar con el formulario de cambio de dueño y/o exoneración contributiva si procediere. ------------------------

---La notario autorizante entregará al Comprador el formulario sobre exoneración contributiva para que lo cumplimente para ser entregado a la Notario otorgante para remitir al CRIM. De no proceder la exoneración por no ser su residencia principal se advierte a la "LA PARTE COMPRADORA" hacer las gestiones pertinentes de inmediato para que el inmueble aparezca a su nombre, sometiendo evidencia a la notario autorizante.-------------------------------

------------------------------- OTORGAMIENTO Y LECTURA -----------------------------

---Así lo dicen y otorgan ante mí los comparecientes, quienes luego de haber leído la presente escritura, manifiestan quedar bien enterados de su contenido y se ratifican en el mismo, y proceden entonces a estampar sus firmas al final del documento y sus iniciales en todos y cada uno de los folios, después de Yo, la Notario, haberles hecho las advertencias legales pertinentes. En particular, le advertí al compareciente de la SEGUNDA PARTE que, de encontrarse en una zona inundable el inmueble objeto de esta transacción, cualquier titular y/u objeto de esta transacción, cualquier titular y/u ocupante presente

Artículo Once (11) de la Ley Setenta y Cinco (75) de dos de julio del mil novecientos ochenta y siete (1987), según enmendada por la Ley Doscientos Cincuenta (250) de cuatro (4) de septiembre de dos mil cuatro (2004), en este acto le entregué copia al Comprador del formulario sobre exoneración------------- contributiva que deberá ser cumplimentada por éste si el inmueble adquirido fuere su residencia principal para ser entregado debidamente cumplimentado a la Notario otorgante para remitir al CRIM. -----------------------------------------------------

---En este acto la notario autorizante entrega a **"LA PARTE VENDEDORA"** Planilla Informativa de Segregación, Agrupación o Traslado de Bienes Inmuebles para ser cumplimentada y firmada por el transmitente, a ser sometida al Departamento de Hacienda y para acompañar con el formulario de cambio de dueño y/o exoneración contributiva si procediere. -------------------------

---La notario autorizante entregará al Comprador el formulario sobre exoneración contributiva para que lo cumplimente para ser entregado a la Notario otorgante para remitir al CRIM. De no proceder la exoneración por no ser su residencia principal se advierte a la **"LA PARTE COMPRADORA"** hacer las gestiones pertinentes de inmediato para que el inmueble aparezca a su nombre, sometiendo evidencia a la notario autorizante.---------------------------------

------------------------------- **OTORGAMIENTO Y LECTURA** -----------------------------

---Así lo dicen y otorgan ante mí los comparecientes, quienes luego de haber leído la presente escritura, manifiestan quedar bien enterados de su contenido y se ratifican en el mismo, y proceden entonces a estampar sus firmas al final del documento y sus iniciales en todos y cada uno de los folios, después de Yo, la Notario, haberles hecho las advertencias legales pertinentes. En particular, le advertí al compareciente de la **SEGUNDA PARTE** que, de encontrarse en una zona inundable el inmueble objeto de esta transacción, cualquier titular y/u objeto de esta transacción, cualquier titular y/u ocupante presente y futuro del mismo queda obligado por ley a observar y cumplir con las disposiciones del Reglamento Sobre Zonas Susceptibles de Inundación, bajo apercibimiento de que incumplir con los mismos resultaría en un acto ilegal, a tenor de las disposiciones de la Sección tres (3) de la Ley número once (11) del ocho (8) de marzo de mil novecientos ochenta y ocho (1988), sobre Zonas Inundables, (23

5

L.P.R.A. § 225 (g). Además, les advertí a los comparecientes que de este documento debe tomarse razón en el Registro de la Propiedad.----------------------
---Leída la presente escritura por los otorgantes, están conformes y firman todos, ante mí, la Notario, estampando sus iniciales al margen de todos y cada uno de los folios de que consta la presente escritura, de todo lo cual y todo lo demás que aseguro o refiero en este Instrumento Público, DOY FE. --------------------------------







| | |
|---|---|
| Posting Date | 2012 Aug 20 |
| DB/CR Indicator | Debit |
| Amount | $3,575.00 |
| Posting Check Number | 9002 |
| Posting Account Number | █████████ |
| Posting Seq Number | 78756358 |
| Tran Code | 0 |
| ABA/RT Number | 4100271 |

**EXHIBIT**

**G**





**FIFTH THIRD BANK**

(NORTHEASTERN OHIO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

Statement Period Date: 6/1/2014 - 6/30/2014
Account Type: Regular Bus Checking
Account Number: ▮▮▮▮▮▮

Banking Center: Cuyahoga Falls
Banking Center Phone: 330-926-5080
Business Banking Support: 877-534-2264

KEITH A YERIAN
YERIAN PROPERTIES LLC
5767 TREASURE LN
GRANT FL  32949-8203

0

560

## Account Summary - ▮▮▮▮▮▮

| | | | |
|---|---|---|---|
| 06/01 | Beginning Balance | ▮▮▮▮▮ | Number of Days in Period | 30 |
| 3 | Checks | $(1,319.00) | | |
| 19 | Withdrawals / Debits | $(8,035.94) | | |
| 1 | Deposits / Credits | $1,050.00 | | |
| 06/30 | Ending Balance | ▮▮▮▮▮ | | |

