## Exhibit Cover Sheet

Party
submitting: Plaintiff          Ex. # 123

Admitted: Yes  or    No  (circle one)

Debtor: Keith A. Yerian

Case No.: 6:15-bk-01720-KSJ

Adv. No.: 6:15-ap-00064-KSJ

Nature of Hearing/
Docket No: Trial

### United States Bankruptcy Court
### Middle District of Florida

Dated _____ , 20___.

By:_____, Deputy Clerk

**APPENDIX B**

# Middle District of Florida
# Claims Register

### 6:15-bk-01720-KSJ Keith A Yerian

**Judge:** Karen S. Jennemann  **Chapter:** 7
**Office:** Orlando  **Last Date to file claims:** 07/27/2015
**Trustee:** Richard B Webber, Trustee  **Last Date to file (Govt):**

| Creditor:          (25472387)<br>PNC BANK, N.A.<br>PO BOX 94982<br>CLEVELAND, OHIO 44101 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 04/27/2015<br>*Original Entered*<br>*Date:* 04/27/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* PNC Bank (CS)<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $19214.02 | | |
|---|---|---|---|---|

| History: | | | | |
|---|---|---|---|---|
| Details | | 1-1 | 04/27/2015 | Claim #1 filed by PNC BANK, N.A., Amount claimed: $19214.02 (PNC Bank (CS)) |

Description: (1-1) COLLATERAL=UNSECURED PNC POINTS VISA 6036

Remarks: (1-1) SUBMITTED BY C SWIDER

| Creditor:          (25472387)<br>PNC BANK, N.A.<br>PO BOX 94982<br>CLEVELAND, OHIO 44101 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 04/27/2015<br>*Original Entered*<br>*Date:* 04/27/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* PNC Bank (CS)<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $11629.04 | | |
|---|---|---|---|---|

| History: | | | | |
|---|---|---|---|---|
| Details | | 2-1 | 04/27/2015 | Claim #2 filed by PNC BANK, N.A., Amount claimed: $11629.04 (PNC Bank (CS)) |

Description: (2-1) COLLATERAL=UNSECURED PNC VISA BUSINESS CARD 5947

Remarks: (2-1) SUBMITTED BY C SWIDER

| Creditor:          (25472387)<br>PNC BANK, N.A.<br>PO BOX 94982<br>CLEVELAND, OHIO 44101 | **Claim No: 3**<br>*Original Filed*<br>*Date:* 04/27/2015<br>*Original Entered*<br>*Date:* 04/27/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* PNC Bank (CS)<br>*Modified:* |
|---|---|---|

| History: | | | | |
|---|---|---|---|---|
| Details | | 3-1 | 04/27/2015 | Claim #3 filed by PNC BANK, N.A., Amount claimed: $4413.88 (PNC Bank (CS)) |

Description: (3-1) COLLATERAL=UNSECURED POC 9432

Remarks: (3-1) SUBMITTED BY C SWIDER

| Amount | claimed: | $4413.88 | | | |

*History:*

| Details | ◉ | 3-1 | 04/27/2015 | Claim #3 filed by PNC BANK, N.A., Amount claimed: $4413.88 (PNC Bank (CS)) |

*Description:* (3-1) COLLATERAL=UNSECURED POC 9432

*Remarks:* (3-1) SUBMITTED BY C SWIDER

---

| *Creditor:*     (25474749)<br>Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | **Claim No: 4**<br>*Original Filed*<br>*Date:* 04/28/2015<br>*Original Entered*<br>*Date:* 04/28/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Discover Bank (MD)<br>*Modified:* |

| Amount | claimed: | $8748.77 | | | |

*History:*

| Details | ◉ | 4-1 | 04/28/2015 | Claim #4 filed by Discover Bank, Amount claimed: $8748.77 (Discover Bank (MD)) |

