FILED

DEC 12 2016

Clerk, U.S. Bankruptcy,
Orlando Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

KEITH A. YERIAN,                   Case No.: 6:15-bk-01720-KSJ
                                                  Chapter 7
    Debtor.
_____/
RICHARD B. WEBBER, II,
CHAPTER 7 TRUSTEE,

    Plaintiff,                       ADV. NO.: 15-ap-00064-KSJ
v.
KEITH A. YERIAN and
SUN Y. PAK,

    Defendants.
_____/

### DEBTOR/DEFENDANT'S BENCH MEMORANDUM REGARDING TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

Debtor/Defendant, Keith Alan Yerian, submits this bench memorandum regarding the Trustee's Objection to Property Claimed as Exempt (Doc no. 46 in the main case) and states as follows:

1.     <u>Summary of Argument</u>. The Trustee has objected to the Debtor's claim of exemption of the Debtor's self-directed IRA based upon alleged prohibited transactions that occurred after the tax-qualified account was created. The Trustee's contention is that if he can show that these transactions occurred, the account is not exempt from creditors' claims under Florida law and thus not exempt from the bankruptcy estate. However, the Florida Statute which is the basis of the claim of exemption provides that the account is exempt until "it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a

proceeding that has become final and non-appealable." Fla. Stat. 222.21(2). Because there was no determination as of the date of the debtor's petition, the Trustee's objection must be overruled.

2. <u>Claims of Exemption are to be Liberally Construed</u>. Property is exempted from the estate under the Bankruptcy Code to ensure that the Debtor has sufficient property to obtain a fresh start and is to be liberally construed consistent with this purpose. The claim of exemption is presumed valid. *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 630 (9th Cir. BAP 2010) (citing *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999)).

3. <u>The Party Objecting to an Exemption has the Burden of Proof</u>.

    a. Rule 4003(c) provides that in a hearing on an objection to the Debtor's exemptions, the objecting party bears the burden of proof and the objecting party must prove that the claim of exemption is improperly made by the preponderance of the evidence. *In re Hamlin* 465 B.R. 363 (9th Cir. 2012).

    b. Given that these exemptions "are a fundamental component of a debtor's fresh start, they are construed liberally and the objecting party bears the burden of proof to show that an exemption has not been properly claimed." *In re Cherwenka*, 508 B.R. 208, 234 (Bankr. N.D. Ga. 2014); *In re Ehnle*, 124 B.R. 361 (Bankr. M.D. Fla. 1991); *In re Groff*, 234 B. R. 153 (Bankr. M D Fla. 1999).

"If a party in interest timely objects, 'the objecting party has the burden of proving that the exemptions are not properly claimed.'" *Nicholson*, 435 B.R. at 630. Initially, this means that the objecting party has the burden of production and the burden of persuasion. *Carter*, 182 F.3d at 1029, n. 3. The objecting party must produce evidence to rebut the presumptively valid exemption. *Id.* Once rebutted, the burden of production then shifts to the

2

debtor to come forward with unequivocal evidence that the exemption is proper. *Id.* The burden of persuasion, however, always remains with the objecting party. *Id.*

    4.    <u>Exemptions are Determined on the Date of the Petition.</u>

        a.    "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." *In re Friedman*, 38 B.R. 275, 276 (Bankr.E.D.Pa.1984). This means the Court must "focus only on the law and *facts* as they exist *on the date of filing the petition.*" *In re Cunningham*, 354 B.R. 547, 553 (D. Mass. 2006) As stated by the Supreme Court in *White v Stump*, 266 U.S. 310 (1924):

> When the law speaks of property which is exempt and of rights to exemptions, it, of course, refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee and other particulars are fixed.

*Id*, at 313.

        b.    "By establishing the debtor's exemption rights as of the petition date, uniformity and certainty is promoted in the area of exemptions." *In re Seyfert* 97 B. R. 590, 592 (Bankr. S.D. Calif 1989).

    5.    <u>Under current Florida law, retirement accounts are exempt until determined otherwise.</u>

        a.    Florida Statute 222.21 provides in relevant part:

> (2)(a) Except as provided in paragraph (d) [relating to domestic relations orders or claims of a surviving spouse], any money or other assets payable to an owner, a participant, or a beneficiary from, or any interest of any owner, participant, or beneficiary in, a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is:

3

1. Maintained in accordance with a master plan, volume submitter plan, prototype plan, or any other plan or governing instrument that has been preapproved by the Internal Revenue Service as exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and non-appealable;

2. Maintained in accordance with a plan or governing instrument that has been determined by the Internal Revenue Service to be exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and non-appealable; or

3. Not maintained in accordance with a plan or governing instrument described in subparagraph 1. or subparagraph 2. if the person claiming exemption under this paragraph proves by a preponderance of the evidence that the fund or account is maintained in accordance with a plan or governing instrument that:

   a. Is in substantial compliance with the applicable requirements for tax exemption under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended; or

   b. Would have been in substantial compliance with the applicable requirements for tax exemption under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, but for the negligent or wrongful conduct of a person or persons other than the person who is claiming the exemption under this section.

b. By this change to the law in 2005, the exemption from creditor's process under Chapter 222, Florida Statutes can operate independently from tax qualification.

The Trustee's expert stated very clearly that the subject self-directed IRA had been "properly done" and that the documents he reviewed "established an IRA." Accordingly, as a tax-qualified IRA. it is exempt from creditors process until there is a final, non-appealable determination that it is not. Even if the Debtor has engaged in transactions or activities that would disqualify the plan from tax exempt status, the Debtor's plan is exempt from the bankruptcy estate until a determination on the tax qualification is final and non-appealable. This was an express effort to get non-tax courts out of the business of making these determinations ("Thus, the IRS and Tax Courts will make the determination regarding the tax-exempt status of a plan under this bill" *Senate Staff Analysis and Economic Impact Statement* CS/SB 660, p. 6.). As of February 27, 2015, the date of the filing of the Debtor's petition in this case, there was no proceeding as to the tax qualification of the account, much less a final determination thereof.

      c.     Because there was no determination on the Debtor's self-directed IRA account as of the Date of the Petition, the Trustee's objection must fail.

## CONCLUSION

Wherefore, the Debtor prays that the Trustee's objection to the claim of exemption as to the Debtor's self-directed IRA be over ruled.

/s/ Frank M. Wolff
Frank M. Wolff
Fla Bar No. 319521
Frank Martin Wolff, P.A.
19 E. Central Blvd.
Orlando, FL 32801
Telephone: (407) 982-4448
Facsimile: (407) 386-3364
Email: fwolff@fwolfflaw.com
Attorney for Keith Alan Yerian