## Exhibit Cover Sheet

**Party
submitting:** Plaintiff          **Ex. #** 1

**Admitted: Yes   or    No  (circle one)**

**Debtor:**  Keith A. Yerian

**Case No.:** 6:15-bk-01720-KSJ

*Adv. No.:*  6:15-ap-00064-KSJ

**Nature of Hearing/
Docket No:**  Trial

**United States Bankruptcy Court
Middle District of Florida**

**Dated** _____ , 20___.

**By:** _____,  **Deputy Clerk**

**APPENDIX B**



DEAN
MEAD

**Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A.**
800 North Magnolia Avenue, Suite 1500
P.O. Box 2346 (ZIP 32802-2346)
Orlando, FL 32803

(407) 841-1200
(407) 423-1831 Fax
www.deanmead.com

**Attorneys and Counselors at Law**
Orlando
Fort Pierce
Viera
Gainesville
Tallahassee

**JAY VAN HEYDE**
(407) 428-5108
JVanHeyde@deanmead.com

June 3, 2016

Richard B. Webber, II, Esq.
Trustee,  Keith A. Yerian Chapter 7 Case
Zimmer Kiser Sutcliffe
315 East Robinson Street
Orlando, Florida  32801

> Subject:   Expert Report
> Self Directed IRA of Keith A. Yerian
> U.S. Bankruptcy Middle District of Florida
> Case No.: 6:15-bk-01720-KSJ
> Adversary Proceeding No.: 6:15-AP-64-KSJ
> Your Mediation Letter of September 18.

Dear Mr. Webber:

I have been requested to serve as an Expert Witness on your behalf, as Chapter 7 Trustee, in the above captioned case.

Qualification as Expert:

I am a 1980 graduate of The Ohio State University College of Law (cum laude) and began practice in August, 1980 with Baker & Hostetter.  I subsequently practiced with Maguire, Voorhis & Wells, which merged into Holland & Knight, and since 2002, with Dean Mead.  After serving three years as a tax associate, I began full-time practice in ERISA/Employee Benefits, serving clients for 30 years with respect to qualified and non-qualified retirement plans, employee stock ownership plans and IRAs.  A copy of my web biography is attached hereto.  I have been selected by my peers in ERISA/Employee Benefits/Taxation for inclusion in *Best Lawyers in America*, *Florida's Legal Elite* and other publications.  I am a past President of the Employee Benefits Council of Central Florida.

Documents reviewed:

In connection with my preparation of this Expert Report, I have reviewed the following documents:

1.   Deposition of Keith A. Yerian taken May 17, 2016 by Richard B. Webber, II - Pages 78 to 127 and Pages 146/147.

Richard B. Webber, III, Esq.
June 3, 2016
Page 2

2.	Traditional IRA Agreement

3.	IRA LLC Agreement

4.	Transfer Authorization Documents

5.	Yerian Properties, LLC Operating Agreement

6.	Yerian Properties, LLC Annual Statements of Account from First Quarter 2012 through First Quarter 2016

7.	Investment Authorizations

8.	2013 Yerian Properties, LLC Bank Statements

9.	2014 Yerian Properties, LLC Bank Statements

10.	2015 Yerian Properties, LLC Bank Statements

11.	2010 Tax Return

12.	2011 Tax Return

13.	2012 Tax Return

14.	2013 Tax Return

15.	2014 Tax Return

16.	Email from Yerian to John McLeod directing $2,000 check be paid for the escrow deposit for the Palm Bay property, with shipping receipts

17.	Check to Yerian's Self Directed IRA from Mwagusi Software, LLC for "Yerian Properties, LLC Loan"

18.	Check to Mwagusi Software, LLC for Reimbursement of Start Up Costs for Yerian Properties, LLC

19.	Deed to Palm Bay Property

20.	Deed to Puerto Rico Property

21.	9016(b) Disclosures for Payments to Counsel

<u>Expert Report</u>:

Based on my review of the above described documents, testimony and facts, it is my conclusion that the Individual Retirement Account ("IRA") of Keith Alan Yerian (self-directed IRA #313038 with IRA Services Trust Company) (the "Yerian IRA") has been the subject of numerous "prohibited transactions" (as defined in Internal Revenue Code §4975(c)(1) ("IRC")) involving Mr. Yerian and his wife (who are both "disqualified persons with respect to the Yerian IRA") as defined in IRC §4975(e)(2), with the result being that the Yerian IRA lost its exemption as an "individual retirement account" pursuant to IRC §408(e)(2).

