# Exhibit Cover Sheet

**Party submitting:** Plaintiff        **Ex. #** 78

**Admitted:** Yes  or   No  (circle one)

**Debtor:** Keith A. Yerian

**Case No.:** 6:15-bk-01720-KSJ

*Adv. No.:* 6:15-ap-00064-KSJ

**Nature of Hearing/ Docket No:** Trial

### United States Bankruptcy Court
### Middle District of Florida

**Dated** _____ , 20___.

**By:** _____, **Deputy Clerk**

### APPENDIX B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Keith A. Yerian,

    Debtor.
_____/

Richard Blackstone Webber, II,
Chapter 7 Trustee

    Plaintiff,
v.

Keith A. Yerian and Sun Y. Pak,

    Defendants.
_____/

Chapter 7
Case No.: 6:15-bk-07120-KSJ

Adv. Proc. No. 6:15-ap-00064-KSJ

**RESPONSE OF DEFENDANT,
KEITH A. YERIAN, TO PLAINTIFF'S INTERROGATORIES**

Defendant, Keith A. Yerian, responds to Plaintiff's interrogatories as follows:

1. Identify the person or persons answering these interrogatories.

    **ANSWER:**    **Keith A. Yerian**

2. Identify all persons assisting in the answering of these interrogatories.

    **ANSWER:**    **Frank M. Wolff, Esq.**

3. Identify any person known by you to have any knowledge concerning the Adversary Proceeding in this Chapter 7 bankruptcy case and as to each such person state a summary of the facts known or observed by the person.

    **ANSWER:**    **Keith Yerian,
    Sun Y Pak**

    **For summary of testimony, see allegations in the Defendants' Amended Answer.**

4. Identify all documents known to you that relate to any claim or defense in this Chapter 7 bankruptcy case in respect of the above-captioned Adversary Proceeding or Debtor's Chapter 7 bankruptcy case.

   **ANSWER:** **All documents provided in response to the Plaintiff's Request to produce (Bates Nos. KY000001 - KY001630)**

5. Identify any expert witness whom you intend or propose to use as a witness at the trial of the Adversary Proceeding in this Chapter 7 bankruptcy case and for each such expert identified state the following:
   a. The nature and substance of the opinion which you expect to elicit from each such person;
   b. State fully the factual basis upon which such opinions are founded; and
   c. State fully the qualifications which you contend make such a person an expert in the area of the opinions expressed.

   **ANSWER:** **None**

6. Identify all documents: (a) generated by any person who is an expert witness which relate in any way to this case; and (b) all documents generated by you to such witness, including but not limited to all reports, tests, statements, letters, correspondence, notes or other recorded communications by such person or between you and such person.

   **ANSWER:** **None**

7. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witness.

   **ANSWER:** **See answer to question Number 1 hereinabove.**

8. For every allegation of the Adversary Complaint that you deny, identify all documents upon which you rely or upon which you base your defense(s).

   **ANSWER:** **All documents provided in response to the Plaintiff's Request to produce (Bates Nos. KY000001 - KY001630)**

9. Identify each document or exhibit that you may present at Trial in the above-captioned Adversary Proceeding.

   **ANSWER:** **Not determined at this time.**

10. Identify each witness that you may present at Trial in the above-captioned Adversary Proceeding and a summary of their testimony.

    **ANSWER:** **Keith A. Yerian**
**Sun Y. Pak**
**John McLeod. He will testify that he is the sole owner of Mwagusi Software LLC and always has been the only owner.**
**MWAGUSI SOFTWARE LLC**
**3845 CEDARBEND DRIVE**
**LA CRESCENTA, CA 91214**

11. When did you first consult your prior bankruptcy attorney, Brett Elam, Esq., regarding the filing of your Chapter 7 bankruptcy case?

    **ANSWER:** **I first met with Brett Elam on April 22nd 2013. By December 2014, I decided to go ahead and file.**

12. Describe why you failed to disclose your ownership interest in Yerian Properties, LLC and Mwagusi Software, LLC in your Bankruptcy Petition and Schedules.

    **ANSWER:** **I have no ownership interest in Yerian Properties, LLC – it was created as part of a self-directed IRA and is owned 100% by the self-directed IRA account. I have no ownership in Mwagusi Software LLC.**

13. Identify why you transferred $256,000 from your TD Ameritrade Account ending #8472 to Sun Y. Pak's TD Ameritrade Account ending #5634 on or about March 15, 2012.

    **ANSWER:** **There is no TD Ameritrade Account. The E*Trade account ending #8472 belonged to Sun Pak but also had my name on the account so that I could view her transactions. She asked E*Trade to remove my name from the account and E*Trade satisfied that request by transferring the funds to an account with just her name (E*Trade #5634).**

14. Identify how Sun Y. Pak spent the transfer of $256,000 from your TD Ameritrade Account ending #8472 to Sun Y. Pak's TD Ameritrade Account ending #5634 on or about March 15, 2012.

    **ANSWER:** **There is no TD Ameritrade Account. E*Trade account #8472 was her account, and when my name was removed from the account, a new account was created due to E*Trade's procedures (E*Trade #5634). She used the money from that account to purchase her homestead in Grant Florida, made repairs to the home, and paid monthly bills**

15. Identify why you transferred $110,025 from your TD Ameritrade Account ending #7414 to Sun Y. Pak's TD Ameritrade Account ending #5634 on or about March 20, 2013.

   **ANSWER:** There was no transfer of 110,025 to Sun Pak. This transfer was from my IRA E*Trade account to my Self Directed IRA account.

16. Identify how Sun Y. Pak spent the transfer of $110,025 from your TD Ameritrade Account ending #7414 to Sun Y. Pak's TD Ameritrade Account ending #5634 on or about March 20, 2013.

   **ANSWER:** No such transfer occurred. See answer to 15 above.

17. Identify why you failed to disclose Deborah Yerian as a creditor on your Bankruptcy Petition and Schedules.

   **ANSWER:** Deborah Yerian was listed on my worksheets provided to Brett Elam in December 2014. The failure to list her on the schedules was an oversight of counsel.

## VERIFICATION OF ANSWERS TO
## INTERROGATORIES UNDER PENALTY OF PERJURY

I, Keith A. Yerian, certify under penalty of perjury that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.

By: _____
Keith A. Yerian
Nov/17/2015

4

**CERTIFICATE OF SERVICE**

    I certify that this answer to interrogatories has been served on November  18 , 2015 by first class United States mail and email to:   Bradley J. Anderson, Esquire, Zimmerman, Kiser &Sutcliffe, P.A., P.O. Box 3000, Orlando, FL 32802-3000, email:  banderson@zkslawfirm.com.

                                           _/s/ Frank M. Wolff_
                                           Frank M. Wolff
                                           Florida Bar No. 319521
                                           Wolff, Hill, McFarlin & Herron, P.A.
                                           1851 West Colonial Drive
                                           Orlando, FL  32804
                                           Telephone:  (407) 648-0058
                                           Facsimile:   (407) 648-0681
                                           fwolff@whmh.com

                                           Attorneys for Defendants