# Exhibit Cover Sheet

**Party submitting:** Defendants'  **Ex. # 13**

**Admitted: Yes   or    No  (circle one)**

**Debtor:  Keith A. Yerian**

**Case No.: 6:15-bk-01720-KSJ**

*Adv. No.***: 6:15-ap-00064-KSJ**

**Nature of Hearing/Docket No: Trial on Amended Complaint (Adv. Pro. Doc. No. 55) & Trustee's Objection to Property Claimed Exempt (Main Case Doc. No. 46)**

**United States Bankruptcy Court**
**Middle District of Florida**

**Dated** _____, 2016.

**By:** _____,   **Deputy Clerk**

# WAIVER AND RELEASE AGREEMENT

**THIS WAIVER AND RELEASE AGREEMENT** ("Agreement") is entered into this 11th day of January, 2014, by and between Keith Yerian (hereinafter "Yerian") and ETC, Computers, Inc. (hereinafter, "ETC").

## RECITALS

**WHEREAS**, Yerian has been employed by ETC, and, subject to that employment, the parties entered into and executed a Non-Competition / Employment Agreement ("Non-Competition Agreement") dated Jan 5th, 1998.

**WHEREAS**, Yerian and ETC mutually desire to waive, release, and terminate each parties' rights and obligations arising under the Non-Competition Agreement.

**NOW THEREFORE**, in consideration of the mutual promises, covenants and undertakings herein contained, and for other good and valuable consideration, the parties to this Agreement hereby agree as follows:

I.  **ETC'S RELEASE.** In full consideration of Yerian's execution of this Agreement, and agreement to be legally bound by its terms, ETC does hereby remise, release, and forever discharge Yerian, Yerian's respective successors and assigns, heirs, executors, administrators, and entities formed or owned now or in the future by Yerian, from the obligations, promises, terms, and conditions of the Non-Competition Agreement dated Jan 5th, 1998.

    ETC hereby waives any and all actions and causes of actions, suits, debts, claims and demands whatsoever in law or in equity against Yerian, which it ever had, now has, or which it may have, by reason of any matter, cause or thing whatsoever, arising under the Non-Competition Agreement.

II. **REPRESENTATIONS AND WARRANTIES.** Each party to this Agreement hereby further warrants, represents and acknowledges to the other that:

    a. The party has the necessary power and authority to enter into this Agreement, to carry out the obligations hereunder and to grant the rights herein granted;

    b. The consideration received by such party for this Agreement is fair, reasonable, sufficient, just and adequate and constitutes lawful consideration supporting the execution of this Agreement; and

    c. Each party is entering into this Agreement based solely and exclusively upon their own analysis of facts, law and/or information of which said party is independently aware and not based upon or reliance upon any statements and/or representations of the other party to this Agreement except to the extent such statements and representations are fully and expressly set forth herein.

III. **APPLICABLE LAW; JURISDICTION.** This Agreement shall be considered made in the State of Ohio and shall be governed by Ohio law. The parties hereby agree that jurisdiction for legal action of any type relating to this Agreement shall lie in Summit County, Ohio.

IV. **COUNTERPARTS.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

V. **ENTIRE AGREEMENT.** This Agreement embodies the entire agreement and understanding of the parties hereto in respect of the subject matter contained herein or therein. There are no agreements, representations, warranties or covenants other than those expressly set forth herein or therein. This Agreement supersedes all prior agreements and understandings between the parties with respect to such subject matter.

VI. **THIRD PARTIES.** This Agreement is solely for the benefit of the parties hereto and no provision of this Agreement shall be deemed to confer upon third parties any remedy, claim, liability, reimbursement, cause of action or other right.

VII. **SEVERABILITY.** Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity of enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction declares that any term or provision hereof is invalid or unenforceable, the parties agree that the court making the determination of invalidity or unenforceability shall have the power to reduce or modify the scope, duration, or area of the term or provision or to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Agreement shall be enforceable as so modified.

VIII. **CONSTRUCTION.** The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rule of strict construction shall be applied against any party. Any reference to any federal, state, local, or foreign statute or law shall be deemed also to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise.

**IN WITNESS WHEREOF** the parties have executed this Agreement in counterparts (each of which shall be deemed to be an original and which collectively shall constitute one and the same instrument) on the date set forth below their respective signatures.

**THE PARTIES HAVE BEEN ADVISED TO DISCUSS ALL ASPECTS OF THIS AGREEMENT WITH AN ATTORNEY OR OTHER ADVISOR OF THEIR CHOICE. EACH PARTY HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL THE PROVISIONS OF THIS AGREEMENT AND VOLUNTARILY AGREES TO IT.**

_____
Keith Alan Yerian

Jan 11, 2014
Date

_____
ETC Representative, Debbie Yerian

Feb 11, 2014
Date