UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

KEITH A. YERIAN,                          Case No.: 6:15-bk-01720-KSJ
                                                                  Chapter 7

      Debtor.
_____/
RICHARD B. WEBBER, II,
CHAPTER 7 TRUSTEE,

      Plaintiff,                             ADV. NO.: 15-ap-00064-KSJ
v.
KEITH A. YERIAN and
SUN Y. PAK,

      Defendants.
_____/

MOTION FOR SANCTIONS PURSUANT
TO RULE 11 OF F.R.C.P. AND BANKRUPTCY RULE 9011

      Keith Alan Yerian (the "Debtor"), Sun Young Pak, and Mwagusi Software, LLC, Defendants, by and through their undersigned counsel, request entry of an order granting sanctions against Richard B. Webber, II, Bradley J. Anderson, and Zimmerman, Kiser, and Sutcliffe (Plaintiff's Counsel) pursuant to violations of Rule 11 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable herein by Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and in support thereof, states as follows:

      1.      On February 27, 2015 (the "Petition Date"), the Debtor filed the instant chapter 7 bankruptcy case.

2. On June 4, 2015, without conducting a reasonable inquiry, Plaintiff's Counsel filed a Complaint in the Adversary Proceeding, Case No. 6:15-bk-00064-KSJ, and then its Amended Complaint seeking to prevent the Debtor's discharge, avoid certain transfers and other relief.

3. Rule 11(b) of the Federal Rules, as made applicable herein by Bankruptcy Rule 9011(b), states:

> (b) **Representations to the Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstance, -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

4. The Amended Complaint makes factual and legal contentions which have no evidentiary or legal foundation. Specifically:

    a. The Amended Complaint alleges that the Debtor, with the intent to hinder delay or defraud creditors, transferred or concealed property of the estate within one year of the Petition Date. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that none of the actions alleged by the Plaintiff happened within one year of the Petition Date.

    b. The Amended Complaint alleges that the Debtor knowingly and fraudulently failed to list Mwagusi Software LLC on Schedule B, Question 13 of his schedules. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. There is no evidence that the Debtor ever had an ownership interest in Mwagusi Software LLC

    c. The Amended Complaint alleges that the Debtor fraudulently failed to list an interest in ETC Computers. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that the Debtor did list his interest in ETC Computers on all appropriate schedules.

    d. The Amended Complaint alleges that the Debtor fraudulently failed to list an interest in Yerian Properties, LLC. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that the Debtor does not, and has never, owned an interest in Yerian Properties, LLC. That entity was and always was owned by the Debtor's self-directed IRA.

    e. The Amended Complaint alleges that the Debtor fraudulently listed that Dean Barker has a lien on two automobiles. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that the Debtor gave a lien on the two vehicles to Mr. Barker, and that lien has been documented in a Note that has been given to the Plaintiff's Counsel. While unperfected, the security interest was unquestionably granted, and the factual contention is wholly without support.

    f. The Amended Complaint alleges that the Debtor fraudulently transferred to his wife, Sun Y. Pak ("Pak"), $256,000. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that this money belonged to Pak, and had as its source Pak's family in Korea. The evidence also shows unambiguously that the money was deposited in a joint tenant by the entireties account and, accordingly, was as a matter of law not "property" that could be fraudulently transferred under Florida law.

    g. The Amended Complaint alleges that the Debtor failed to explain the loss of $81,000. This allegation and factual contention is totally lacking in evidentiary support and will not have evidentiary support after further investigation. The evidence unambiguously shows that this money belonged to Pak, and had as its source Pak's family in Korea. The evidence also shows unambiguously that the money was deposited in a joint tenant by the entireties account and, accordingly, was not property of the Debtor to meet his liabilities.

    h. The Amended Complaint seeks to avoid the transfer of assets and customer lists belonging to ETC Computers, Inc. to Mwagusi Software LLC. This claim and legal contention is not warranted by existing law or by any non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. The law unambiguously requires that the property that is the subject of an avoidance action be property of the Debtor or of an interest of the Debtor in property. By the Amended Complaint's own allegations, this was property of ETC Computers, Inc., and even if the transfers occurred, they did not diminish the Debtor's estate and would not give the Trustee a cause of action.

4

    i. Moreover, it is well known to the Plaintiff that the factual contentions that are made to support Counts VII and VIII of the Amended Complaint are totally lacking in evidentiary support and will not have evidentiary support after further investigation. It is well known to the Plaintiff that Debtor, ETC Computers, Mwagusi Software, LLC, and Deborah Yerian (the creditor relied upon by Plaintiff for standing under Fla. Stat. 726.105(1)(b) and 726.108) entered in a settlement agreement in litigation in Ohio prepetition that forever released and discharged the very claims asserted by Plaintiff in Counts VII and VIII of the Amended Complaint.

  5. Pursuant to Rule 9011(c)(1)(a), Plaintiff's Counsel was served a copy of this motion at least 21 days prior to the date of filing, but failed to withdraw or correct the Amended Complaint.

## CONCLUSION

  For all the foregoing reasons, the Defendants request entry of an order entering sanctions against Plaintiff's Counsel.

        /s/ Frank M.Wolff_____
        Frank M. Wolff
        Fla Bar No. 319521
        Frank Martin Wolff, P.A.
        19 E. Central Blvd.
        Orlando, FL 32801
        Telephone: (407) 982-4448
        Facsimile: (407) 386-3364
        Email: fwolff@fwolfflaw.com

        Attorney for Keith Alan Yerian,
        Sun Young Pak, and Mwagusi Software, LLC,
        Defendants in Adversary Proceeding

## CERTIFICATE OF SEVICE

I certify that a copy of this motion has been served on November 23, 2016 on all filing users through the CM/ECF filing system.

/s/ Frank M. Wolff
Frank M. Wolff