UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

KEITH A. YERIAN,

    Debtor.

                                                                 Bankr. Case No. 6:15-bk-1720-KSJ
                                                               Adversary Proceeding No. 6:15-ap-64-KSJ

_____

KEITH A. YERIAN,

    Appellant,

v.                                                                         Case No. 6:17-cv-459-Orl-37

RICHARD B. WEBBER, II, as TRUSTEE,

    Appellee.

_____

**ORDER**

      This bankruptcy appeal concerns the exempt status of an individual retirement account set up before a debtor filed for bankruptcy. Debtor/Appellant Keith A. Yerian ("**Debtor**") challenges the U.S. Bankruptcy Court's final order sustaining Trustee's objection to Debtor's claim of exemption ("**Order**"). (Docs. 1, 3–5.) Appellee Richard B. Webber ("**Trustee**") opposes. For the following reasons, the Court affirms the Order and dismisses the appeal.

I.  BACKGROUND

This action commenced when Debtor filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida. (*See* Yerian B.R. Doc. 1, p. 1.)[1] In it, Debtor sought to discharge his debts as an honest debtor. (*Id.*; *see also* Pak B.R. Doc. 152, pp. 17, 26.) The Bankruptcy Court appointed Trustee as administrator, and Debtor then submitted documents listing his claimed exemptions from the estate. (Yerian B.R. Docs. 3, 5, 42.)

On review of Debtor's claimed exemptions, Trustee objected to the inclusion of Debtor's IRA Trust valued at $350,000 ("**IRA**").[2] (*Id.* Doc. 46, ¶¶ 4–6 ("**Objection**").) Debtor claimed the IRA exempt from his bankruptcy estate under Florida Statutes, § 222.21(2). (*Id.* Doc. 42, pp. 5, 8.) Together with the Objection, Trustee filed an adversary proceeding against Debtor and his wife, Sun Y. Pak ("**Pak**"), to ultimately contest whether a discharge should issue.[3] (Pak B.R. Doc. 1.) The Bankruptcy Court consolidated the issues for purposes of trial, which was held on November 30 and December 12, 2016. (*Id.* Docs. 128, 130.) Following trial, the Bankruptcy Court issued an oral ruling that, among other rulings, sustained Trustee's Objection by finding the IRA non-exempt from

---

[1] Citations to Debtor's Bankruptcy Petition, Case No. 6:15-bk-1720-KSJ are labelled "Yerian B.R." Citations to Trustee's Adversary Proceeding against Pak, Case No. 6:15-ap-64-KSJ, are titled "Pak B.R." Citations without either notation refer to this Court's record, Case No. 6:17-cv-459-Orl37. This Order cites the Bankruptcy Court's Oral Ruling as Pak B.R. Doc. 152, also found at Doc. 11-8.

[2] Trustee also objected to Debtor's exemption of a 1998 BMW Roadster, but that property is not part of the instant appeal. (Yerian B.R. Doc. 46, ¶ 4.)

[3] As thoroughly discussed in the Court's Order taking up Pak's appeal, Trustee also sought to void as fraudulent a transfer of funds into an E-Trade Account titled in Pak's name. *See Pak v. Webber*, No. 6:17-cv-460-Orl37, Doc. 29 (Oct. 17, 2017).

bankruptcy. (*See id.* Doc. 152, pp 7–8.) A written order followed (Yerian B.R. Doc. 100), which Debtor now appeals (Doc. 1.)

In sustaining Trustee's Objection, the Bankruptcy Court found that "Trustee has carried his burden of proof on the objection to the exemption and [that] Debtor committed prohibited transactions which caused his self-directed IRA to lose its exempt status pre-petition on January 1, 2014." (Yerian B.R. Doc. 100.) Specifically, these transactions were: (1) the purchase of two vehicles titled in Debtor and Pak's individual names; and (2) the purchase of two parcels of real estate, one in Puerto Rico where Debtor stayed for non-IRA-related purposes. (Pak B.R. Doc. 152, pp. 14–15.)

To support the Objection, Trustee employed an expert, attorney Jay Van Heyde ("**Expert**"), who prepared a report and testified at trial. (*See id.* Docs. 82, 120-1, 130.) Among other documents, the Expert reviewed portions of Debtor's deposition, IRA documents, Debtor's bank statements and tax returns, and property deeds. (*Id.* Doc. 120-1, pp. 2–3.) To analyze whether the IRA was exempt from the claims of creditors, the Expert reviewed its tax-exempt status—because if the IRA was not tax exempt, then its assets could be claimed by creditors. (*Id.* at 4–5.) He determined that the IRA:

> has been the subject of numerous 'prohibited transactions (as defined in Internal Revenue Code § 4975(c)(1) ("**IRC**")) involving [Debtor] and [Pak] (who are both disqualified persons with respect to the [IRA]) as defined in IRC § 4975(e)(2), with the result being that the [IRA] lost its exemption as an 'individual retirement account' pursuant to IRC § 408(e)(2).

