**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Elizabeth M. Warren						Benjamin C. Wynn
Clerk of Court							Orlando Division Manager

**DATE:**     March 12, 2018

**TO:**       Clerk, U.S. Court of Appeals for the Eleventh Circuit

**In Re: Keith A. Yerian**

**KEITH A. YERIAN,**

       **Appellant,**

**v.**                                      Case No:  6:17-cv-459-Orl-37

**RICHARD B. WEBBER, II ,**

       **Appellee.**

**U.S.C.A. Case No.:**       **NOT YET ASSIGNED**

- Honorable Roy B. Dalton, Jr., United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.

                ELIZABETH M. WARREN, CLERK

                By:     s/L. Moyer, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

KEITH A. YERIAN,

   Debtor.
_____

KEITH A. YERIAN,

   Appellant,

v.

RICHARD B. WEBBER, II, as TRUSTEE,

   Appellee.
_____

Bankr. Case No.: 6:15-bk-01720-KSJ
Adversary Proceeding No.: 6:15-ap-64-KSJ

Case No. 6:17-cv-459-Orl-37

**NOTICE OF APPEAL TO THE UNITED STATES
COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

     Notice is hereby given that Keith A. Yerian, Debtor/Appellant in the above-named case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order of the United States District Court for the Middle District of Florida that was entered on February 9, 2018 (Doc. 28) which affirmed the Bankruptcy Court's Order Sustaining Trustee's Objection to Debtor's Claim of Exemption that was entered February 24, 2017 (Bankr. Doc. 100) on appeal from the Bankruptcy Court, and from any and all other judgments, orders, opinions, rulings and findings pertinent or ancillary to the foregoing. The names of the parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

1

**Parties:**

    Appellant: Keith A. Yerian

    Appellee: Richard B. Webber, II, as Trustee

**Attorneys:**

Counsel for Appellant:

Michael A. Nardella, Esq.
Nardella & Nardella, Esq.
250 E. Colonial Drive, Suite 102
Orlando, FL 32801
Tel.: (407) 966-2680

Counsel for Appellee:

Bradley J. Anderson, Esq.
Zimmerman, Kiser & Sutcliffe, P.A.
P.O. Box 3000
Orlando, FL 32802
Tel.: (407) 425-7010

Dated: March 9, 2018

                        Respectfully submitted,

                        */s/ Michael A. Nardella*
                        Michael A. Nardella, Esq.
                        Florida Bar No. 051265
                        **NARDELLA & NARDELLA, PLLC**
                        250 East Colonial Drive, Suite 102
                        Orlando, FL 32801
                        (407) 966-2680
                        mnardella@nardellalaw.com
                        afebres@nardellalaw.com

                        Attorney for the Debtor/Appellant

**CERTIFICATE OF SERVICE**

    I CERTIFY that on March 9, 2018, a true and correct copy of the above Notice of Appeal has been furnished electronically via the Court's CM/ECF system or via U.S. Mail to the following, and to all others who requested to receive notice via this Court's CM/ECF filing system:

| | |
|---|---|
| Keith A. Yerian, Debtor<br>5767 Treasure Lane<br>Grant, FL 32949 | Richard B. Webber, II, Esq., Trustee<br>Zimmerman, Kiser & Sutcliffe, P.A.<br>P.O. Box 3000<br>407-425-7010 |
| Sun Y. Pak<br>5767 Treasure Lane<br>Grant, FL 32949 | rwebber@zkslawfirm.com<br>Plaintiff and Counsel for Plaintiff |
| Frank M. Wolff, Esq.<br>Frank Martin Wolff, P.A.<br>19 E. Central Blvd.<br>Orlando, FL 32801<br>407-982-4448<br>Fwolff@fwolfflaw.com<br>Counsel for Defendants | Bradley J. Anderson, Esq.<br>Zimmerman, Kiser & Sutcliffe, P.A.<br>P.O. Box 3000<br>Orlando, FL 32802<br>407-425-7010<br>banderson@zkslawfirm.com<br>Counsel for Plaintiff |
| J. Reid Yoder, Esq.<br>DiCaudo, Pitchford & Yoder, LLC<br>209 South Main Street, 3rd Floor<br>Akron, OH 44308<br>330-762-7477<br>ryoder@dpylaw.com<br>Counsel for Defendants | Charles R. Sterbach, U.S. Trustee<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801<br>407-648-6301<br>USTP.Region21@usdoj.gov |

                                              */s/ Michael A. Nardella*
                                              Michael A. Nardella

APPEAL, BANKRUPTCY, CLOSED

# U.S. District Court
## Middle District of Florida (Orlando)
### CIVIL DOCKET FOR CASE #: 6:17-cv-00459-RBD

| | |
|---|---|
| Yerian v. Webber<br>Assigned to: Judge Roy B. Dalton, Jr.<br>Case in other court: Adversary Proceeding, 6:15-ap-64-KSJ<br>    Bankruptsy, 6:15-bk-1720-KSJ<br>Cause: 28:0158 Bankruptcy Appeal from Judgment/Order | Date Filed: 03/14/2017<br>Date Terminated: 02/09/2018<br>Jury Demand: None<br>Nature of Suit: 422 Bankruptcy Appeal (801)<br>Jurisdiction: Federal Question |