## Checks

3 checks totaling $1,319.00

\* Indicates gap in check sequence     i = Electronic Image     s = Substitute Check

| Number | Date Paid | Amount | Number | Date Paid | Amount | Number | Date Paid | Amount |
|---|---|---|---|---|---|---|---|---|
| 0000 i | 06/13 | 500.00 | 9031*i | 06/10 | 619.00 | 9032 i | 06/30 | 200.00 |

## Withdrawals / Debits

19 items totaling $8,035.94

| Date | Amount | Description |
|---|---|---|
| 06/13 | 117.10 | DEBIT CARD PURCHASE AT AUTORIDAD DE ACUED, SAN JUAN, PR ON 061114 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/13 | 1,175.24 | DEBIT CARD PURCHASE AT CONDOMINIO LAGOMAR, ISLA VER, PR ON 061114 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/16 | 201.06 | DEBIT CARD PURCHASE AT WM SUPERCENTER #58, SAN JUAN, B ON 061414 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/16 | 473.98 | DEBIT CARD PURCHASE AT BEST BUY 0001, SAN JUAN, PR ON 061414 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/18 | 537.16 | DEBIT CARD PURCHASE AT WAL-MART #1822, FAJARDO, PR ON 061714 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/19 | 42.80 | DEBIT CARD PURCHASE AT IKEA, CAROLINA, PR ON 061714 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/19 | 655.88 | DEBIT CARD PURCHASE AT SJC*ONELINK, 787-250-7780, NE ON 061914 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/20 | 89.66 | DEBIT CARD PURCHASE AT LIBERTY CABLEVISIO, LUQUILLO, PR ON 061814 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/23 | 196.98 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 061914 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/23 | 669.21 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062014 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/24 | 1,850.00 | DEBIT CARD PURCHASE AT RV ALUMINUM, CAROLINA, PR ON 062014 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/25 | 240.41 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062314 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/26 | 755.00 | DEBIT CARD PURCHASE AT COSOT NET, RIO GRAN, PR ON 062414 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/27 | 124.29 | DEBIT CARD PURCHASE AT WM SUPERCENTER #58, SAN JUAN, B ON 062614 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/27 | 199.60 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062514 FROM CARD#: XXXXXXXXXXXX9690 |



**EXHIBIT**

**H**

**FIFTH THIRD BANK**

## Withdrawals / Debits - continued

| Date | Amount | Description |
|---|---|---|
| 06/30 | 60.54 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062714 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/30 | 86.29 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062714 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/30 | 174.22 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062614 FROM CARD#: XXXXXXXXXXXX9690 |
| 06/30 | 386.52 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062814 FROM CARD#: XXXXXXXXXXXX9690 |

## Deposits / Credits

1 item totaling $1,050.00

| Date | Amount | Description |
|---|---|---|
| 06/13 | 1,050.00 | DEPOSIT |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 06/10 | | 06/19 | | 06/25 | |
| 06/13 | | 06/20 | | 06/26 | |
| 06/16 | | 06/23 | | 06/27 | |
| 06/18 | | 06/24 | | 06/30 | |

.



**FIFTH THIRD BANK**

(NORTHEASTERN OHIO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

Statement Period Date: 7/1/2014 - 7/31/2014
Account Type: Regular Bus Checking
Account Number:

Banking Center: Cuyahoga Falls
Banking Center Phone: 330-926-5080
Business Banking Support: 877-534-2264

KEITH A YERIAN
YERIAN PROPERTIES LLC
5767 TREASURE LN
GRANT FL  32949-8203

0

546

## Account Summary -

| | | | | |
|---|---|---|---|---|
| 07/01 | Beginning Balance | | Number of Days in Period | 31 |
| 3 | Checks | $(4,935.00) | | |
| 11 | Withdrawals / Debits | $(1,823.53) | | |
| 3 | Deposits / Credits | $1,467.30 | | |
| 07/31 | Ending Balance | | | |

## Checks

3 checks totaling $4,935.00

\* Indicates gap in check sequence     i =  Electronic Image     s = Substitute Check

| Number | Date Paid | Amount | Number | Date Paid | Amount | Number | Date Paid | Amount |
|---|---|---|---|---|---|---|---|---|
| 9033 i | 07/01 | 2,000.00 | 9034 i | 07/14 | 2,185.00 | 9035 i | 07/22 | 750.00 |

## Withdrawals / Debits

11 items totaling $1,823.53

| Date | Amount | Description |
|---|---|---|
| 07/01 | 36.13 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 062914 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/03 | 23.47 | DEBIT CARD PURCHASE AT SEARS ROEBUCK 19, SAN JUAN 009, PR ON 070114 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/03 | 48.02 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 070114 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/03 | 117.68 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 070114 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/07 | 60.21 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 070414 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/07 | 274.03 | DEBIT CARD PURCHASE AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 070214 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/08 | 399.00 | DEBIT CARD PURCHASE AT ABLE AIR, 03212427400, FL ON 070714 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/09 | 300.00 | DEBIT CARD PURCHASE AT AEE 31 AVE 65 INF, CAROLINA, PR ON 070714 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/10 | 200.00 | DEBIT CARD PURCHASE AT AAA, GUAYNABO, PR ON 070814 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/14 | 46.70 | DEBIT CARD PURCHASE AT THE HOME DEPOT 633, PALM BAY, FL ON 071214 FROM CARD#: XXXXXXXXXXXX9690 |
| 07/14 | 318.29 | DEBIT CARD PURCHASE AT THE HOME DEPOT 633, PALM BAY, FL ON 071214 FROM CARD#: XXXXXXXXXXXX9690 |