*Description:*

*Remarks:*

---

| *Creditor:*     (25552061)<br>American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | **Claim No: 5**<br>*Original Filed*<br>*Date:* 05/29/2015<br>*Original Entered*<br>*Date:* 05/29/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Becket & Lee, LLP (SB)<br>*Modified:* |

| Amount | claimed: | $7667.35 | | | |

*History:*

| Details | ◉ | 5-1 | 05/29/2015 | Claim #5 filed by American Express Centurion Bank, Amount claimed: $7667.35 (Becket & Lee, LLP (SB)) |

*Description:* (5-1) CREDIT CARD DEBT

*Remarks:*

---

| *Creditor:*     (25561968)<br>American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | **Claim No: 6**<br>*Original Filed*<br>*Date:* 06/02/2015<br>*Original Entered*<br>*Date:* 06/02/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Becket & Lee, LLP (SB)<br>*Modified:* |

| Amount | claimed: | $1699.45 | | | |

*History:*

| Details | ◉ | 6-1 | 06/02/2015 | Claim #6 filed by American Express Centurion Bank, Amount claimed: $1699.45 (Becket & Lee, LLP (SB)) |

*Description:* (6-1) CREDIT CARD DEBT

*Remarks:*

| History: | | | |
|---|---|---|---|
| Details | 6-1 | 06/02/2015 | Claim #6 filed by American Express Centurion Bank, Amount claimed: $1699.45 (Becket & Lee, LLP (SB)) |

Description: (6-1) CREDIT CARD DEBT

Remarks:

---

| Creditor:        (25316296)<br>Dean Barker<br>3290 Kent Road<br>Stow, OH 44224 | **Claim No: 7**<br>*Original Filed*<br>*Date:* 06/05/2015<br>*Original Entered*<br>*Date:* 06/08/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* HH<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $13984.00 | | |
|---|---|---|---|---|
| Secured | claimed: | $13984.00 | | |

| History: | | | |
|---|---|---|---|
| Details | 7-1 | 06/05/2015 | Claim #7 filed by Dean Barker, Amount claimed: $13984.00 (Heather ) |

Description:

Remarks:

---

| Creditor:        (25656075)<br>JPMorgan Chase<br>c/o Real Time Resolutions, Inc.<br>1349 Empire Central Drive, Suite #150<br>Dallas, Texas 75247-4029 | **Claim No: 8**<br>*Original Filed*<br>*Date:* 07/16/2015<br>*Original Entered*<br>*Date:* 07/16/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Real Time Resolutions, Inc.<br>(PB)<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $52062.50 | | |
|---|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | 8-1 | 07/16/2015 | Claim #8 filed by JPMorgan Chase, Amount claimed: $52062.50 (Real Time Resolutions, Inc. (PB)) |

Description:

Remarks:

---

| Creditor:        (25677605)<br>Deborah W Yerian<br>17830 Galehouse Rd<br>Doylestown OH 44230 | **Claim No: 9**<br>*Original Filed*<br>*Date:* 07/27/2015<br>*Original Entered*<br>*Date:* 07/27/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* JE<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $5149.58 | | |
|---|---|---|---|---|

| History: | | | |
|---|---|---|---|
| Details | 9-1 | 07/27/2015 | Claim #9 filed by Deborah W Yerian, Amount claimed: $5149.58 (James ) |

Description:

Remarks:

## Claims Register Summary

**Case Name:** Keith A Yerian
**Case Number:** 6:15-bk-01720-KSJ
**Chapter:** 7
**Date Filed:** 02/27/2015
**Total Number Of Claims:** 9

| Total Amount Claimed* | $124568.59 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $13984.00 | |
| Priority | | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/11/2016 10:05:47 | | | |
| PACER Login: | zk0100:3645028:0 | Client Code: | |
| Description: | Claims Register | Search Criteria: | 6:15-bk-01720-KSJ Filed or Entered From: 1/1/2015 Filed or Entered To: 11/14/2016 |
| Billable Pages: | 1 | Cost: | 0.10 |

## Exhibit Cover Sheet

Party
submitting: Plaintiff _____   Ex. #124___

Admitted: Yes   or   No  (circle one)

Debtor: ___Keith A. Yerian_____

Case No.: _6:15-bk-01720-KSJ_____

*Adv. No.:* _6:15-ap-00064-KSJ_____

Nature of Hearing/
Docket No: __Trial_____

_____

### United States Bankruptcy Court
### Middle District of Florida

Dated   _____ , 20___.