Richard B. Webber, III, Esq.
June 3, 2016
Page 3

The Yerian IRA ceased to be an "individual retirement account" as of the first day of the first taxable year in which a prohibited transaction occurred, and as a result, the fair market value of all assets of the Yerian IRA were deemed distributed to Mr. Yerian at that time.  Because it is clear and admitted in Deposition by Mr. Yerian that one or more prohibited transactions had occurred by the end of 2014, the Yerian IRA (i) ceased to be a tax qualified IRA pursuant to IRC §408(e)(2) on January 1, 2014, (ii) the fair market value of all assets in such IRA were deemed distributed to Mr. Yerian on January 1, 2014, and (iii) the Yerian IRA no longer existed as an "Individual Retirement Account" and no longer was exempt from creditors in bankruptcy.

IRC §408(e)(2) does not require all the IRA's assets to be involved in the prohibited transaction for the entire IRA to lose its exempt status.  One prohibited transaction with only a portion of the IRA's assets will lead to the complete loss of exemption.

IRC §4975 defines who are the "disqualified persons" who cannot enter into an act of self-dealing with the IRA.  IRC §§4975(e)(2)(A) and (F) define a "disqualified person" to include the fiduciary (who controls the assets of the self-directed IRA) and his spouse.  Mr. Yerian and his wife clearly are disqualified persons.

IRC §4975(c) defines what constitutes a "prohibited transaction," and in this section, six (6) acts of self-dealing with a qualified retirement plan or IRA are listed as prohibited.  IRC §§4975(c)(1)(D) and (E) are directly on point here and serve to prohibit the following:

> "(D) [a] transfer to, or use by or for the benefit of, a disqualified person of the income or assets of [the IRA];
>
> (E)  [an] act by a disqualified person who is a fiduciary whereby he deals with the income or assets of [an IRA] in his own interest or for his own account…."

In the case at hand, the evidence shows that a Smart Car and Suburban were purchased with IRA assets, but titled in the names of Mr. Yerian and his wife, Sun Yo Pak, personally.  After their acquisition, from November 26, 2014 to July 31, 2015, the reviewed bank statement show that many thousands of dollars were spent on these automobiles from the IRA's bank account at Fifth Third Bank on a wide range of auto parts from many different vendors.  The purchase of the automobiles and their repair with IRA assets clearly constitute prohibited transactions under Code §§4975(C)(1)(D) and (E).  A review of Mr. Yerian's tax return for 2014 (see Form 1040, Lines 15a and b) show that no Forms 1099R were issued to treat these automobile purchases and repairs as taxable distributions from the IRA, and no taxable income was reported to the IRS on Form 1040.

Mr. Yerian also caused the IRA to purchase a condominium in Puerto Rico in 2012.  His deposition indicates the property still has  not been rented.  Although this property is in the name of the IRA's limited liability company, he has admitted in his deposition that when he goes to Puerto Rico (allegedly to repair and improve the property), he and his associates stay in the condominium.  This too is a prohibited act of self-dealing.  It constitutes the use by, or for the benefit of, a disqualified person of assets of the IRA.  This is prohibited by IRC §4975(c)(1)(D).

Richard B. Webber, III, Esq.
June 3, 2016
Page 4


There are many debit card purchases and checks for which no supporting documentation was presented that appear suspicious, but the above conclusion is based only on things present in the reviewed documents and admitted in the deposition of Mr. Yerian.  There is <u>no</u> minimum amount of prohibited transactions necessary to disqualify the IRA as tax exempt.  Therefore, what has been discussed above is more than sufficient to find that the Yerian IRA is not tax qualified and is not exempt from the claims of creditors.

Best regards,

Jay Van Heyde

JVH/jg





## Joseph "Jay" Van Heyde II

| | |
|---|---|
| Office: | Orlando |
| Title: | Shareholder |
| Phone: | (407) 428-5108 |
| Fax: | (407) 423-1831 |
| Email: | jvanheyde@deanmead.com |

Mr. Van Heyde is a shareholder in Dean Mead's Orlando office. He represents a wide variety of clients with respect to their tax qualified retirement plans, including ESOPs, 401(k) and defined benefit pension plans, non-qualified plans of deferred compensation, stock option and other equity based compensation plans, health and welfare benefit plans, cafeteria plans, COBRA health care continuation coverage compliance, and other employee fringe benefit matters.

In addition to his employee benefits expertise, Mr. Van Heyde represents a significant number of Central Florida based companies with respect to their general corporate matters, including the preparation and review of their employment agreements, termination and severance agreements, shareholder agreements, stock and asset purchase agreements and general corporate compliance documentation.