(*Id.* at 3.) The Expert based his conclusion on relevant portions of the IRC, namely 26 U.S.C. § 408, which controls the exempt status of individual retirement accounts. (*See id.* at 3–4.) Under § 408(e)(2):

> If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual . . . engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year.

Section 4975, in turn, lists six acts of self-dealing to define "prohibited transactions." *See* § 4975(c). These include "transfer[s] to, or use by or for the benefit of, a disqualified person of the income or assets of a plan," and an "act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account." §§ 4975(c)(1)(D)–(E). A "disqualified person" includes a fiduciary, who controls the assets of the individual retirement account, and his wife. *Id.* §§ 4975(e)(2)(A) and (5); *see also* Pak B.R. Doc. 120-1, p. 4.

All in all, the Expert found that IRA assets funded the purchase of two vehicles for Debtor and Pak in 2014, titled in their individual names. (Pak B.R. Doc. 120-1, p. 4.) After these purchases, thousands of dollars from the IRA were spent on repairs for these two vehicles from 2014 to 2015. (*Id.*) The use of IRA assets in this manner constituted a self-dealing, prohibited transaction under §§ 4975(c)(1)(D)–(E). As there is "no minimum amount of prohibited transactions necessary to disqualify the IRA is as tax exempt," this prohibited transaction alone, the Expert reported, could disqualify the IRA as exempt as of January 1, 2014 under § 408(e)(2). (*Id.* at 4–5.)

But the misuse of IRA assets for vehicle purchases and repairs was not the only prohibited transaction that the Expert uncovered. The Expert also found that Debtor "caused the IRA to purchase a condominium in Puerto Rico in 2012." (*Id.* at 4.) Debtor titled the property in the IRA's name, but admitted in his deposition that "he and his

associates stay in the condominium" when traveling to Puerto Rico.[4] (*Id.*) "This too is a prohibited act of self-dealing," the Expert reported, under § 4975(c)(1)(D). (*Id.*) Taken together, the Expert found "more than sufficient" evidence that the IRA was not exempt before Debtor filed his bankruptcy petition. (*See id.* at 4–5.)

Upon hearing the Expert's testimony and considering other evidence presented, the Bankruptcy Court concluded that the IRA was not exempt from the reach of Debtor's creditors. (*See* Pak B.R. Doc. 152, pp. 17–21.) This determination rested on an application of Florida Statutes 222.21(2) as the controlling law for exemptions in the context of individual retirement accounts, as opposed to the Bankruptcy Code's exemptions provision for retirement funds, 11 U.S.C. § 522(b)(3)(C).[5] (*See id.* at 19 (distinguishing between the Bankruptcy Code and Florida law).) In relevant part, Florida Statutes 222.21(2)(a)(2) provides that:

> a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is . . . [m]aintained in accordance with a plan or governing instrument that has been determined by the Internal Revenue Service to be exempt from taxation under . . . s. 408 . . . , unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable.

Taking this cue, the Bankruptcy Court asked "whether [Debtor] maintained the

---

[4] Debtor also testified at trial that he stayed in the Puerto Rico property. (*See* Pak B.R. Doc. 152, pp. 166–67.)

[5] Section 522 of the Bankruptcy Code contains its own exemption scheme for determining the contours of the bankruptcy estate. But, as the Bankruptcy Court explained, states may opt out of the federal exemptions and require debtors to use their exemptions; Florida opted out. (*See* Pak B.R. Doc. 152, p. 19 (citing *In re Mathusa*, 406 B.R. 601 (Bankr. M.D. Fla. 2011)).)

IRA in accordance with the various tax codes requirements." (Pak B.R. Doc. 152, p. 19.) The answer was no—which the Bankruptcy Court arrived at by: (1) relying on the Expert's report and testimony; (2) finding Debtor's testimony not credible; and (3) determining that IRC § 408(e) rendered the IRA non-exempt based on Debtor's prohibited transactions and use of IRA assets. (*See id.* at 20–21.) So as of January 1, 2014, the IRA was non-exempt and subject to capture by creditors. (*Id.* at 21.)