**In Re**

**Keith A. Yerian**
*Debtor*

**Appellant**

| | | |
|---|---|---|
| **Keith A. Yerian** | represented by | **Christian Joseph Graham**<br>Nardella & Nardella, PLLC<br>250 E. Colonial Drive Suite 102<br>Orlando, FL 32801<br>407/926-4100<br>Fax: 407/926-4105<br>Email: cgraham@nardellalaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Michael A. Nardella**<br>Nardella & Nardella, PLLC<br>250 E. Colonial Drive Suite 102<br>Orlando, FL 32801<br>407/540-6600<br>Fax: 407/540-6601<br>Email: mnardella@nardellalaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Appellee**

| | | |
|---|---|---|
| **Richard B. Webber, II**<br>*Trustee* | represented by | **Bradley Jacob Anderson**<br>Zimmerman, Kiser & Sutcliffe, PA<br>315 E Robinson St - Ste 600<br>PO Box 3000<br>Orlando, FL 32802-3000<br>407/425-7010<br>Fax: 407/425-2747<br>Email: banderson@zkslawfirm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Kevin P. Robinson**
Zimmerman, Kiser & Sutcliffe, PA
315 E Robinson St - Ste 600
PO Box 3000
Orlando, FL 32802-3000
407/425-7010
Fax: 407/425-2747
Email: krobinson@zkslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Trustee</u>

**Charles R. Sterbach**
US Trustee's Office
Assistant U.S. Trustee
400 W. Washington St.
Ste 1100
Orlando, FL 32801
407/648-6301

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2017 | 1 | NOTICE of Bankruptcy Interlocutory Appeal by Keith A. Yerian. Filed in Bankruptcy Court on 3/10/17. (Attachments: # 1 Transmittal of Notice of Appeal)(LMM) (Entered: 03/14/2017) |
| 03/14/2017 | 2 | BANKRUPTCY notice of interlocutory appeal by Keith A. Yerian. Bankruptcy Court case number 6:15-bk-1720-KSJ. Filed in Bankruptcy Court on 3/10/17. (MAA) (Entered: 03/16/2017) |
| 03/16/2017 | 3 | BANKRUPTCY RECORD on appeal consisting of items as designated on transmittal Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #109 Notice of Appeal, # 2 Dkt #110 Certificate of Mailing via Bankruptcy Noticing Center, # 3 Dkt #111 Notice to Appellant of Responsibilities, # 4 Dkt #112 Supplemental Statement/Disclosure of Compensation of Attorney, # 5 Dkt #100 Order Sustaining Objection to Debtor's Claim of Exemptions, # 6 Dkt #46 Objection to Debtor's Claim of Exemptions, # 7 Docket Sheet)(VC) (Entered: 03/16/2017) |
| 03/21/2017 | 4 | NOTICE of designation under Local Rule 3.05 - Track 1 (VMF) (ctp) (Entered: 03/21/2017) |
| 04/05/2017 | 5 | BANKRUPTCY RECORD on appeal received consisting of items as designated on transmittal including: Supplemental Transmittal of Record to District Court (Dkt #128) (Attachments: # 1 Dkt #1 Voluntary Petition, # 2 Dkt #12 Schedules A - J and Summary of Schedules, # 3 Dkt #13 Statement of Financial Affairs, # 4 Dkt #15 Statement of Intentions, # 5 Dkt #29 Motion for Turnover of Property of the Estate, # 6 Dkt #34 Complaint by Richard Blackstone Webber II against Keith A Yerian, # 7 Dkt #35 Objection to Trustee's Motion for Turnover of Property of the Estate, # 8 Dkt #35 Exhibit CarMax Appraisal of 1998 BMW M Roadster, # 9 Dkt #35 Exhibit CarMax Appraisal for 2008 Smart for Two, # 10 Dkt #42 Amended Schedule B, C, E, F, # 11 Dkt #46 Objection to Debtor's Claim of Exemptions, # 12 Dkt #47 Motion to Consolidate Objection to Debtors Claim of Exemptions in Case No. 6:15-bk-01720 with Complaint in Adversary 6:15-ap-64, # 13 Dkt #48 Amended Schedule B, C, D, F, # 14 Dkt #50 Objection to Debtor's Claim of Exemptions, # 15 Dkt #51 Amended Schedule B, C, # 16 Dkt #100 |