## Deposits / Credits

3 items totaling $1,467.30

| Date | Amount | Description |
|---|---|---|
| 07/09 | 20.74 | DEBIT CARD RETURN AT WAL-MART #2423, BO.SAN ANTON,, PR ON 070914 TO CARD#: XXXXXXXXXXXX9690 |
| 07/09 | 396.56 | DEBIT CARD RETURN AT HOME DEPOT/P.R. #6, CAROLINA, PR ON 070914 TO CARD#: XXXXXXXXXXXX9690 |
| 07/14 | 1,050.00 | DEPOSIT |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 07/01 | | 07/08 | | 07/14 | |
| 07/03 | | 07/09 | | 07/22 | |
| 07/07 | | 07/10 | | | |

**FIFTH THIRD BANK**

.

# FIFTH THIRD BANK

Statement Period Date: 11/1/2014 - 11/30/2014
Account Type: Regular Bus Checking
Account Number: ▮▮▮▮▮▮▮

(NORTHEASTERN OHIO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

Banking Center: Cuyahoga Falls
Banking Center Phone: 330-926-5080
Business Banking Support: 877-534-2264

KEITH A YERIAN
YERIAN PROPERTIES LLC
5767 TREASURE LN
GRANT FL  32949-8203

0

608

| Account Summary - ▮▮▮▮▮▮ | | |
|---|---|---|
| 11/01 | Beginning Balance | ▮▮▮▮▮ | Number of Days in Period | 30 |
| | Checks | | | |
| 4 | Withdrawals / Debits | $(4,994.93) | | |
| 1 | Deposits / Credits | $1,050.00 | | |
| 11/30 | Ending Balance | ▮▮▮▮▮ | | |

Analysis Period: 10/01/14 - 10/31/14

| | |
|---|---|
| Standard Monthly Service Charge | $0.00 |
| Standard Monthly Service Charge Waived | $0.00 |
| Service Charge withdrawn on 11/13/14 | $0.00 |

## Withdrawals / Debits
4 items totaling $4,994.93

| Date | Amount | Description |
|---|---|---|
| 11/20 | 530.01 | DEBIT CARD PURCHASE AT PAYPAL *ING, 4029357733, FL ON 111914 FROM CARD#: XXXXXXXXXXX9690 |
| 11/20 | 3,973.00 | OUTGOING WIRE TRANS 112014 |
| 11/21 | 400.00 | DEBIT CARD PURCHASE AT PAYPAL *ING, 4029357733, FL ON 112014 FROM CARD#: XXXXXXXXXXX9690 |
| 11/26 | 91.92 | DEBIT CARD PURCHASE AT FIREHOUSE GARAGE, SEBASTIAN, FL ON 112514 FROM CARD#: XXXXXXXXXXX9690 |

## Deposits / Credits
1 item totaling $1,050.00

| Date | Amount | Description |
|---|---|---|
| 11/07 | 1,050.00 | DEPOSIT |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 11/07 | ▮▮▮▮▮ | 11/21 | ▮▮▮▮▮ | 11/26 | ▮▮▮▮▮ |
| 11/20 | ▮▮▮▮▮ | | | | |

NEED THE PERFECT GIFT THIS HOLIDAY SEASON? LOOK NO FURTHER THAN THE FIFTH THIRD BANK PREPAID MASTERCARD GIFT CARD PROGRAM. IT'S IDEAL FOR EMPLOYEE RECOGNITION AND CUSTOMER APPRECIATION. ORDER TODAY AT WWW.ORDERCARDS-53GIFTCARD.COM.



EXHIBIT
I

FIFTH THIRD BANK

This page intentionally left blank.



**FIFTH THIRD BANK**

(NORTHEASTERN OHIO)
P.O. BOX 630900 CINCINNATI OH  45263-0900

Banking Center: Cuyahoga Falls
Banking Center Phone: 330-926-5080
Business Banking Support: 877-534-2264

KEITH A YERIAN                                          0
YERIAN PROPERTIES LLC
5767 TREASURE LN
GRANT FL  32949-8203                                 616

## Account Summary -

| | | | | |
|---|---|---|---|---|
| 12/01 | Beginning Balance | | Number of Days in Period | 31 |
| 1 | Checks | $(1,200.00) | | |
| 17 | Withdrawals / Debits | $(5,898.42) | | |
| 1 | Deposits / Credits | $1,258.80 | | |
| 12/31 | Ending Balance | | | |

Analysis Period: 11/01/14 - 11/30/14

| | |
|---|---|
| Standard Monthly Service Charge | $0.00 |
| Standard Monthly Service Charge Waived | $0.00 |
| WIRE [7] | $30.00 |
| Service Charge withdrawn on 12/10/14 | $30.00 |

[7]Charges for incoming and outgoing wires, as well as other wire activity.