By:_____,  Deputy Clerk

**APPENDIX B**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Middle District of Florida | ▢ | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br><br>Keith Alan Yerian | Case Number:<br><br>6:15-bk-01720-KSJ<br>Chapter 7 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Deborah W. Yerian

Name and address where notices should be sent:

Deborah W. Yerian    17830 Galehouse Road    Doylestown, OH 44230

Telephone number: (330) 658-2366    email: dyerian@etctech.net

Name and address where payment should be sent (if different from above):

Telephone number:    email:

**COURT USE ONLY**

▢ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (If known)

Filed on:_____

▢ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____5,149.58

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

▢ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   domestic support obligation unpaid balance
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**   4  5  5  4

**3a. Debtor may have scheduled account as:**
   (See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
   (See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ▢ Real Estate   ▢ Motor Vehicle   ▢ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ▢ Fixed   or   ▢ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

▢ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

▢ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

▢ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

▢ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

▢ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____5,149.58

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                          2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent.  ☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Deborah W. Yerian
Title:
Company:
Address and telephone number (if different from notice address above):
17830 Galehouse Road
Doylestown, OH 44230                           *Deborah W. Yerian*          7-21-15
                                              (Signature)                   (Date)
Telephone number:(330) 658-2366    email:dyerian@etctech.net

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a.  Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4.  Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5.  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6.  Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7.  Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8.  Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

### PAYMENT HISTORY REPORT


Print Page

#### WAYNE COUNTY CHILD SUPPORT ENFORCEMENT AGENCY

428 W. LIBERTY STREET  STE 11  WOOSTER, OH  44691  (330)287-5600  (800)216-6636

#### FINANCIAL TRANSACTION HISTORY FOR PERIOD:  08/01/2013 - 07/20/2015

Case Number:  7064036499   Order Number:  04DI0511 OH850

Obligee Name:  DEBORAH W YERIAN

Obligor Name:  KEITH A YERIAN

Date Printed:  07/21/2015

Monthly Support

Child:          $332.00

Additional:     $182.08

Total:          $514.08

As Of:  07/20/2015

Unpaid Balance: $5,149.58          Total Credits: $0.00          Funds on Hold:  $0.00

| Transaction Date | Collection Amount | Allocation Current | Allocation Arrears | Disbursement To Family | Disbursement To Other | Disbursements Refunded | Fees Paid |
|---|---|---|---|---|---|---|---|
| 07/10/2015 | | | | 504.92 | | | |
| 07/10/2015 | | | | | | | 10.08 |
| 07/10/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 06/16/2015 | | | | 504.92 | | | |
| 06/16/2015 | | | | | | | 10.08 |
| 06/16/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 05/18/2015 | | | | 504.92 | | | |
| 05/18/2015 | | | | | | | 10.08 |
| 05/18/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 04/13/2015 | | | | 504.92 | | | |
| 04/13/2015 | | | | | | | 10.08 |
| 04/13/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 03/09/2015 | | | | 504.92 | | | |
| 03/09/2015 | | | | | | | 10.08 |
| 03/09/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 02/17/2015 | | | | 504.92 | | | |
| 02/17/2015 | | | | | | | 10.08 |
| 02/17/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 01/26/2015 | | | | 504.92 | | | |
| 01/26/2015 | | | | | | | 10.08 |
| 01/26/2015 | 515.00 | 414.00 | 90.92 | | | | |
| 12/10/2014 | | | | 504.92 | | | |
| 12/10/2014 | | | | | | | 10.08 |
| 12/10/2014 | 515.00 | 414.00 | 90.92 | | | | |
| 11/10/2014 | | | | 504.92 | | | |
| 11/10/2014 | | | | | | | 10.08 |
| 11/10/2014 | 515.00 | 414.00 | 90.92 | | | | |

### Exhibit Cover Sheet

Party
submitting: Plaintiff_____     Ex. # 125

Admitted: Yes   or   No  (circle one)

Debtor:_____Keith A. Yerian_____

Case No.: 6:15-bk-01720-KSJ_____

*Adv. No.:* 6:15-ap-00064-KSJ_____

Nature of Hearing/
Docket No:__Trial_____

_____

### United States Bankruptcy Court
### Middle District of Florida

Dated _____ , 20___.