### Significant Representation

- Reorganized the ESOP of a closely held corporation to facilitate its initial public offering, and the subsequent underwritten sale of shares by the participants in the ESOP.
- Represented companies, selling shareholders and ESOP Trustees in numerous ESOP purchase and sale transactions for specialty and general contractors, manufacturing companies and professional services firms.
- Represented ESOP trustees in transactions to sell all or a portion of the company stock to third parties.
- Served as ERISA expert co-counsel in unsuccessful attempt by the U.S. Department of Labor (DOL) to enjoin valuation firm from providing appraisal services to ERISA plans and to seek other equitable/ financial relief.
- Served as ERISA expert in commercial litigation.
- Represents scores of firm clients with respect to their tax qualified retirement plans, including their 401(k) plans, profit sharing plans, ESOPs and defined benefit pension plans.
- Successfully re-qualified several retirement plans through the Employee Plans Compliance Resolution System (EPCRS) of the Internal Revenue Service.
- Obtained several private letter rulings from the National Office of the Internal Revenue Service with respect to employee benefit and ESOP issues.
- Designed numerous stock option, unit option, restricted stock, phantom stock, stock appreciation rights and equity based compensation plans for firm clients.

### Key Practice Areas

- Compensation Planning and Employee Benefits
- Corporate
- ESOPs
- ERISA
- Federal Income Tax
- QDROs

- Stock Option and Equity Compensation Plans

**Professional and Civic Activities**
- The Florida Bar
- ESOP Association
    - Legislative and Regulatory Committee
    - New South Chapter Executive Committee
- ASPPA Employee Benefits Council of Central Florida - Member and Past President
- Notre Dame Club of Greater Orlando - Member and Past President
- The Florida Bar Foundation, Inc. – Past Fellow
- Florida Citrus Sports - Bowl Team Selection Committee

**Education**
- Juris Doctor Degree: The Ohio State University College of Law, Columbus, Ohio, *cum laude,* 1980
- Undergraduate Degree in Accounting: University of Notre Dame, Notre Dame, Indiana, *cum laude*, 1976
    - Beta Alpha Psi
    - Beta Gamma Sigma

**Bar Admissions**
- Florida, 1990
- Ohio, 1980
- U.S. Tax Court, 1992
- U.S. Court of Appeals 11th Circuit, 1994
- U.S. District Court, Northern District of Florida, 2013

**Recognition & Awards**
- Honored as Best ERISA Law "Lawyer of the Year" by *Best Lawyers in America,* 2013 and 2015
- Named an Outstanding Employee Benefits/ERISA Attorney in *Florida Super Lawyers Magazine*, 2012-2015
- Named an Outstanding Employee Benefits Lawyer in *The Best Lawyers in America*, 2006-2016
- Named an Outstanding Employee Benefits Lawyer in *Orlando Magazine*, 2006-2016
- Named an Outstanding Tax Lawyer in *Florida Trend* Magazine's Legal Elite, 2005-2006
- Martindale Hubbell: Preeminent AV Rating

**Speaking Engagements**
- **Assessing the Fairness of Warrants & Stock Appreciation Rights in ESOP Companies**, Employee Ownership Conference 2016, National Center for Employee Ownership in Minneapolis, MN, April 12, 2016
- **The Roles of Trustees and Board Members as Fiduciaries,** The ESOP Association, New South Chapter, Altamonte Springs, FL, August 27, 2015
- **Assessing the Fairness of Warrants and Stocks Appreciation Rights**, Employee Ownership Conference 2015, National Center for Employee Ownership in Denver, CO, April 23, 2015