Debtor appealed, contesting the Bankruptcy Court's reading and application of Florida Statutes, § 222.21(2). (*See* Doc. 26, pp. 24–30.) By his reading, an individual retirement account formed in accordance with IRC § 408 remains exempt unless and until the IRS or a Tax Court finds the account non-exempt. (*See id.* at 18–21.) Without such a finding by the IRS or a Tax Court, Debtor posits that § 222.21(2)(a) stunts a bankruptcy court from finding an account non-exempt. (*See id.* at 20–21.) Debtor grounds his interpretation in the last phrase of § 222.21(2)(a)(2): "unless it has been subsequently determined that the plan or governing proceeding is not exempt from taxation in a proceeding that has become final and nonappealable." (*Id.* at 18.) Trustee opposes, reading no such restriction in this phrase and instead maintains that a bankruptcy court's order sustaining an objection to a claimed exemption fits the bill. (Doc. 25, pp. 12–18, 23–27.) With briefing complete, the matter is now ripe. (Docs. 25–27.)

## II.   LEGAL STANDARD

District courts have jurisdiction over appeals from a bankruptcy court's final judgments, orders, and decrees under 28 U.S.C. § 158(a)(1). In reviewing these decisions, a district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374

(11th Cir. 1994). Conclusions of law are reviewed de novo. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). Factual findings are reviewed for clear error. *Id.*

### III.  DISCUSSION

This appeal boils down to the meaning of Florida Statutes, § 222.21(2)(a)(2). In one corner is Debtor, presenting the plucky interpretation that a bankruptcy court has no authority to find an individual retirement account non-exempt if neither the IRS nor a tax court has so found. His right hook is the timing and arbiter—a finding that an account is non-exempt must precede the bankruptcy petition filing. In the other corner is Trustee, interpreting § 222.21(2) as allowing bankruptcy courts to be the first in finding an account non-exempt. Such a finding, Trustee jabs, constitutes a "subsequent[] determin[ation] that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable." *See* § 222.21(2)(a)(2).

Both swing, both miss. Instead, the Court, not falling for these feints, finds that neither interpretation goes the distance. Rather, as applied here, § 222.21(2)(a)(2) stands for the uncontroversial proposition that an individual retirement account is exempt from claims of creditors if the account is maintained in accordance with IRC § 408, unless it has later been found non-exempt in a separate proceeding. Broken down, there are possibly two analytical steps here. First, ask whether the individual retirement account "is . . . maintained in accordance with" IRC § 408. *See id.* If *yes*, step two asks whether a final proceeding has determined otherwise—that the account is non-exempt. But if the answer to step one is *no*, the analysis ends. If an individual retirement account is not maintained in accordance with IRC § 408, it is not exempt and can be reached by creditors. *See id.*

TKO.

As a clincher, after acknowledging that no case law supports his reading, Debtor relies on three sentences from a 2005 Florida Senate committee report when § 222.21(2) was amended. (*See* Doc. 26, p. 19.) That language says:

> The bill provides an exemption from creditor's claims for any fund or account that is maintained in accordance with a master plan . . . that has been pre-approved by the IRS as tax-exempt under . . . s. 408 . . . . The exemption from creditors is eliminated if a subsequent, final determination has been made that the plan or governing instrument is not tax-exempt. Thus, the IRS and Tax Courts will make the determination regarding the tax-exempt status of a plan under this bill.

Fla. S. Banking & Ins. Comm., *S. Staff Analysis & Economic Impact Statement*, CS/SB 660, at 6 (2005) When reading this along with § 222.21(2), the Court sees no contradiction between these statements and the statute's plain meaning. Indeed, the legislative history confirms that to be exempt from creditor's claims, an individual retirement account must first be maintained in accordance with IRC § 408. If it has been so maintained, then the only way for creditors to reach the account is if it has been found non-exempt in a final proceeding, which the IRS and Tax Courts may perform.

Here, the IRA is not exempt at step one. As the Bankruptcy Court found—and Debtor does not contest—the IRA was not maintained in accordance with IRC § 408. (Pak B.R. Doc. 152, pp. 20–21; Doc. 26, p. 7, 30.) This was because Debtor used IRA assets to engage in prohibited transactions, specifically to purchase two vehicles titled in his and Pak's individual names and property in Puerto Rico where Debtor stayed for non-IRA purposes. (Pak B.R. Doc. 152, pp. 20–21; *id.* Doc. 120-1, p. 4–5.) Therefore, under IRC § 408(e)(2)(A), the IRA "cease[d] to be an individual retirement account" with exempt

status on January 1, 2014. With this, Debtor should not have claimed the IRA exempt when he submitted his amended schedules on July 28, 2015. Trustee properly objected, sustained by the Bankruptcy Court. The Court now affirms the Bankruptcy Court's ruling and dismisses the appeal.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The U.S. Bankruptcy Court's Order Sustaining Trustee's Objection to Debtor's Claim of Exemption (Yerian B.R. Doc. 100) is **AFFIRMED**.

2. This case is **DISMISSED**.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 9, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record