| | | |
|---|---|---|
| | | Order Sustaining Objection to Debtor's Claim of Exemptions, # [17](#) Dkt #101 Order Denying Discharge Based on Final Judgment, # [18](#) Dkt #111 Notice to Appellant of Responsibilities, # [19](#) Dkt #112 Supplemental Statement/Disclosure of Compensation of Attorney Frank M. Wolff on behalf of Debtor Keith A Yerian, # [20](#) Dkt #123 Dkt #123 Appellant Designation of Contents for Inclusion in Record on Appeal) filed by Keith A. Yerian.(VC) (Entered: 04/05/2017) |
| 04/05/2017 | [6](#) | BANKRUPTCY RECORD on appeal received consisting of items as designated on transmittal including: Supplemental Transmittal of Record to District Court (Dkt #129) (Attachments: # [1](#) Dkt #115 Motion for Turnover of Property of the Estate, # [2](#) Dkt #118 Order Abating Motion for Turnover of Property of the Estate, # [3](#) Dkt #119 Amended Motion for Turnover of Property of the Estate, # [4](#) Dkt #120 Exhibit: Certificate of Title (re: Amended Motion for Turnover), # [5](#) Dkt #122 Notice of Appearance and Request for Notice as Additional Counsel Filed by Kevin Patrick Robinson on behalf of Trustee Richard B Webber, Trustee, # [6](#) Dkt #124 Statement of Issues on Appeal, # [7](#) Dkt #125 Purchase Order for Transcript on 3/24/17 re: Appeal, # [8](#) Dkt #126 Motion to Expedite Hearing on Trustee's Motion for Authority to Return Rental Security Deposit, # [9](#) Dkt #127 Notice of Hearing on Motion to Expedite Hearing on Trustee's Motion for Authority to Return Rental Security Deposit) filed by Keith A. Yerian.(VC) (Entered: 04/05/2017) |
| 04/11/2017 | [7](#) | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal. Related document: [2](#) Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # [1](#) Dkt #5 Notice of Deficient Filing, # [2](#) Dkt #18 Amended Schedule E, # [3](#) Dkt #19 Order Striking Amended Schedule E, # [4](#) Dkt #20 Amended Schedule E, # [5](#) Dkt #22 Order Striking Amendment to Schedule E, # [6](#) Dkt #37 Amended Schedule B,Schedule C,Schedule F, # [7](#) Dkt #38 Notice of Withdrawal of DE#37, Amended Schedules B,C,F, # [8](#) Dkt #39 Amended Schedule B,Schedule C,Schedule F, # [9](#) Dkt #40 Declaration re: Amended Schedule B, Amended Schedule C, and Amended Schedule F, # [10](#) Dkt #41 Order Striking Amended Schedule C,Schedule F, # [11](#) Dkt #43 Order Striking Amended Schedules E and F, # [12](#) Dkt #54 Order Granting Motion for Turnover of Property of the Estate, # [13](#) Dkt #64 Statement/Disclosure of Compensation of Attorney for Debtor in Adversary Proceeding No. 6:15-ap-00064-KSJ, # [14](#) Dkt #67 Supplemental Statement/Disclosure of Compensation of Attorney, # [15](#) Dkt #78 Motion for Turnover of Property of the Estate, # [16](#) Dkt #84 Response to Trustee's Motion for Turnover of Property of the Estate, # [17](#) Dkt #90 Motion for Turnover of Property of the Estate, # [18](#) Dkt #93 Agreed Order Granting Motion for Turnover of Property of the Estate, # [19](#) Dkt #98 Order Granting Motion for Turnover of Property of the Estate, # [20](#) Dkt #119 Amended Motion for Turnover of Property of the Estate)(VC) (Entered: 04/11/2017) |
| 04/11/2017 | [8](#) | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal (Dkt #133) Related document: [2](#) Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # [1](#) Dkt #120 Exhibit: Certificate of Title (re: Amended Motion for Turnover), # [2](#) Dkt #130 Appellee Designation of Contents for Inclusion in Record of Appeal, # [3](#) Dkt #131 Statement of Issues on Appeal)(VC) (Entered: 04/11/2017) |
| 05/10/2017 | [9](#) | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including documents from Adversary Proceeding. 6:15-ap-00064-KSJ, designated in the Appellant Designation of Contents (Dkt #123). Related document: [2](#) Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # [1](#) Dkt #105 Witness List of Plaintiff and Designations of Deposition, # [2](#) Dkt #108 Witness List Filed by Frank M Wolff on behalf of Defendants Mwagusi Software, LLC, Sun Y Pak, Keith A Yerian, # [3](#) Dkt #123 Exhibit 121, # [4](#) Dkt #123 Exhibit Index, Exhibits #118-120, #122, # [5](#) Dkt #123 Exhibits #123-128, # [6](#) Dkt #124 Proposed Exhibits ranging from 129 to 129, # [7](#) Dkt #125 Objection to Defendants' Exhibits #1 and #10, # [8](#) Dkt #126 Notice of Filing Substitute Exhibit #77, # [9](#) Dkt #129 Bench Memorandum Regarding Trustee's Objection |