## Check

1 check totaling $1,200.00

* Indicates gap in check sequence    i = Electronic Image    s = Substitute Check

| Number | Date Paid | Amount |
|---|---|---|
| 0000 i | 12/04 | 1,200.00 |

## Withdrawals / Debits

17 items totaling $5,898.42

| Date | Amount | Description |
|---|---|---|
| 12/01 | 32.07 | DEBIT CARD PURCHASE AT THE HOME DEPOT #85, SEBASTIAN, FL ON 112914 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/01 | 152.96 | DEBIT CARD PURCHASE AT AUTOZONE #1226, SEBASTIAN, FL ON 112914 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/03 | 400.00 | DEBIT CARD PURCHASE AT COPART #700.1107, 07076395000, CA ON 120214 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/04 | 1,605.85 | OUTGOING WIRE TRANS 120414 |
| 12/04 | 2,000.00 | PURCHASE OFFICIAL CHECK # 00024125966 REF # 00641083623 |
| 12/10 | 30.00 | SERVICE CHARGE |
| 12/22 | 48.65 | MERCHANT PAYMENT CNS ADVANCE STOR AT LOC 373620 949 US HIGHWAY 1 SEBASTIAN FL |
| 12/24 | 40.26 | DEBIT CARD PURCHASE AT HARBOR FREIGHT TOO, MELBOURNE, FL ON 122214 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/24 | 281.35 | DEBIT CARD PURCHASE AT ADVANCE AUTO PARTS, SEBASTIAN, FL ON 122214 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/24 | 286.73 | DEBIT CARD PURCHASE AT INTERNAL ENGINE PA, TAMPA, FL ON 122114 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/24 | 310.80 | DEBIT CARD PURCHASE AT INTERNAL ENGINE PA, MOBILE, AL ON 122114 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/24 | 18.26 | MERCHANT PAYMENT CNS ADVANCE STOR AT LOC 373620 949 US HIGHWAY 1 SEBASTIAN FL |
| 12/24 | 162.07 | MERCHANT PAYMENT NST THE HOME DEP AT LOC 295352 13361 US HWY #1 SEBASTIAN FL |

KY000135

**FIFTH THIRD BANK**

## Withdrawals / Debits - continued

| Date | Amount | Description |
|------|--------|-------------|
| 12/26 | 82.57 | DEBIT CARD PURCHASE AT INTERNAL ENGINE PA, TAMPA, FL ON 122314 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/26 | 100.00 | DEBIT CARD PURCHASE AT SQUID LIPS SEBASTI, SEBASTIAN, FL ON 122414 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/30 | 139.95 | DEBIT CARD PURCHASE AT JERRY BROWNS AUTO, 518-798-8141, NY ON 122914 FROM CARD#: XXXXXXXXXXXX9690 |
| 12/31 | 206.90 | DEBIT CARD PURCHASE AT IRC LICENSE/TAG/AS, VERO BEACH, FL ON 123014 FROM CARD#: XXXXXXXXXXXX9690 |

## Deposits / Credits
1 item totaling $1,258.80

| Date | Amount | Description |
|------|--------|-------------|
| 12/04 | 1,258.80 | DEPOSIT |

## Daily Balance Summary

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 12/01 | | 12/10 | | 12/26 | |
| 12/03 | | 12/22 | | 12/30 | |
| 12/04 | | 12/24 | | 12/31 | |

NEED THE PERFECT GIFT THIS HOLIDAY SEASON? LOOK NO FURTHER THAN THE FIFTH THIRD BANK PREPAID MASTERCARD GIFT CARD PROGRAM. IT'S IDEAL FOR EMPLOYEE RECOGNITION AND CUSTOMER APPRECIATION. ORDER TODAY AT WWW.ORDERCARDS-53GIFTCARD.COM.

# MWAGUSI SOFTWARE LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| **Status:** | Revoked | **File Date:** | 2/16/2011 |
| **Type:** | Domestic Limited-Liability Company | **Entity Number:** | E0090762011-5 |
| **Qualifying State:** | NV | **List of Officers Due:** | 2/28/2014 |
| **Managed By:** | Managers | **Expiration Date:** | |
| **NV Business ID:** | NV20111113121 | **Business License Exp:** | 2/28/2014 |

## Additional Information

| | |
|---|---|
| **Central Index Key:** | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| **Name:** | GG INTERNATIONAL | **Address 1:** | 500 N RAINBOW BLVD STE 300 |
| **Address 2:** | | **City:** | LAS VEGAS |
| **State:** | NV | **Zip Code:** | 89107 |
| **Phone:** | | **Fax:** | |
| **Mailing Address 1:** | | **Mailing Address 2:** | |
| **Mailing City:** | | **Mailing State:** | NV |
| **Mailing Zip Code:** | | | |
| **Agent Type:** | Commercial Registered Agent - Other | | |
| **Jurisdiction:** | NEVADA | **Status:** | Active |

## Financial Information

| | | | |
|---|---|---|---|
| **No Par Share Count:** | 0 | **Capital Amount:** | $ 0 |

**No stock records found for this company**

## ☐ Officers                                    ☑ Include Inactive Officers

### Manager - GG INTERNATIONAL

| | | | |
|---|---|---|---|
| **Address 1:** | 7260 W. AZURE DR STE 140-862 | **Address 2:** | |
| **City:** | LAS VEGAS | **State:** | NV |
| **Zip Code:** | 89130 | **Country:** | USA |
| **Status:** | Active | **Email:** | |