By:_____, Deputy Clerk

### APPENDIX B



WITHDRAWAL
RETIRO
DATE / FECHA 05 / 13 / 15

**FIFTH THIRD BANK**

Keith Yerian
CUSTOMER NAME / NOMBRE DEL CLIENTE

X _____
SIGN HERE / FIRMAR AQUI

eight thousand and _____ DOLLARS / DÓLARES

FTCF
**DR** * ████████44168 $

ACCOUNT NUMBER
NÚMERO DE CUENTA

AMOUNT/
CANTIDAD
8,000.00

☑ Checking / Cheques
☐ Savings / Ahorros

THIS IS NOT A NEGOTIABLE ITEM
ESTO NO ES UN ARTÍCULO NEGOCIABLE

5/3 Tlr#2 BC#44370
REF#874801238
$8,000.00
5/13/2015 11:44:58 AM

⑈555500440⑈

| | |
|---|---|
| Posting Date | 2015 May 13 |
| DB/CR Indicator | Debit |
| Amount | $8,000.00 |
| Posting Check Number | 0 |
| Posting Account Number | ████4168 |
| Posting Seq Number | 66776920 |
| Tran Code | 0 |
| ABA/RT Number | 55550044 |

## Exhibit Cover Sheet

**Party
submitting:** Plaintiff _____   **Ex. #** 126

**Admitted: Yes   or   No   (circle one)**

**Debtor:** Keith A. Yerian _____

**Case No.:** 6:15-bk-01720-KSJ _____

*Adv. No.:* 6:15-ap-00064-KSJ _____

**Nature of Hearing/
Docket No:** Trial _____

_____

### United States Bankruptcy Court
### Middle District of Florida

**Dated** _____ , 20___.

**By:** _____, **Deputy Clerk**

**APPENDIX B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Keith A. Yerian,

     Debtor.

_____/

Chapter 7
Case No.: 6:15-bk-01720-KSJ

**STATEMENT OF COMPENSATION**
**COMPENSATION UNDER 11 U.S.C. §329 AND F.R.B.P. 2016(b)**

     Frank Martin Wolff, P.A.1 ("FMWPA") makes this statement pursuant to 11 U.S.C. §329 and F.R.B.P. 2016(b) and says:

    1.   <u>Compensation Paid or Agreed to be Paid</u>. After the filing of this case, $21,900.00 was paid to FMWPA for services rendered or to be rendered by FMWPA in connection with Adv. Pro. No. 6:15-ap-00064-KSJ, filed by Richard Blackstone Webber, II, Trustee, against the Debtor and his non-filing spouse, Sun Y. Pak.

    2.   <u>Source of Compensation</u>. The source of the foregoing compensation is:

        a.   $1,900.00 from the Debtor; and

        b.   $20,000.00 from Yerian Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA.

---

[1] On February 29, 2016, the law firm of Wolff, Hill, McFarlin & Herron, P.A. (WHM&H) terminated its practice. The responsible attorney in this case, Frank M. Wolff, is now with the firm of Frank Martin Wolff, P.A. (FMWPA) WHM&H has assigned this case and this receivable to FMWPA.

3.    <u>Sharing</u>.  FMWPA has not shared or agreed to share the compensation with any entity other than with members and regular associates of FMWPA.