- **Structuring Seller Financing with Warrants**, the ESOP Association Las Vegas Convention & Trade Show, Las Vegas, Nevada, November 14, 2014
- **Equity Compensation Basics for Private Companies,** IN TUNE WITH ESOPs Fall Conference, Nashville, Tennessee, September 18th, 2014
- **Second Stage ESOP Transactions**, The ESOP Association, New South Chapter, Stone Mountain, Georgia, September 19, 2013
- Guest speaker at the ESOP Association Las Vegas Convention & Trade Show, Las Vegas, Nevada, November 2012.
- **How to Bulletproof Your Company from DOL and Participant Initiated ERISA Liability,** The Association of Corporate Counsel (ACC) Central Florida, Orlando, Florida, April 19, 2012
- **Use of Warrants and SARs**, The ESOP Association 2012 Spring Conference, Village of Pinehurst, North Carolina, March 26, 2012
- **Fiduciary and New Fee Requirements,** Employers Association Forum, Inc. Seminar, Longwood, Florida, March 7, 2012
- **Legislative, Regulatory and Judicial Update**, The ESOP Association 2011 Technical Conference, Las Vegas, Nevada, November 4, 2011
- **Federal Tax Update - Employee Benefits**, FICPA Summer Vacation Cluster, Lake Buena Vista, Florida, July 30, 2010
- **Repurchase Obligations, Forecasting and Overview of Funding Methods**, The ESOP Association Tri-State Regional Conference, Pinehurst, North Carolina, March 18, 2010
- **Increase, Decrease or Hold 'Em?**, The ESOP Association 2010 Winter Seminar for Minority/Majority Owned ESOPs; The ESOP Association, New Orleans, Louisiana, February 19, 2010
- **ESOP Distributions and Understanding Diversification**, New South Chapter of the ESOP Association Fall Conference, Atlanta, Georgia, October 22, 2009
- **Modifications to ESOP Distribution Policies - Planning for the "High Wave" of Distribution Requests**, 2009 ESOP Southeast Regional Conference, Savannah, Georgia, March 27, 2009
- **Review of Differences Between S and C Corporation ESOPs**, The ESOP Association 2008 Technical Conference, Las Vegas, Nevada, November 13, 2008
- **Construction Industry ESOPs, Bonding and Lender Pitfalls**, The ESOP Association Southeast Regional Conference, Charlotte, North Carolina, March 6, 2008
- **Section 409A Nonqualified Deferred Compensation**, Florida Institute on Federal Taxation Conference, Orlando, Florida, December 6, 2007
- **S Corporation ESOPs**, New South Chapter of the ESOP Association, Orlando, Florida, October 5, 2007
- **Successful Financial Settlements For Your Divorce Client - Retirement And Pension Issues**, NBI Seminar, Orlando, Florida, April 30, 2007
- **The Use of ESOPs for Business Succession and Estate Planning**, Indian River Estate Planning Council, Vero Beach, Florida, January 25, 2007
- **Investing in Real Estate in IRAs**, Central Florida Realty Investors Association, Melbourne, Florida, September 21, 2006
- **Employee Benefits in Bankruptcy**, Central Florida Bankruptcy Law Association, Orlando, Florida, August 17, 2006
- **Employee Benefits in Bankruptcy**, ASPPA Employee Benefits Council of Central Florida, Orlando, Florida, May 16, 2006
- **Health Savings Accounts and High Deductible Health Plans**, Medical Practice

Administrators of Central Florida, Orlando, Florida, January 24, 2006
- **Current Developments for ESOPs**, New South Chapter of the ESOP Association, Orlando, Florida, July 22, 2005; and in Tampa, Florida, July 23, 2005
- **COBRA Health Care Continuation Coverage**, Central Florida Administrators Council, Orlando, Florida, June 9, 2004
- **Fiduciary Responsibility and Liability Issues for ESOP Trustees**, Carolinas Chapter of the ESOP Association, Charleston, South Carolina, March 2, 2001
- **Stock Options for E-Commerce Businesses**, E-Commerce Seminar - *Orlando Business Journal*, Orlando, Florida, May 18, 2000
- **Current Developments in Employee Benefits**, Florida Institute on Federal Taxes (Orlando), October 29, 1997
- **Employee Leasing**, *Orlando Business Journal* Seminar, Orlando, Florida, June 25, 1997
- **Retirement Plan Assets in Bankruptcy**, Central Florida Bankruptcy Attorneys, Orlando, Florida, May 16, 1996
- **Overview of Employee Benefits for the Hotel/Motel Industry**, Central Florida Hotel/Motel Association, Orlando, Florida, January 11, 1995
- **Current Developments in Employee Benefits**, School of Accounting, University of Central Florida CPE Seminar, Orlando, Florida, May 10, 1995
- **Qualified Domestic Relations Orders**, Seminole County Family Law Attorneys Association, Orlando, Florida, February 3, 1994

**Publications**
- "Who Benefits From The Benefits: You May Be Surprised," co-author, Dean Mead Newsletter, Winter 2015
- "District Court Dismisses Money Damages and Injunctive Relief Claims of DOL Against ESOP Valuation Firm" – *ESOP Report "Legal Update"*, April 2014
- "Supreme Court Affirms the SPD is not the Plan Document and Cracks Open the Door to Equitable Relief for Fiduciary Breach" – *ESOP Report "Legal Update"*, June, 2011
- "New DOL Regulations for Plan Service Providers" – *ESOP Report "Legal Update"*, October, 2010
- "Employee Benefits in Bankruptcy" - Dean Mead Newsletter, First Quarter, 2006
- "Health Savings Accounts" - Dean Mead Newsletter, Winter, 2004
- "Stock Option Plans - The Basics and Beyond" - *Business Laws*, December, 2001