| | | |
|---|---|---|
| | | to Property Claimed as Exempt, # 10 Dkt #132 Annotated Exhibit List of Defendants from Hearing Held on 11/30/2016, # 11 Dkt #133 Annotated Exhibit List of Plaintiff from Hearing Held on 11/30/2016, # 12 Dkt #134 Proposed Exhibits ranging from 130 to 130, # 13 Dkt #135 Transcript Regarding Hearing Held November 30, 2016 on Webber v. Yerian, # 14 Dkt #136 Transcript Regarding Hearing Held December 12, 2016 on Webber v. Yerian, # 15 Dkt #152 Transcript Regarding Hearing Held February 14, 2017 on Webber v. Yerian)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 10 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 1-20. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record ofAppeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #120 Part 1 Exhibit Index, # 2 Dkt #120 Part 2 Exhibit 1, # 3 Dkt #120 Part 3 Exhibit 100, # 4 Dkt #120 Part 4 Exhibit 101, # 5 Dkt #120 Part 5 Exhibit 102, # 6 Dkt #120 Part 6 Exhibit 103, # 7 Dkt #120 Part 7 Exhibit 104, # 8 Dkt #120 Part 8 Exhibit 105, # 9 Dkt #120 Part 9 Exhibit 106, # 10 Dkt #120 Part 10 Exhibit 107, # 11 Dkt #120 Part 11 Exhibit 108, # 12 Dkt #120 Part 12 Exhibit 109, # 13 Dkt #120 Part 13 Exhibit 110, # 14 Dkt #120 Part 14 Exhibit 111, # 15 Dkt #120 Part 15 Exhibit 112, # 16 Dkt #120 Part 16 Exhibit 113, # 17 Dkt #120 Part 17 Exhibit 114, # 18 Dkt #120 Part 18 Exhibit 115, # 19 Dkt #120 Part 19 Exhibit 116, # 20 Dkt #120 Part 20 Exhibit 117)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 11 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 21-40. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #120 Part 21 Exhibit 2, # 2 Dkt #120 Part 22 Exhibit 3, # 3 Dkt #120 Part 23 Exhibit 4, # 4 Dkt #120 Part 24 Exhibit 5, # 5 Dkt #120 Part 25 Exhibit 6, # 6 Dkt #120 Part 26 Exhibit 7, # 7 Dkt #120 Part 27 Exhibit 8, # 8 Dkt #120 Part 28 Exhibit 9, # 9 Dkt #120 Part 29 Exhibit 10, # 10 Dkt #120 Part 30 Exhibit 11, # 11 Dkt #120 Part 31 Exhibit 12, # 12 Dkt #120 Part 32 Exhibit 13, # 13 Dkt #120 Part 33 Exhibit 14, # 14 Dkt #120 Part 34 Exhibit 15, # 15 Dkt #120 Part 35 Exhibit 16, # 16 Dkt #120 Part 36 Exhibit 17, # 17 Dkt #120 Part 37 Exhibit 18, # 18 Dkt #120 Part 38 Exhibit 19, # 19 Dkt #120 Part 39 Exhibit 20, # 20 Dkt #120 Part 40 Exhibit 21)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 12 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 41-60. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #120 Part 41 Exhibit 22, # 2 Dkt #120 Part 42 Exhibit 23, # 3 Dkt #120 Part 43 Exhibit 24, # 4 Dkt #120 Part 44 Exhibit 25, # 5 Dkt #120 Part 45 Exhibit 26, # 6 Dkt #120 Part 46 Exhibit 27, # 7 Dkt #120 Part 47 Exhibit 28, # 8 Dkt #120 Part 48 Exhibit 29, # 9 Dkt #120 Part 49 Exhibit 30, # 10 Dkt #120 Part 50 Exhibit 31, # 11 Dkt #120 Part 51 Exhibit 32, # 12 Dkt #120 Part 52 Exhibit 33, # 13 Dkt #120 Part 53 Exhibit 34, # 14 Dkt #120 Part 54 Exhibit 35, # 15 Dkt #120 Part 55 Exhibit 36, # 16 Dkt #120 Part 56 Exhibit 37, # 17 Dkt #120 Part 57 Exhibit 38, # 18 Dkt #120 Part 58 Exhibit 39, # 19 Dkt #120 Part 59 Exhibit 40, # 20 Dkt #120 Part 60 Exhibit 41)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 13 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 61-80. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt |

| | | |
|---|---|---|
| | | #120 Part 61 Exhibit 42, # 2 Dkt #120 Part 62 Exhibit 43, # 3 Dkt #120 Part 63 Exhibit 44, # 4 Dkt #120 Part 64 Exhibit 45, # 5 Dkt #120 Part 65 Exhibit 46, # 6 Dkt #120 Part 66 Exhibit 47, # 7 Dkt #120 Part 67 Exhibit 48, # 8 Dkt #120 Part 68 Exhibit 49, # 9 Dkt #120 Part 69 Exhibit 50, # 10 Dkt #120 Part 70 Exhibit 51, # 11 Dkt #120 Part 71 Exhibit 52, # 12 Dkt #120 Part 72 Exhibit 53, # 13 Dkt #120 Part 73 Exhibit 54, # 14 Dkt #120 Part 74 Exhibit 55, # 15 Dkt #120 Part 75 Exhibit 56, # 16 Dkt #120 Part 76 Exhibit 57, # 17 Dkt #120 Part 77 Exhibit 58, # 18 Dkt #120 Part 78 Exhibit 59, # 19 Dkt #120 Part 79 Exhibit 60, # 20 Dkt #120 Part 78 Exhibit 61)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 14 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 81-100. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #120 Part 81 Exhibit 62, # 2 Dkt #120 Part 82 Exhibit 63, # 3 Dkt #120 Part 83 Exhibit 64, # 4 Dkt #120 Part 84 Exhibit 65, # 5 Dkt #120 Part 85 Exhibit 66, # 6 Dkt #120 Part 86 Exhibit 67, # 7 Dkt #120 Part 87 Exhibit 68, # 8 Dkt #120 Part 88 Exhibit 69, # 9 Dkt #120 Part 89 Exhibit 70, # 10 Dkt #120 Part 90 Exhibit 71, # 11 Dkt #120 Part 91 Exhibit 72, # 12 Dkt #120 Part 92 Exhibit 73, # 13 Dkt #120 Part 93 Exhibit 74, # 14 Dkt #120 Part 94 Exhibit 75, # 15 Dkt #120 Part 95 Exhibit 76, # 16 Dkt #120 Part 96 Exhibit 77, # 17 Dkt #120 Part 97 Exhibit 78, # 18 Dkt #120 Part 98 Exhibit 79, # 19 Dkt #120 Part 99 Exhibit 80, # 20 Dkt #120 Part 100 Exhibit 81)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 15 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #120 - Part 101-118. Proposed Exhibits ranging from 1 to 117 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 (Attachments: # 1 Dkt #120 Part 101 Exhibit 82, # 2 Dkt #120 Part 102 Exhibit 83, # 3 Dkt #120 Part 103 Exhibit 84, # 4 Dkt #120 Part 104 Exhibit 85, # 5 Dkt #120 Part 105 Exhibit 86, # 6 Dkt #120 Part 106 Exhibit 87, # 7 Dkt #120 Part 107 Exhibit 88, # 8 Dkt #120 Part 108 Exhibit 89, # 9 Dkt #120 Part 109 Exhibit 90, # 10 Dkt #120 Part 110 Exhibit 91, # 11 Dkt #120 Part 111 Exhibit 92, # 12 Dkt #120 Part 112 Exhibit 93, # 13 Dkt #120 Part 113 Exhibit 94, # 14 Dkt #120 Part 114 Exhibit 95, # 15 Dkt #120 Part 115 Exhibit 96, # 16 Dkt #120 Part 116 Exhibit 97, # 17 Dkt #120 Part 117 Exhibit 98, # 18 Dkt #120 Part 118 Exhibit 99)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 16 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including: Docket #121 - Part 1-15. Proposed Exhibits ranging from 1 to 19 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #121 Part 1 Exhibit Index, # 2 Dkt #121 Part 2 Exhibit 1-1, # 3 Dkt #121 Part 2 Exhibit 1-2, # 4 Dkt #121 Part 3 Exhibit 2, # 5 Dkt #121 Part 4 Exhibit 3, # 6 Dkt #121 Part 5 Exhibit 4-1, # 7 Dkt #121 Part 5 Exhibit 4-2, # 8 Dkt #121 Part 6 Exhibit 5, # 9 Dkt #121 Part 7 Exhibit 6, # 10 Dkt #121 Part 8 Exhibit 7, # 11 Dkt #121 Part 9 Exhibit 8, # 12 Dkt #121 Part 10 Exhibit 9, # 13 Dkt #121 Part 11 Exhibit 10, # 14 Dkt #121 Part 12 Exhibit 11, # 15 Dkt #121 Part 13 Exhibit 12, # 16 Dkt #121 Part 14 Exhibit 13, # 17 Dkt #121 Part 15 Exhibit 14)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 17 | Docket #121 - Part 16-20. Proposed Exhibits ranging from 1 to 19 from Adversary Proceeding No. 6:15ap00064KSJ, designated in the Appellant Designation of Contents (Dkt #123) for Inclusion in the Record of Appeal. Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian. (Attachments: # 1 Dkt #121 Part 16 Exhibit 15-1, # 2 Dkt #121 Part 16 Exhibit 15-2, # 3 Dkt #121 Part 17 Exhibit 16, # 4 Dkt #121 Part 18 |