### Manager - JOHN D MCLEOD

| | | | |
|---|---|---|---|
| **Address 1:** | 7260 W. AZURE DR STE 140-862 | **Address 2:** | |
| **City:** | LAS VEGAS | **State:** | NV |
| **Zip Code:** | 89130 | **Country:** | USA |
| **Status:** | Historical | **Email:** | |

**EXHIBIT J**

| Manager - KEITH YERIAN | | | |
|---|---|---|---|
| Address 1: | 7260 W. AZURE DR STE 140-862 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89130 | Country: | USA |
| Status: | Historical | Email: | |

## − Actions\Amendments

| Action Type: | Articles of Organization | | |
|---|---|---|---|
| Document Number: | 20110119585-23 | # of Pages: | 2 |
| File Date: | 2/16/2011 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Initial List | | |
| Document Number: | 20110152747-80 | # of Pages: | 1 |
| File Date: | 2/28/2011 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20120142751-55 | # of Pages: | 1 |
| File Date: | 2/28/2012 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20130152737-01 | # of Pages: | 1 |
| File Date: | 2/28/2013 | Effective Date: | |
| (No notes for this action) | | | |

# Vehicle Information Check

| Vehicle Information: | | | |
|---|---|---|---|
| **Vehicle Identification Number:** | WMEEJ31X18K131519 | **Year/Make:** | 2008 MERCEDES-BENZ FOR CARS AND VANS |
| **Previous Title State:** | OHIO | **Registration Expiration Date:** | |
| **Title:** | 112609386 | **Title Issue Date:** | 8/19/2013 |
| **Title Status:** | ACTIVE | **Title Print Date:** | 8/22/2013 |
| **Odometer Reading/Status:** | 91,073 ACTUAL MILEAGE | **Odometer Date:** | 8/19/2013 |
| **Color:** | BLUE | **Vehicle Type:** | AUTO |
| **Net Weight:** | 1,808 | **Owner Information:** | 1 owner |
| Paper Title | | **Salvage:** | |
| **Brands:** | | | |

| Lien Information |
|---|
| There is no lien on this vehicle. |

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.

**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.



EXHIBIT

**K**

# Vehicle Information Check

| Vehicle Information: | | | |
|---|---|---|---|
| Vehicle Identification Number: | WBSCK9334WLC87296 | Year/Make: | 1998 BMW |
| Previous Title State: | OHIO | Registration Expiration Date: | 6/25/2015 |
| Title: | 116841612 | Title Issue Date: | 11/12/2014 |
| Title Status: | ACTIVE | Title Print Date: | 11/17/2014 |
| Odometer Reading/Status: | 137,864 ACTUAL MILEAGE | Odometer Date: | 11/12/2014 |
| Color: | ALUMINUM / SILVER | Vehicle Type: | AUTO |
| Net Weight: | 3,086 | Owner Information: | 1 owner |
| Paper Title | | Salvage: | |
| Brands: | | | |

| Lien Information |
|---|
| There is no lien on this vehicle. |

**If any of the information on this record needs to be corrected**, please contact your tax collector and complete appropriate paperwork to update the record.

**If you have lost or misplaced your title** and need to apply for a duplicate, click here for the form and instructions.

March 1, 2012 - March 31, 2012
Account Number:         -8472
Account Type:      JOINT

E*TRADE Securities LLC
P.O. Box 484
Jersey City, NJ 07303 -0484
1-800-503-9260
etrade.com Member FINRA/SIPC

**Customer Update:**
It's never too late to start saving for retirement.
**2011 IRA CONTRIBUTION
DEADLINE IS APRIL 17, 2012.
Open a No Annual Fee, No Minimum IRA.**

E*TRADE Platinum Investment Account

**IMPORTANT INFORMATION:**

**COST BASIS REPORTING - ARE YOU
PREPARED?** In response to new Cost Basis
Reporting requirements that went into effect on
January 1, 2011, E*TRADE will now be reporting
the Cost Basis of **Covered Securities** sold in your
taxable accounts on IRS Form 1099-B. Preview
your 2011 tax lots online at
etrade.com/2011taxsnapshot.

KEITH A YERIAN &
SUN Y PAK JTWROS
17878 GALEHOUSE RD
DOYLESTOWN OH  44230-9374

**Account At A Glance**

**$257,285.61**

$14.06

As of 02/29/12            As of 03/31/12

Securities products and services are offered by E*TRADE
Securities LLC, Member FINRA.  Your account is carried
by an affiliate, E*TRADE Clearing LLC, Member NYSE/
FINRA/SIPC, which maintains your funds and securities.
Please promptly report any inaccuracy or discrepancy
in your account to both E*TRADE Securities LLC at
1-800-503-9260 and E*TRADE Clearing LLC at
201-499-6247. You should re-confirm any oral
communication in writing to further protect your rights,
including rights under the Securities Investor
Protection Act (SIPA).

**Net Change:**                                    **$-257,271.55**

E*TRADE FINANCIAL
Trading  ·  Investing  ·  Banking

DETACH HERE

KEITH A YERIAN &
SUN Y PAK JTWROS
17878 GALEHOUSE RD
DOYLESTOWN OH  44230-9374

Make checks payable to E*TRADE Clearing LLC.