/s/ Frank M. Wolff
Frank M. Wolff
Florida Bar No. 319521
Frank Martin Wolff, P.A.
1851 West Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
fwolff@fmwpa.com

Attorneys for the Debtor/Defendant
in Adversary Proceeding

## CERTIFICATE OF SERVICE

I certify that a copy of this statement of compensation was served on April 8, 2016 to all filing users through the CM/ECF filing system.

/s/ Frank M. Wolff
Frank M. Wolff

**Exhibit Cover Sheet**

Party
submitting: Plaintiff_____      Ex. # 127

Admitted: Yes   or   No  (circle one)

Debtor:__Keith A. Yerian_____

Case No.:__6:15-bk-01720-KSJ_____

*Adv. No.:*__6:15-ap-00064-KSJ_____

Nature of Hearing/
Docket No:__Trial_____

_____

**United States Bankruptcy Court**
**Middle District of Florida**

Dated    _____ , 20___.

By:_____,   Deputy Clerk

**APPENDIX B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Keith A. Yerian,

Chapter 7
Case No.: 6:15-bk-01720-KSJ

        Debtor.
_____/

## FIRST SUPPLEMENT TO STATEMENT OF
## COMPENSATION UNDER 11 U.S.C. §329 AND F.R.B.P. 2016(b)

Frank Martin Wolff, P.A. ("FMWPA") supplements the statement made pursuant to 11

U.S.C. §329 and F.R.B.P. 2016(b) and says:

1.    <u>Compensation Paid or Agreed to be Paid</u>.  After April 8, 2016, $10,000.00 was paid

to FMWPA for services rendered or to be rendered by FMWPA in connection with this case.

2.    <u>Source of Compensation</u>.  The source of the foregoing compensation is Yerian

Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA.

3.    <u>Sharing</u>.  FMWPA has not shared or agreed to share the compensation with any

entity other than with members and regular associates of FMWPA.

                        /s/ Frank M. Wolff
                        Frank M. Wolff
                        Florida Bar No. 319521
                        Frank Martin Wolff, P.A.
                        1851 West Colonial Drive
                        Orlando, FL 32804
                        Telephone (407) 648-0058
                        Facsimile (407) 648-0681
                        fwolff@fmwpa.com

                        Attorneys for the Debtor/Defendant
                        in Adversary Proceeding

## CERTIFICATE OF SERVICE

I certify that a copy of this statement of compensation was served on May 10, 2016 to all filing users through the CM/ECF filing system.


/s/ Frank M. Wolff
Frank M. Wolff

## Exhibit Cover Sheet

Party
submitting: Plaintiff      Ex. #128

Admitted: Yes   or    No  (circle one)

Debtor:   Keith A. Yerian

Case No.: 6:15-bk-01720-KSJ

*Adv. No.:* 6:15-ap-00064-KSJ

Nature of Hearing/
Docket No: Trial

### United States Bankruptcy Court
### Middle District of Florida

Dated _____ , 20___.

By:_____, Deputy Clerk

## APPENDIX B

## IN THE COURT OF COMMON PLEAS, WAYNE COUNTY, OHIO

IN THE MATTER OF

Deborah W. Yerian

     and

Keith Alan Yerian

         Petitioner

Case No. 04-DI-0511

Corey E. Spitler, Judge

**ORDER**

This matter comes on for the court on the Report and Proposed Decision of the Magistrate dated _____ 2.13.12 _____. Upon consideration thereof it is ordered:

    1. **Shared Parenting.** The shared parenting plan of the parties shall remain in effect. Deborah Yerian shall continue to be the primary residential parent of the minor child for school purposes.

    2. **Parenting Time.** Keith Yerian shall be permitted parenting time with the minor child when he is in the State of Ohio and this parenting time shall be as frequent as possible and agreed upon on a reasonable basis. This parenting time shall take into effect Keith Yerian's work schedule and the child's activities. Additional telephone and email contact shall be permitted on a reasonable basis.