| | | |
|---|---|---|
| | | Exhibit 17, # 5 Dkt #121 Part 19 Exhibit 18, # 6 Dkt #121 Part 20 Exhibit 19)(VC) (Entered: 05/10/2017) |
| 05/10/2017 | 18 | BANKRUPTCY RECORD on appeal consisting of items as designated on Supplemental Transmittal including documents from Adversary Proceeding. 6:15-ap-00064-KSJ, designated in the Appelleet Designation of Contents (Dkt #130). Related document: 2 Bankruptcy notice of appeal filed by Keith A. Yerian.(Attachments: # 1 Dkt #18 Consent Motion for Substitution of Counsel, # 2 Dkt #20 Order Granting Motion for Substitution of Counsel adding Frank M Wolff for Sun Y Pak and Keith A Yerian, terminating Brett A Elam, # 3 Dkt #39 Mediator's Report and Notice of Inability to Reach an Agreement in Mediation, # 4 Dkt #87 Motion to Extend Time for Debtor/Defendant to File Expert Witness Designation and Report, # 5 Dkt #92 Order Granting Motion to Extend Time to File Expert Witness Designation and Report, # 6 Dkt #109 Notice of Filing Intent to Introduce Translated Documents into Evidence, # 7 Dkt #110 Motion in Limine for an Order on use of Translations at Trial, # 8 Dkt #122 Motion For Sanctions Against Plaintiff's Counsel Pursuant to Rule 11 F.R.C.P and Bankruptcy Rule 9011, # 9 Dkt #128 Hearing Proceeding Memo: Hearing Held on 11/30/16, # 10 Dkt #140 Order Denying Motion For Sanctions, # 11 Dkt#141 Final Judgment in Favor of Plaintiff; Debtor's Discharge is Denied Amount Awarded: 128000.00)(VC) (Entered: 05/10/2017) |
| 06/09/2017 | 19 | APPELLANT'S BRIEF by Keith A. Yerian. (Attachments: # 1 Part 1, # 2 Part 2, # 3 Part 3, # 4 Part 4, # 5 Part 5, # 6 Part 6, # 7 Part 7, # 8 Part 8, # 9 Part 9, # 10 Part 10, # 11 Part 11, # 12 Part 12, # 13 Part 13, # 14 Part 14, # 15 Part 15, # 16 Part 16, # 17 Part 17, # 18 Part 18, # 19 Part 19, # 20 Part 20, # 21 Part 21, # 22 Part 22, # 23 Part 23, # 24 Part 24, # 25 Part 25, # 26 Part 26, # 27 Part 27, # 28 Part 28, # 29 Part 29, # 30 Part 30, # 31 Part 31, # 32 Part 32, # 33 Part 33, # 34 Part 34, # 35 Part 35)(Nardella, Michael) (Entered: 06/09/2017) |
| 06/23/2017 | 20 | Agreed MOTION for Extension of Time to File Answer brief by Richard B. Webber, II. (Robinson, Kevin) Modified on 6/26/2017 (LMM). (Entered: 06/23/2017) |
| 06/26/2017 | 21 | **ENDORSED ORDER granting 20 Motion for Extension of Time to File. Appellee's new deadline to submit his response brief is Thursday, July 20, 2017. Signed by Judge Roy B. Dalton, Jr. on 6/26/2017. (SN)** (Entered: 06/26/2017) |
| 06/27/2017 | | Set/reset deadlines/hearings: Appellee Brief due by 7/20/2017 (LMM) (Entered: 06/27/2017) |
| 07/20/2017 | 22 | APPELLEE'S REPLY BRIEF by Richard B. Webber, II. (Attachments: # 1 Appendix Appendix to Appellee's Answer Brief Part 1 of 2, # 2 Appendix Appendix to Appellee's Answer Brief Part 2 of 2)(Robinson, Kevin) (Entered: 07/20/2017) |
| 08/03/2017 | 23 | APPELLANT'S REPLY BRIEF by Keith A. Yerian. (Nardella, Michael) (Entered: 08/03/2017) |
| 08/29/2017 | 24 | **ORDER that, on or before Tuesday, September 12, 2017, the parties are DIRECTED to refile their briefs with citations only to the transmitted Bankruptcy Record. Signed by Judge Roy B. Dalton, Jr. on 8/29/2017. (VMF)** (Entered: 08/29/2017) |
| 09/08/2017 | 25 | APPELLEE'S AMENDED REPLY BRIEF by Richard B. Webber, II. (Robinson, Kevin) Modified on 9/13/2017 (LMM). (Entered: 09/08/2017) |
| 09/12/2017 | 26 | APPELLANT'S AMENDED BRIEF by Keith A. Yerian. (Nardella, Michael) Modified on 9/13/2017 (LMM). (Entered: 09/12/2017) |
| 09/12/2017 | 27 | APPELLANT'S AMENDED REPLY BRIEF by Keith A. Yerian. (Nardella, Michael) Modified on 9/13/2017 (LMM). (Entered: 09/12/2017) |
| 02/09/2018 | 28 | **ORDER: The U.S. Bankruptcy Court's Order Sustaining Trustee's Objection** |