Mail deposits to:

E*TRADE CLEARING LLC
P.O. Box 484
Jersey City, NJ 07303 -0484

DETACH HERE

**Use This Deposit Slip**      **Acct:**   )-8472

**Please do not send cash**

|  | Dollars | Cents |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **TOTAL DEPOSIT** |  |  |

033120120001        ⬛4725


EXHIBIT
L

# E✳TRADE FINANCIAL
Trading • Investing • Banking

## E✳TRADE Platinum
Investment Account

**Account Number:** I-8472

**Statement Period:** March 1, 2012 - March 31, 2012

**Account Type:** JOINT

## DIVIDENDS & INTEREST ACTIVITY (Continued)

| DATE | TRANSACTION TYPE | DESCRIPTION | SYMBOL/CUSIP | AMOUNT DEBITED | AMOUNT CREDITED |
|------|------------------|-------------|--------------|----------------|-----------------|
| | | | | $64.08 | $0.68 |

**TOTAL DIVIDENDS & INTEREST ACTIVITY**   $64.08   $0.68

**NET DIVIDENDS & INTEREST ACTIVITY**   $63.40

## WITHDRAWALS & DEPOSITS

| DATE | TRANSACTION TYPE | DESCRIPTION | WITHDRAWALS | DEPOSITS |
|------|------------------|-------------|-------------|----------|
| 03/05/12 | Mark to Mkt | MARK TO MARKET | | 10,470.98 |
| 03/05/12 | Mark to Mkt | MARK TO MARKET SHORT POS | 10,470.98 | |
| 03/12/12 | Mark to Mkt | MARK TO MARKET | 910.52 | |
| 03/12/12 | Mark to Mkt | MARK TO MARKET SHORT POS | | 910.52 |
| 03/13/12 | Journal | TFR FROM TYPE 5 TO CLOSE SHORT VS BOX | | 262,912.65 |
| 03/13/12 | Journal | TFR TO TYPE 2 TO CLOSE SHORT VS BOX | 262,912.65 | |
| 03/14/12 | Adjustment | TFR MARGIN TO CASH | | 251,540.61 |
| 03/14/12 | Adjustment | TFR MARGIN TO CASH | 251,540.61 | |
| 03/15/12 | Transfer | TRANSFER TO XXXX5634-1 REFID:370232851189; | 256,000.00 | |
| 03/15/12 | Transfer | TRANSFER TO XXXX5634-1 REFID:370306311189; | 1,093.68 | |
| 03/15/12 | Transfer | TRANSFER TO XXXX5634-1 REFID:370307391189; | 109.37 | |
| 03/16/12 | Adjustment | TFR MARGIN TO CASH | | 5,662.44 |
| 03/16/12 | Adjustment | TFR MARGIN TO CASH | 5,662.44 | |
| 03/20/12 | Adjustment | TFR MARGIN TO CASH | | 77.46 |
| 03/20/12 | Adjustment | TFR MARGIN TO CASH | 77.46 | |
| 03/26/12 | Adjustment | TRNSFR FROM CASH TO MARGIN | | 64.08 |
| 03/26/12 | Adjustment | TRNSFR FROM CASH TO MARGIN | 64.08 | |

**NET WITHDRAWALS & DEPOSITS**   $257,203.05



E✳TRADE Securities LLC • PO Box 484, Jersey City, NJ 07303-0484 • www.etrade.com • 1-800-503-9260 • Member FINRA/SIPC

**March 1, 2012 - March 31, 2012**
Account Number:        -5634
Account Type:    INDIVIDUAL

E*TRADE Securities LLC
P.O. Box 484
Jersey City, NJ 07303-0484
1-800-503-9260
etrade.com Member FINRA/SIPC

**Customer Update:**
It's never too late to start saving for retirement.
**2011 IRA CONTRIBUTION
DEADLINE IS APRIL 17, 2012.
Open a No Annual Fee, No Minimum IRA.**

**IMPORTANT INFORMATION:**

**COST BASIS REPORTING - ARE YOU PREPARED?** In response to new Cost Basis Reporting requirements that went into effect on January 1, 2011, E*TRADE will now be reporting the Cost Basis of **Covered Securities** sold in your taxable accounts on IRS Form 1099-B. Preview your 2011 tax lots online at etrade.com/2011taxsnapshot.

SUN Y PAK
17878 GALEHOUSE RD
DOYLESTOWN OH  44230-9374

**Account At A Glance**



$257,349.57

As of 02/29/12        As of 03/31/12

Net Change:                        $257,349.57

Securities products and services are offered by E*TRADE Securities LLC, Member FINRA.  Your account is carried by an affiliate, E*TRADE Clearing LLC, Member NYSE/FINRA/SIPC, which maintains your funds and securities. Please promptly report any inaccuracy or discrepancy in your account to both E*TRADE Securities LLC at 1-800-503-9260  and E*TRADE Clearing LLC at 201-499-6247. You should re-confirm any oral communication in writing to further protect your rights, including rights under the Securities Investor Protection Act (SIPA).



---

DETACH HERE

SUN Y PAK
17878 GALEHOUSE RD
DOYLESTOWN OH 44230-9374

Make checks payable to E*TRADE Clearing LLC.