    3. **Counseling.** Keith Yerian shall continue to be involved in individual and/or family counseling to work on resolving family issues and to work on boundary issues. The minor child shall participate in this counseling at the request of the counselor. All appointments shall be kept as scheduled and all recommendations shall be followed. Counseling shall terminate only upon the recommendation of the counselor. Deborah Yerian shall participate in counseling with a licensed mental health professional in order to work on boundary issues.

-14-

KY001638

shall follow any reasonable recommendations. Counseling shall terminate only upon the recommendation of the counselor. Each party shall be responsible for their respective costs.

4. **Restraining Order.** Both parties are mutually restrained from sharing, discussing or divulging any email messages or phone messages between the two of them and the minor child.

5. **Child Support.** Effective October 8, 2010, Keith Yerian shall pay current child support in the amount of $431 per month with private health care or $332 per month without private health care plus a cash medical of $82 per month.

Each party to this support order must notify the Child Support Enforcement Agency in writing of his or her current mailing address, current resident address, and any changes in that information including changes of employment.

If private health insurance coverage is being provided and becomes unavailable or is terminated, the child support obligor shall begin paying cash medical support commencing the first day of the month immediately following the month in which private health insurance coverage became unavailable or is terminated, and shall cease paying cash medical support on the last day of the month immediately preceding the month in which private health insurance coverage begins or resumes. Cash medical support shall be paid in addition to child support.

It is further ordered that if private health insurance is provided by either party, they shall notify the other party within 30 days and supply the other party with information regarding the benefits, limitations and exclusions of the health insurance coverage, copies of any insurance forms necessary to receive reimbursement, payment or other benefits under the health insurance coverage

-15-

Upon receipt of notice by the CSEA that private health insurance coverage is not available at a reasonable cost, cash medical support shall be paid in the amount determined by the child support worksheet as applicable. The CSEA may change the financial obligations of the parties to pay child support in accordance with the terms of the court order and cash medical support without a hearing or additional notice to the parties.

All support shall be paid to CSPC, P. O. Box 182394, Columbus, Ohio 43218. The Support Enforcement Agency shall issue the appropriate withholding order for this support.

6. **Business - ETC Computers, Inc.** The Court finds that due to current economic conditions, the enforcement of this provision is next to impossible. The Court finds this provision was in lieu of spousal support and with the Court retaining jurisdiction over spousal support, this provision shall no longer be an order of this court. The continuation or termination of this company may be dealt with in the civil lawsuit between the parties.

7. **Spousal Support.** Keith Yerian shall pay spousal support in the amount of $300 per month through the Support Enforcement Agency by appropriate withholding order for a period of two years effective October 8, 2010. The Court shall no longer retain jurisdiction over the issue of spousal support.

8. **Arrearage.** The Court finds Keith Yerian will have an arrearage on his child and spousal support obligations as referred to above and he shall pay a minimum of $90 per month through the Support Enforcement Agency plus poundage by withholding order on the arrearages until paid in full.

9. **Tax Dependency.** There shall be no modification of the current tax dependency.

-16-

KY001640

care provision.  The Court finds currently both parties are maintaining a private policy for the benefit of the child.

11.  **Contempt.**  The Court finds Keith Yerian has previously been found in contempt for violating orders of this Court.  For said contempt, he shall be sentenced to serve 30 days in jail.  Said jail sentence shall be suspended on condition he comply with orders of this Court which includes payment of current child and spousal support as well as payment on arrearages.

12.  **Attorney Fees.**  Keith Yerian shall pay to Deborah Yerian attorney fees in the amount of $1,000.  Said fees shall be paid within 90 days of the journalization date of this order and shall be paid to Deborah Yerian through Attorney Gregory Hail's office.

13.  **Guardian ad Litem.**  The Court finds the guardian ad litem deposit has previously been made equally by both parties and has been released to the guardian ad litem and there is no additional request for fees.

14.  **Costs.**  Costs to be assessed Keith Yerian.

_____
Corey E. Spitler, Judge

Dated: ___2·13·12_____

JOURNALIZED

FEB 1 3 2012

TIM NEAL, CLERK
WAYNE COUNTY, OHIO

-17-

KY001641