| | | |
|---|---|---|
| | | toDebtor's Claim of Exemption (Yerian B.R. Doc. 100) is AFFIRMED. This case is DISMISSED. The Clerk is DIRECTED to close the file. Signed by Judge Roy B. Dalton, Jr. on 2/9/2018. (ctp)(JLC) (Entered: 02/09/2018) |
| 03/09/2018 | 29 | NOTICE OF APPEAL as to 28 Order pdf by Keith A. Yerian, Keith A. Yerian. Filing fee not paid. (Nardella, Michael) (Entered: 03/09/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/12/2018 15:33:46 | | | |
| **PACER Login:** | ud1230:3975393:3956495 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:17-cv-00459-RBD |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

KEITH A. YERIAN,

    Debtor.

Bankr. Case No. 6:15-bk-1720-KSJ
Adversary Proceeding No. 6:15-ap-64-KSJ

_____

KEITH A. YERIAN,

    Appellant,

v.                                                   Case No. 6:17-cv-459-Orl-37

RICHARD B. WEBBER, II, as TRUSTEE,

    Appellee.
_____

**ORDER**

This bankruptcy appeal concerns the exempt status of an individual retirement account set up before a debtor filed for bankruptcy. Debtor/Appellant Keith A. Yerian ("**Debtor**") challenges the U.S. Bankruptcy Court's final order sustaining Trustee's objection to Debtor's claim of exemption ("**Order**"). (Docs. 1, 3–5.) Appellee Richard B. Webber ("**Trustee**") opposes. For the following reasons, the Court affirms the Order and dismisses the appeal.

-1-

I.  BACKGROUND

This action commenced when Debtor filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida. (*See* Yerian B.R. Doc. 1, p. 1.)[1] In it, Debtor sought to discharge his debts as an honest debtor. (*Id.*; *see also* Pak B.R. Doc. 152, pp. 17, 26.) The Bankruptcy Court appointed Trustee as administrator, and Debtor then submitted documents listing his claimed exemptions from the estate. (Yerian B.R. Docs. 3, 5, 42.)

On review of Debtor's claimed exemptions, Trustee objected to the inclusion of Debtor's IRA Trust valued at $350,000 ("**IRA**").[2] (*Id.* Doc. 46, ¶¶ 4–6 ("**Objection**").) Debtor claimed the IRA exempt from his bankruptcy estate under Florida Statutes, § 222.21(2). (*Id.* Doc. 42, pp. 5, 8.) Together with the Objection, Trustee filed an adversary proceeding against Debtor and his wife, Sun Y. Pak ("**Pak**"), to ultimately contest whether a discharge should issue.[3] (Pak B.R. Doc. 1.) The Bankruptcy Court consolidated the issues for purposes of trial, which was held on November 30 and December 12, 2016. (*Id.* Docs. 128, 130.) Following trial, the Bankruptcy Court issued an oral ruling that, among other rulings, sustained Trustee's Objection by finding the IRA non-exempt from

---

[1] Citations to Debtor's Bankruptcy Petition, Case No. 6:15-bk-1720-KSJ are labelled "Yerian B.R." Citations to Trustee's Adversary Proceeding against Pak, Case No. 6:15-ap-64-KSJ, are titled "Pak B.R." Citations without either notation refer to this Court's record, Case No. 6:17-cv-459-Orl37. This Order cites the Bankruptcy Court's Oral Ruling as Pak B.R. Doc. 152, also found at Doc. 11-8.

[2] Trustee also objected to Debtor's exemption of a 1998 BMW Roadster, but that property is not part of the instant appeal. (Yerian B.R. Doc. 46, ¶ 4.)