Mail deposits to:

E*TRADE CLEARING LLC
P.O. Box 484
Jersey City, NJ 07303-0484

DETACH HERE

**Use This Deposit Slip**   Acct:      -5634

**Please do not send cash**

|  | Dollars | Cents |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **TOTAL DEPOSIT** |  |  |

033120120001      56341



# E✷TRADE
## FINANCIAL
Trading • Investing • Banking



# E✷TRADE Platinum
## Investment Account

**Account Number:** ‑5634

**Statement Period :** March 1, 2012 - March 31, 2012

**Account Type:** INDIVIDUAL

## ACCOUNT HOLDINGS

### CASH & CASH EQUIVALENTS (100.00% of Holdings)

| DESCRIPTION | OPENING BALANCE | CLOSING BALANCE | PORTFOLIO (%) | AVG BALANCE |
|---|---|---|---|---|
| Extended Insurance Sweep Deposit Account | 0.00 | 250,000.00 | | 250,001.67 |
| E*TRADE Bank | 0.00 | 7,349.57 | | 7,346.10 |
| E*TRADE Savings Bank | 0.00 | 257,349.57 | 100.00 | 257,347.77 |
| Extended Insurance Sweep Deposit Account Total | | | | |

The Extended Insurance Sweep Deposit Account (ESDA) program is comprised of deposit accounts with E*TRADE Bank and up to four other depository institutions. The ESDA account at each bank is FDIC-insured up to $250,000.00 but is not covered by SIPC.

| | | | | |
|---|---|---|---|---|
| TOTAL CASH & CASH EQUIVALENTS | $0.00 | $257,349.57 | 100.00% | |
| TOTAL CASH & CASH EQUIVALENTS YTD INTEREST (SWEEP ONLY) | $3.52 | | | |
| TOTAL PRICED PORTFOLIO HOLDINGS (ON 03/31/12) | 257,349.57 | | | |

## TRANSACTION HISTORY

### DIVIDENDS & INTEREST ACTIVITY

| DATE | TRANSACTION TYPE | DESCRIPTION | SYMBOL/ CUSIP | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|
| 03/26/12 | Interest | EXTND INS SWEEP ACCT(FDIC-INS) | | | 3.52 |
| | TOTAL DIVIDENDS & INTEREST ACTIVITY | | | | $3.52 |
| | NET DIVIDENDS & INTEREST ACTIVITY | | | | $3.52 |

### WITHDRAWALS & DEPOSITS

| DATE | TRANSACTION TYPE | DESCRIPTION | WITHDRAWALS | DEPOSITS |
|---|---|---|---|---|
| 03/15/12 | Transfer | TRANSFER FROM XXXX8472-1 REFID:37639285189; | | 256,000.00 |
| 03/15/12 | Transfer | TRANSFER FROM XXXX8472-1 REFID:37630631189; | | 1,093.68 |
| 03/15/12 | Transfer | TRANSFER FROM XXXX5800-1 REFID:37630774189; | | 143.00 |
| 03/15/12 | Transfer | TRANSFER FROM XXXX8472-1 REFID:37630739189; | | 109.37 |
| | NET WITHDRAWALS & DEPOSITS | | | $257,346.05 |

E*TRADE Securities LLC • PO Box 484, Jersey City, NJ 07303-0484 • www.etrade.com • 1-800-503-9260 • Member FINRA/SIPC

PAGE 5 OF 6

PAGE 1 OF 6

July 1, 2012 - July 31, 2012
Account Number:           -5634
Account Type:    INDIVIDUAL

E*TRADE Securities LLC
P.O. Box 484
Jersey City, NJ 07303-0484
1-800-503-9260
etrade.com Member FINRA/SIPC

**Customer Update:**
**WHAT EVERY INVESTOR SHOULD KNOW**
Smart investing starts with the right education.
Free videos, web seminars, tutorials and more
at **etrade.com/education.**

**E*TRADE Platinum Investment Account**

**IMPORTANT INFORMATION:**

E*TRADE 360 - Our all new online investing
dashboard. It gives you everything you need on
one page. Visit etrade.com/360 to learn more.

SUN Y PAK
17878 GALEHOUSE RD
DOYLESTOWN OH 44230-9374

**Account At A Glance**

$232,379.95

$34,054.10

As of 06/30/12     As of 07/31/12

Net Change:                    $-198,325.85

Securities products and services are offered by E*TRADE
Securities LLC, Member FINRA. Your account is carried
by an affiliate, E*TRADE Clearing LLC, Member NYSE/
FINRA/SIPC, which maintains your funds and securities.
Please promptly report any inaccuracy or discrepancy
in your account to both E*TRADE Securities LLC at
1-800-503-9260 and E*TRADE Clearing LLC at
201-499-6247. You should re-confirm any oral
communication in writing to further protect your rights,
including rights under the Securities Investor
Protection Act (SIPA).

**E*TRADE FINANCIAL**
Trading · Investing · Banking

DETACH HERE

SUN Y PAK
17878 GALEHOUSE RD
DOYLESTOWN OH 44230-9374

Make checks payable to E*TRADE Clearing LLC.