[3] As thoroughly discussed in the Court's Order taking up Pak's appeal, Trustee also sought to void as fraudulent a transfer of funds into an E-Trade Account titled in Pak's name. *See Pak v. Webber*, No. 6:17-cv-460-Orl37, Doc. 29 (Oct. 17, 2017).

bankruptcy. (*See id.* Doc. 152, pp 7–8.) A written order followed (Yerian B.R. Doc. 100), which Debtor now appeals (Doc. 1.)

In sustaining Trustee's Objection, the Bankruptcy Court found that "Trustee has carried his burden of proof on the objection to the exemption and [that] Debtor committed prohibited transactions which caused his self-directed IRA to lose its exempt status pre-petition on January 1, 2014." (Yerian B.R. Doc. 100.) Specifically, these transactions were: (1) the purchase of two vehicles titled in Debtor and Pak's individual names; and (2) the purchase of two parcels of real estate, one in Puerto Rico where Debtor stayed for non-IRA-related purposes. (Pak B.R. Doc. 152, pp. 14–15.)

To support the Objection, Trustee employed an expert, attorney Jay Van Heyde ("**Expert**"), who prepared a report and testified at trial. (*See id.* Docs. 82, 120-1, 130.) Among other documents, the Expert reviewed portions of Debtor's deposition, IRA documents, Debtor's bank statements and tax returns, and property deeds. (*Id.* Doc. 120-1, pp. 2–3.) To analyze whether the IRA was exempt from the claims of creditors, the Expert reviewed its tax-exempt status—because if the IRA was not tax exempt, then its assets could be claimed by creditors. (*Id.* at 4–5.) He determined that the IRA:

> has been the subject of numerous 'prohibited transactions (as defined in Internal Revenue Code § 4975(c)(1) ("**IRC**")) involving [Debtor] and [Pak] (who are both disqualified persons with respect to the [IRA]) as defined in IRC § 4975(e)(2), with the result being that the [IRA] lost its exemption as an 'individual retirement account' pursuant to IRC § 408(e)(2).

(*Id.* at 3.) The Expert based his conclusion on relevant portions of the IRC, namely 26 U.S.C. § 408, which controls the exempt status of individual retirement accounts. (*See id.* at 3–4.) Under § 408(e)(2):

-3-

> If, during any taxable year of the individual for whose benefit any individual retirement account is established, that individual . . . engages in any transaction prohibited by section 4975 with respect to such account, such account ceases to be an individual retirement account as of the first day of such taxable year.

Section 4975, in turn, lists six acts of self-dealing to define "prohibited transactions." *See* § 4975(c). These include "transfer[s] to, or use by or for the benefit of, a disqualified person of the income or assets of a plan," and an "act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account." §§ 4975(c)(1)(D)–(E). A "disqualified person" includes a fiduciary, who controls the assets of the individual retirement account, and his wife. *Id.* §§ 4975(e)(2)(A) and (5); *see also* Pak B.R. Doc. 120-1, p. 4.

All in all, the Expert found that IRA assets funded the purchase of two vehicles for Debtor and Pak in 2014, titled in their individual names. (Pak B.R. Doc. 120-1, p. 4.) After these purchases, thousands of dollars from the IRA were spent on repairs for these two vehicles from 2014 to 2015. (*Id.*) The use of IRA assets in this manner constituted a self-dealing, prohibited transaction under §§ 4975(c)(1)(D)–(E). As there is "no minimum amount of prohibited transactions necessary to disqualify the IRA is as tax exempt," this prohibited transaction alone, the Expert reported, could disqualify the IRA as exempt as of January 1, 2014 under § 408(e)(2). (*Id.* at 4–5.)

But the misuse of IRA assets for vehicle purchases and repairs was not the only prohibited transaction that the Expert uncovered. The Expert also found that Debtor "caused the IRA to purchase a condominium in Puerto Rico in 2012." (*Id.* at 4.) Debtor titled the property in the IRA's name, but admitted in his deposition that "he and his

-4-

associates stay in the condominium" when traveling to Puerto Rico.[4] (*Id.*) "This too is a prohibited act of self-dealing," the Expert reported, under § 4975(c)(1)(D). (*Id.*) Taken together, the Expert found "more than sufficient" evidence that the IRA was not exempt before Debtor filed his bankruptcy petition. (*See id.* at 4–5.)

Upon hearing the Expert's testimony and considering other evidence presented, the Bankruptcy Court concluded that the IRA was not exempt from the reach of Debtor's creditors. (*See* Pak B.R. Doc. 152, pp. 17–21.) This determination rested on an application of Florida Statutes 222.21(2) as the controlling law for exemptions in the context of individual retirement accounts, as opposed to the Bankruptcy Code's exemptions provision for retirement funds, 11 U.S.C. § 522(b)(3)(C).[5] (*See id.* at 19 (distinguishing between the Bankruptcy Code and Florida law).) In relevant part, Florida Statutes 222.21(2)(a)(2) provides that:

> a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is . . . [m]aintained in accordance with a plan or governing instrument that has been determined by the Internal Revenue Service to be exempt from taxation under . . . s. 408 . . . , unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable.

Taking this cue, the Bankruptcy Court asked "whether [Debtor] maintained the

---

[4] Debtor also testified at trial that he stayed in the Puerto Rico property. (*See* Pak B.R. Doc. 152, pp. 166–67.)

[5] Section 522 of the Bankruptcy Code contains its own exemption scheme for determining the contours of the bankruptcy estate. But, as the Bankruptcy Court explained, states may opt out of the federal exemptions and require debtors to use their exemptions; Florida opted out. (*See* Pak B.R. Doc. 152, p. 19 (citing *In re Mathusa*, 406 B.R. 601 (Bankr. M.D. Fla. 2011)).)