Mail deposits to:

E*TRADE CLEARING LLC
P.O. Box 484
Jersey City, NJ 07303-0484

DETACH HERE

**Use This Deposit Slip**     Acct:      '-5634

**Please do not send cash**

| | Dollars | Cents |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| **TOTAL DEPOSIT** | | |

073120120001          56341



**EXHIBIT**
**M**





**E✷TRADE Platinum**
Investment Account

**Account Number:** ⎪ -5634          **Statement Period :** July 1, 2012 - July 31, 2012          **Account Type:** INDIVIDUAL

## ACCOUNT HOLDINGS

### CASH & CASH EQUIVALENTS (100.00% of Holdings)

| DESCRIPTION | OPENING BALANCE | CLOSING BALANCE | PORTFOLIO (%) | AVG BALANCE |
|---|---|---|---|---|
| Extended Insurance Sweep Deposit Account E*TRADE Bank | | | | |
| Extended Insurance Sweep Deposit Account Total | 232,379.95 | 34,054.10 | | 230,717.73 |
| | 232,379.95 | 34,054.10 | 100.00 | 230,717.73 |

The Extended Insurance Sweep Deposit Account (ESDA) program is comprised of deposit accounts with E*TRADE Bank and up to four other depository institutions. The ESDA account at each bank is FDIC-insured up to $250,000.00 but is not covered by SIPC.

| | | | | |
|---|---|---|---|---|
| TOTAL CASH & CASH EQUIVALENTS | **$232,379.95** | **$34,054.10** | **100.00%** | |
| TOTAL CASH & CASH EQUIVALENTS YTD INTEREST (SWEEP ONLY) | **$43.35** | | | |
| TOTAL PRICED PORTFOLIO HOLDINGS (ON 07/31/12) | | **$34,054.10** | | |

## TRANSACTION HISTORY

### DIVIDENDS & INTEREST ACTIVITY

| DATE | TRANSACTION TYPE | DESCRIPTION | SYMBOL/ CUSIP | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|
| 07/26/12 | Interest | EXTND INS SWEEP ACCT(FDIC-INS) | | | 9.45 |
| TOTAL DIVIDENDS & INTEREST ACTIVITY | | | | | **$9.45** |
| NET DIVIDENDS & INTEREST ACTIVITY | | | | | **$9.45** |

### WITHDRAWALS & DEPOSITS

| DATE | TRANSACTION TYPE | DESCRIPTION | WITHDRAWALS | DEPOSITS |
|---|---|---|---|---|
| 07/23/12 | Transfer | ACH WITHDRAWL REFID:41400739189; | 25,000.00 | |
| 07/25/12 | Wire | WIRE OUT | 173,310.30 | |
| 07/25/12 | Other | OUTGOING WIRE FEE | 25.00 | |
| NET WITHDRAWALS & DEPOSITS | | | **$198,335.30** | |

### EXTENDED INSURANCE SWEEP DEPOSIT ACCOUNT (ESDA) ACTIVITY   ( 0.0500% APY/0.0498%APY Earned as of 07/31/12)

The Extended Insurance Sweep Deposit Account (ESDA) program is comprised of deposit accounts with E*TRADE Bank and up to four other depository institutions. The ESDA account at each bank is FDIC-insured up to $250,000.00 but is not covered by SIPC.

| DATE | TRANSACTION TYPE | DESCRIPTION | TRANSACTION AMOUNT |
|---|---|---|---|
| 07/01/12 | | OPENING BALANCE | $232,379.95 |

ETRADE000694

Prepared By and Return To:
Supreme Title Closings, LLC
2202 S Babcock Street, Suite 201
Melbourne, FL 32901

File No.  11-08-0425

Property Appraiser's Parcel I.D. (folio) Number(s)
29-38-32-00-00068.0-0000

## WARRANTY DEED

THIS WARRANTY DEED dated July 27, 2012, by Marie Siegler, a married woman, whose post office address is 121 Roosevelt Way, Westbury, NY 11590, hereinafter called the grantor, to Sun Yo Pak a married adult, whose post office address is 5767 Treasure Lane, Grant Valkaria, Fl. 32949, hereinafter called the grantee:

> (Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

WITNESSETH: That the grantor, for and in consideration of the sum of $10.00 and other valuable consideration, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys, and confirms unto the grantee, all the certain land situated in Brevard County, Florida, viz:

> The West 1/2 of the South 200 feet of the North 400 feet of the South 3/4 of Lot 29, Section 32, Township 29 South, Range 38 East FLORIDA INDIAN RIVER LAND COMPANY, a subdivision according to the plat thereof, as recorded in Plat Book 1, Page 166, Public Records of Brevard County, Florida, LESS the West 25 feet for road, utility and drainage right-of-way.

Grantor Warrants that at the time of this conveyance, the subject property is not the Grantor's homestead within the meaning set forth in the constitution of the state of Florida, nor is it contiguous to or a part of homestead property. Grantor's residence and homestead address is:  121 Roosevelt Way, Westbury, NY 11590.

Subject to easements, restrictions, reservations and limitations of recorded, if any.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining.

TO HAVE AND TO HOLD the same in  forever.

AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to: December 31, 2011

Warranty Deed (Individual to Individual)

**EXHIBIT**

**N**

# WARRANTY DEED
(Continued)

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
(Witness Signature)

Nadine Rodriguez

_____
(Witness Signature)

Aji Peter

X _Marie Siegler_
Marie Siegler

121 Roosevelt Way
_____
(Address)

Westbury, NY 11590
_____
(Address)

STATE OF New York

COUNTY OF Nassau

I, Samuel M. Clonmell , a Notary Public of the County and State first above written, do hereby certify that Marie Siegler personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 25th day of July, 2012.

_____
Notary Public

My Commission Expires: 8/13/2015

(SEAL)

SAMUEL M. CLONMELL
Notary Public - State of New York
NO. 01CL6172662
Qualified in Nassau County
My Commission Expires 8/15/2015