IRA in accordance with the various tax codes requirements." (Pak B.R. Doc. 152, p. 19.) The answer was no—which the Bankruptcy Court arrived at by: (1) relying on the Expert's report and testimony; (2) finding Debtor's testimony not credible; and (3) determining that IRC § 408(e) rendered the IRA non-exempt based on Debtor's prohibited transactions and use of IRA assets. (*See id.* at 20–21.) So as of January 1, 2014, the IRA was non-exempt and subject to capture by creditors. (*Id.* at 21.)

Debtor appealed, contesting the Bankruptcy Court's reading and application of Florida Statutes, § 222.21(2). (*See* Doc. 26, pp. 24–30.) By his reading, an individual retirement account formed in accordance with IRC § 408 remains exempt unless and until the IRS or a Tax Court finds the account non-exempt. (*See id.* at 18–21.) Without such a finding by the IRS or a Tax Court, Debtor posits that § 222.21(2)(a) stunts a bankruptcy court from finding an account non-exempt. (*See id.* at 20–21.) Debtor grounds his interpretation in the last phrase of § 222.21(2)(a)(2): "unless it has been subsequently determined that the plan or governing proceeding is not exempt from taxation in a proceeding that has become final and nonappealable." (*Id.* at 18.) Trustee opposes, reading no such restriction in this phrase and instead maintains that a bankruptcy court's order sustaining an objection to a claimed exemption fits the bill. (Doc. 25, pp. 12–18, 23–27.) With briefing complete, the matter is now ripe. (Docs. 25–27.)

## II. LEGAL STANDARD

District courts have jurisdiction over appeals from a bankruptcy court's final judgments, orders, and decrees under 28 U.S.C. § 158(a)(1). In reviewing these decisions, a district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374

(11th Cir. 1994). Conclusions of law are reviewed de novo. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). Factual findings are reviewed for clear error. *Id.*

### III.  DISCUSSION

This appeal boils down to the meaning of Florida Statutes, § 222.21(2)(a)(2). In one corner is Debtor, presenting the plucky interpretation that a bankruptcy court has no authority to find an individual retirement account non-exempt if neither the IRS nor a tax court has so found. His right hook is the timing and arbiter—a finding that an account is non-exempt must precede the bankruptcy petition filing. In the other corner is Trustee, interpreting § 222.21(2) as allowing bankruptcy courts to be the first in finding an account non-exempt. Such a finding, Trustee jabs, constitutes a "subsequent[] determin[ation] that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable." *See* § 222.21(2)(a)(2).

Both swing, both miss. Instead, the Court, not falling for these feints, finds that neither interpretation goes the distance. Rather, as applied here, § 222.21(2)(a)(2) stands for the uncontroversial proposition that an individual retirement account is exempt from claims of creditors if the account is maintained in accordance with IRC § 408, unless it has later been found non-exempt in a separate proceeding. Broken down, there are possibly two analytical steps here. First, ask whether the individual retirement account "is . . . maintained in accordance with" IRC § 408. *See id.* If *yes*, step two asks whether a final proceeding has determined otherwise—that the account is non-exempt. But if the answer to step one is *no*, the analysis ends. If an individual retirement account is not maintained in accordance with IRC § 408, it is not exempt and can be reached by creditors. *See id.*

-7-

TKO.

As a clincher, after acknowledging that no case law supports his reading, Debtor relies on three sentences from a 2005 Florida Senate committee report when § 222.21(2) was amended. (*See* Doc. 26, p. 19.) That language says:

> The bill provides an exemption from creditor's claims for any fund or account that is maintained in accordance with a master plan . . . that has been pre-approved by the IRS as tax-exempt under . . . s. 408 . . . . The exemption from creditors is eliminated if a subsequent, final determination has been made that the plan or governing instrument is not tax-exempt. Thus, the IRS and Tax Courts will make the determination regarding the tax-exempt status of a plan under this bill.

Fla. S. Banking & Ins. Comm., *S. Staff Analysis & Economic Impact Statement*, CS/SB 660, at 6 (2005) When reading this along with § 222.21(2), the Court sees no contradiction between these statements and the statute's plain meaning. Indeed, the legislative history confirms that to be exempt from creditor's claims, an individual retirement account must first be maintained in accordance with IRC § 408. If it has been so maintained, then the only way for creditors to reach the account is if it has been found non-exempt in a final proceeding, which the IRS and Tax Courts may perform.

Here, the IRA is not exempt at step one. As the Bankruptcy Court found—and Debtor does not contest—the IRA was not maintained in accordance with IRC § 408. (Pak B.R. Doc. 152, pp. 20–21; Doc. 26, p. 7, 30.) This was because Debtor used IRA assets to engage in prohibited transactions, specifically to purchase two vehicles titled in his and Pak's individual names and property in Puerto Rico where Debtor stayed for non-IRA purposes. (Pak B.R. Doc. 152, pp. 20–21; *id.* Doc. 120-1, p. 4–5.) Therefore, under IRC § 408(e)(2)(A), the IRA "cease[d] to be an individual retirement account" with exempt

-8-

status on January 1, 2014. With this, Debtor should not have claimed the IRA exempt when he submitted his amended schedules on July 28, 2015. Trustee properly objected, sustained by the Bankruptcy Court. The Court now affirms the Bankruptcy Court's ruling and dismisses the appeal.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The U.S. Bankruptcy Court's Order Sustaining Trustee's Objection to Debtor's Claim of Exemption (Yerian B.R. Doc. 100) is **AFFIRMED**.

2. This case is **DISMISSED**.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 9, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

-9-